1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 83013)
2  ARJUN P. RAO (State Bar No. 265347)
   DAVID W. MOON (State Bar No. 197711)
3  ALI FESHARAKI (State Bar No. 316559)
   2029 Century Park East, 18th Floor
4  Los Angeles, CA 90067-3086
   Telephone:  310-556-5800
5  Facsimile:   310-556-5959
   Email: lacalendar@stroock.com
6
   Attorneys for Defendant
7    DISCOVER BANK

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11

12  ILIANA PEREZ, an individual, and FLAVIO      )   Case No.
    GUZMAN MAGAÑA, an individual, on behalf )
13  of themselves and all others similarly situated, )   **NOTICE OF REMOVAL BY DEFENDANT**
                                                  )   **DISCOVER BANK**
14             Plaintiffs,                        )
                                                  )
15       v.                                       )
                                                  )
16  DISCOVER BANK, a Delaware corporation,        )
                                                  )
17             Defendant.                         )
                                                  )
18                                                )
                                                  )
19  _____  )

20

21

22

23

24

25

26

27

28

LA 52333335v4

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1446 and 1453 and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 1(a), 119 Stat. 4 (Feb. 18, 2005) (codified as amended in scattered sections of 28 U.S.C.), defendant Discover Bank ("Discover") hereby removes the action entitled <u>Iliana Perez, et al. v. Discover Bank</u>, San Mateo County Superior Court Case No. 20-CIV-03045 (the "Action"), to the United States District Court for the Northern District of California, San Francisco Division.  In support of this Notice, Discover states as follows:

1.   <u>Removal is timely.</u>  On July 22, 2020, plaintiffs Iliana Perez and Flavio Guzman Magaña ("Plaintiffs") filed their Class Action Complaint for Injunctive and Declaratory Relief and Damages (the "Complaint") in the Superior Court of California, County of San Mateo.  The Complaint was served on Discover on September 3, 2020 and was the first pleading served setting forth the claims for relief upon which the Action is based.  This Notice of Removal has been timely filed within thirty days after service of the Complaint pursuant to 28 U.S.C. § 1446(b)(1).  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Discover in the Action are attached hereto as **Exhibit A**.

2.   <u>This Court has jurisdiction under CAFA.</u>  This Court has jurisdiction over this Action under 28 U.S.C. § 1332(d), and the Action is properly removable pursuant to 28 U.S.C. § 1453(b), because this Action is (a) a proposed class action within the meaning of CAFA, in which (b) "any member of a class of plaintiffs is a citizen of a State different from any defendant . . . or a citizen or subject of a foreign state," (c) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100" and (d) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs."  28 U.S.C. § 1332(d)(2), (d)(5)(B).

a.   <u>This Action is a "class action."</u>  A "class action," as defined by CAFA, is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. §§ 1332(d)(1)(B), 1453(a).  Plaintiffs purport to assert their

-2-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  claims as a class action pursuant to California Code of Civil Procedure section 382 (Compl. ¶ 28),

2  which authorizes an action to be brought by one or more representative persons as a class action.

3          b.    <u>Diversity of citizenship exists.</u>  Under CAFA, diversity is satisfied when

4  "any member of a class of plaintiffs is a citizen of a State different from any defendant . . . [or] any

5  member of a class of plaintiffs is a . . . citizen or subject of a foreign state and any defendant is a

6  citizen of a State." 28 U.S.C. § 1332(d)(2)(A)-(B).  Discover is a Delaware state-chartered bank

7  with its principal place of business in the State of Delaware.  Accordingly, Discover is a citizen of

8  Delaware. <u>See</u> 12 U.S.C. § 1332(c)(1).   Plaintiffs allege that they are residents of California who

9  received grants of deferred action under the Department of Homeland Security's Deferred Action

10 for Childhood Arrivals policy ("DACA") and are not lawfully admitted for permanent residence in

11 the United States.  (Compl. ¶¶ 5-6, 20-23.)  Plaintiffs purport to assert claims for violation of the

12 Unruh Civil Rights Act, Cal. Civ. Code § 51 (the "UCRA"), on behalf of themselves and other

13 members of a putative class of similarly situated persons who applied or attempted to apply for

14 loans from Discover when they were not United States citizens or legal permanent residents and

15 were denied loans or were required to have their loans co-signed by a United States citizen or legal

16 permanent resident (the "Putative Class").  (<u>Id.</u> ¶¶ 9-28.)  Accordingly, the Putative Class includes

17 Plaintiffs and other members who are either citizens of a state other than Delaware or citizens or

18 subjects of a foreign state, and diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A)-(B).

19 During the 3-year period preceding the filing of this Action, no other class action has been filed

20 asserting the same or similar factual allegations against Discover on behalf of the same or other

21 persons.  <u>See</u> 28 U.S.C. § 1332(d)(4)(A)(ii).

22         c.    <u>Numerosity is satisfied.</u>  Numerosity under CAFA is satisfied if "the number

23 of members of all proposed plaintiff classes in the aggregate is [not] less than 100." 28 U.S.C. §

24 1332(d)(5)(B).  Although Plaintiffs do not specify a class period, the statute of limitations for their

25 claims under the UCRA is two years.  <u>See</u> <u>Nevarez v. Forty Niners Football Co., LLC</u>, 326 F.R.D.

26 562, 574 (N.D. Cal. 2018).  Discover disagrees that this Action is, or may be, suitable for treatment

27 as a class action, and Discover hereby reserves all rights and arguments it may have when opposing

28

NOTICE OF REMOVAL

LA 52333335v4

any future motion for class certification.  For purposes of this Notice of Removal, and based solely on the definition of the Putative Class within the Complaint (which, as noted above, Discover believes is improper) and subject to further investigation and discovery, Discover states that between July 2018 and July 2020, Discover denied an average of approximately 1,709 applications for student loans or for personal loans per month from individuals who were not United States citizens or legal permanent residents.  Although an individual analysis would be necessary to determine whether any particular applicant may have met Discover's underwriting criteria or whether any particular applicant may have subsequently been approved for a loan, the Putative Class consists of more than 100 members.

        d.      The amount in controversy is satisfied.[1]  The amount in controversy under CAFA is satisfied "if the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated . . .."  28 U.S.C. § 1332(d)(6).  The amount in controversy in this Action is satisfied as follows:

        i.      Plaintiffs seek monetary damages, including both compensatory damages and an award of "statutory . . . damages to Plaintiffs and the [c]lass members . . . ." (Compl. 9.)[2]  Statutory damages for a violation of the UCRA may be awarded in "any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)."  Cal. Civ. Code § 52(a).  Given the size of the Putative Class, as discussed above, and by seeking an award of

---

[1] As instructed by the United States Supreme Court, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89  (2014).

[2] Although Plaintiffs request compensatory damages in their prayer for relief (see Compl. 9), the Complaint does not identify even the general nature of any such damages, and thus no amount of compensatory damages is presently in controversy.  Discover reserves its right to seek removal in the event Plaintiffs identify the nature and amount of compensatory damages sought by Plaintiffs and the members of the Putative Class.

-4-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 52333335v4

statutory damages per class member rather than per action, Plaintiffs seek in excess of $5,000,000 in statutory damages alone.[3]

　　　　　　ii.　　In addition to monetary relief, Plaintiffs seek injunctive relief.  Such relief may properly be considered in determining the amount in controversy.  See Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).)  The value of injunctive relief may be measured by either the benefit to the plaintiff class or the cost to the defendant.  See In re Ford Motor Co./Citibank (S. Dakota), N.A., 264 F.3d 952, 958 (9th Cir. 2001) ("[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce."); Pagel v. Dairy Farmers of Am., Inc., 986 F. Supp. 2d 1151, 1161 (C.D. Cal. 2013) ("CAFA's rejection of the anti-aggregation rule makes the 'either viewpoint' rule a valid method for assessing the value of the matter in controversy [in class actions] to determine whether jurisdiction lies."); Steenhuyse v. UBS Fin. Servs., Inc., 317 F. Supp. 3d 1062, 1069 n.2 (N.D. Cal. 2018) (recognizing that anti-aggregation rule does not apply to CAFA class actions); Stafford v. Brinks, Inc., No. CV141352MWFPLAX, 2014 WL 10320456, at *5 (C.D. Cal. May 28, 2014) ("A plaintiff may properly seek prospective injunctive relief, the benefit of which will inure in the plaintiff, similarly situated third parties, and the public at large.  The cost of compliance with a proposed injunction for the defendant may thus greatly exceed the value of the injunction to the plaintiff.  It is the cost to the defendant that is "in controversy" under these circumstances even though the benefit extends beyond the plaintiff.").

---

[3] Discover disputes that statutory damages are available per class member, since Civil Code section 52 expressly provides for statutory damages per "case."  Id.  Discover reserves its right to challenge Plaintiffs' entitlement to statutory damages on a per-class-member basis in later proceedings.  See Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1198 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy.").

-5-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

iii.      Plaintiffs seek an injunction that would, among other things, require Discover to "alter its lending policies and practices" by extending loans to individuals who are neither United States citizens nor legal permanent residents but who otherwise meet Discover's underwriting criteria.  (Compl. ¶ 43.)  Based on the number of loan applications typically received by Discover from non-citizens and non-permanent residents, requiring Discover to alter its lending policies and practices in this manner would result in additional loans to non-citizens and non-permanent residents totaling approximately $2,000,000 to $2,500,000 each month.  Accordingly, the value of the injunctive relief sought by Plaintiffs, calculated either as the benefit to Plaintiffs and the Putative Class or the cost to Discover if Discover were required to alter its policies and practices and extend loans to non-citizens and non-legal permanent residents, exceeds $5,000,000.

iv.      Plaintiffs also seek recovery of attorneys' fees under Civil Code section 52 and Code of Civil Procedure section 1021.5.  (Compl. 9.)  "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."  <u>Fritsch v. Swift Transportation Co. of Arizona, LLC</u>, 899 F.3d 785, 794 (9th Cir. 2018).  Given the amount of statutory damages sought by Plaintiffs on behalf of themselves and the Putative Class and the value of the injunctive relief sought, the amount of attorneys' fees in controversy in this Action alone exceeds $5,000,000.  <u>See id.</u> (explaining that in determining the amount of attorneys' fees in controversy, a court may consider, among other things, that attorneys' fees in class actions are commonly 25 percent of all recoveries).

3.      <u>Removal to the Northern District of California, San Francisco Division is proper.</u>  Removal to this Court is proper because it is the district court for the district and division within which the state action is pending.  <u>See</u> 28 U.S.C. §§ 1441(a), 1446(a).

4.      <u>Notice will be effected.</u>  A removal notice together with a copy of this Notice of Removal will be filed with the Clerk of the San Mateo County Superior Court and served on all counsel of record.

5.      <u>Consent is not necessary because no other defendants have been served.</u>  Discover is the only named defendant in the Action and is not aware of any other defendants that have been

-6-

LA 52333335v4

1    named in, or served with, the Complaint.  Accordingly, consent to removal is not necessary and

2    removal is proper pursuant to 28 U.S.C. § 1446(a) & (b).

3

4

5    Dated:  October 2, 2020                              Respectfully submitted,

6                                                         STROOCK & STROOCK & LAVAN LLP
     JULIA B. STRICKLAND
7    ARJUN P. RAO
     DAVID W. MOON

8                                                         By:  _____*/s/ Arjun P. Rao*_____

9                                                                        Arjun P. Rao

10                                                        Attorneys for Defendant
                                                              DISCOVER BANK
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

NOTICE OF REMOVAL

LA 52333335v4

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2020, a copy of **NOTICE OF REMOVAL BY DEFENDANT DISCOVER BANK** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.


                                        _/s/ Arjun P. Rao_____
                                          Arjun P. Rao


**Via U.S. Mail**

Thomas A. Saenz, Esq.
Belinda Escobosa Helzer, Esq.
Deylin O. Thrift-Viveros, Esq.
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014

LA 52333335v4