# EXHIBIT A

Thomas A. Saenz (SBN 159430)
Belinda Escobosa Helzer (SBN 214178)
Deylin O. Thrift-Viveros (SBN 306873)
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email:  tsaenz@maldef.org;
bescobosa@malef.org; dthrift-
viveros@maldef.org

*Attorneys for Plaintiffs*

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON       7/22/2020
By_____/s/ Una Finau_____
            Deputy Clerk

IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO

ILIANA PEREZ, an individual, and
FLAVIO GUZMAN MAGAÑA, an
individual, on behalf of themselves and all
others similarly situated,

                              Plaintiff,

        vs.

DISCOVER BANK, a Delaware
corporation,

                  Defendant.

Case No. 20-CIV-03045

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**

**DEMAND FOR JURY TRIAL**

Judge:
Dept:

Plaintiffs Iliana Perez and Flavio Guzman Magaña (together, "Plaintiffs") brings this action against Defendant Discover Bank ("Defendant"), on behalf of themselves and all others similarly situated, and alleges upon information and belief, as follows:

**INTRODUCTION**

1.     Defendant Discover Bank follows a policy of denying full access to student loans and loans consolidating and refinancing pre-existing student loans to applicants who are not United States citizens or Legal Permanent Residents ("LPRs" or "green card holders").

2.     Plaintiffs and members of the Class they seek to represent were and are unable to access Defendant's financial services without unequal conditions imposed upon them because of their immigration status.

**JURISDICTION AND VENUE**

3.     This Court has subject matter jurisdiction as the total amount of damages sought exceeds $25,000 and the relief requested is within the jurisdiction of this Court.

4.     Venue is proper in the County of San Mateo under Code of Civil Procedure section 395.5.  Defendant's liability arose when Plaintiff Perez applied for a loan while located in San Mateo County, and when Plaintiff Guzman Magaña applied for a loan while located in Los Angeles County.

**PARTIES**

**Plaintiffs**

5.     Plaintiff Iliana Perez is a resident of San Francisco County.  Plaintiff resided in San Mateo County on the date she applied for a loan from Defendant and was unlawfully denied.

6.     Plaintiff Flavio Guzman Magaña is a resident of Los Angeles County.  Plaintiff Guzman Magaña has resided in Los Angeles County continuously since he applied for and received loan funds with unequal and unlawful conditions imposed by Defendant.

- 1 -

CLASS ACTION COMPLAINT

7.     Plaintiffs and the Class they seek to represent were subjected to the violations described in this Complaint.

**Defendant**

8.     Defendant Discover Bank is a Delaware corporation registered with the California Secretary of State as a foreign corporation qualified to conduct business in the State of California.  Defendant maintains a business address at 12 Read's Way, New Castle, Delaware, 19720, and a mailing address at 2500 Lake Cook Road, Riverwoods, Illinois, 60015.

## FACTUAL BACKGROUND

9.     This action is brought on behalf of Plaintiffs and members of the proposed Plaintiff Class.  This action seeks damages and injunctive relief.

**Plaintiff Iliana Perez**

10.     On or around December 2009, Plaintiff Perez applied for a $15,000 private student loan with Citibank through its subsidiary, The Student Loan Corporation, to pay for graduate school at the New School in New York.  Citibank asked Plaintiff Perez to provide a co-signer for the loan.  Plaintiff Perez's uncle, a U.S. citizen, co-signed for her loan.  Plaintiff Perez received the funds in early 2010 and used the funds for education expenses.

11.     In or around December 2010, Citibank sold The Student Loan Corporation, the holder of Plaintiff Perez's student loan, to Defendant.

12.     In or around October 2012, Plaintiff Perez applied for Deferred Action for Childhood Arrivals (commonly known as "DACA").  As part of the DACA initiative, Plaintiff Perez requested and received authorization to work in the United States and a Social Security Number ("SSN").  When Plaintiff Perez received her work authorization documents and SSN, she informed Defendant of this information.

- 2 -
CLASS ACTION COMPLAINT

13.     Over the lifetime of Plaintiff Perez's loan, the interest rate has varied on a monthly basis, reaching over ten percent several times.

14.     Plaintiff Perez has been diligent in making loan payments on time and paying more than the minimum payment required by Defendant.

15.     On or around July 2018, Plaintiff Perez accessed a loan application through Defendant's website, www.discover.com, to apply for what Defendant calls a "Private Consolidation Loan." Plaintiff desired to refinance her loan to pay a lower interest rate. Plaintiff Perez applied for a $19,900 loan.

16.     On Defendant's website, there is a section specifically for "Student Loans." This section includes webpages for each type of student loan serviced by Defendant, including Undergraduate, Law, Bar Exam, Residency, and Graduate. Each webpage contains a "Common Questions" section. On the "Student Loan Consolidation" webpage, one of the "Common Questions" is: "Am I eligible for a private consolidation loan?" The answer: "To qualify, you must: Be a US citizen or permanent resident with a US-based address." Additionally, Question 10 of the on-line application requests the "Citizenship" of the Borrower. The three options are "U.S. Citizen," "Permanent Resident," and "International Student." Question 11 requests "Country of Citizenship." Plaintiff Perez did not answer Question 11 on her application.

17.     Plaintiff Perez submitted a signed online application with Defendant and included proof of income, a copy of her social security card, and a copy of her DACA card.

18.     On or around August 3, 2018, Plaintiff Perez received a letter from Defendant confirming receipt of Plaintiff's online application. The letter included a copy of Plaintiff Perez's application and examples of the interest rates available for fixed and variable loans offered by Defendant. Defendant's loan criteria, included with this letter, required that the borrower and any cosigner be either a U.S. citizen or LPR.

- 3 -

19.     Plaintiff Perez received another letter from Defendant, dated October 9, 2018. The letter requested that Plaintiff call Defendant immediately at 1-800-STUDENT and provide further information to continue processing the loan application.  Defendant specifically requested income verification, proof of identity, and a "copy of your passport and valid US Citizenship and Immigration Services (USCIS) documentation."

20.     After receipt of this letter, Plaintiff Perez called the number provided by Defendant. Defendant's representative confirmed that Plaintiff Perez's uncle was a current cosigner on her loan.  The representative also asked Plaintiff Perez for her citizenship status. Plaintiff Perez replied that she was undocumented and had received a SSN through the DACA program.  In response, the representative told Plaintiff Perez that the representative would need to speak with her supervisor.  When the representative returned to the call with Plaintiff Perez, she told Plaintiff Perez that Defendant would be unable to refinance the loan.  The representative also told Plaintiff Perez that Plaintiff Perez should not have been granted the loan in the first place because she was not a U.S. citizen or LPR.  The Defendant's representative did not ask Plaintiff Perez about a co-signer for the Private Consolidation Loan or whether she would be seeking to add a co-signer for the loan going forward in the refinancing process.

///

///

///

///

///

///

///

///

- 4 -

CLASS ACTION COMPLAINT

**Plaintiff Flavio Guzman Magaña**

21.     Plaintiff Guzman Magaña is a recipient of DACA and has been since 2013.  Since that time, he has continuously possessed a work authorization card and a SSN.

22.     On or around August 18, 2016, Plaintiff Guzman Magaña submitted an online application with Defendant, accessed through Defendant's website, for a Graduate Student Loan to attend the University of Southern California Sol Price School of Public Policy.  He applied for a $35,500 loan.

23.     Defendant's online application required Plaintiff Guzman Magaña to identify as either a "U.S. citizen," a "Permanent Resident," or as an "International Student."  Since he is not a U.S. citizen or permanent resident, Plaintiff Guzman Magaña marked the box for International Student.  Since he applied as an International Student, the application informed Plaintiff Guzman Magaña that he would need to apply with a co-signer who was either a U.S. citizen or LPR.  Additionally, the application indicated that Plaintiff Guzman Magaña may need to submit his own passport, an I-797 form from USCIS, his Employment Authorization card, and his DACA card.

24.     Plaintiff Guzman Magaña listed his wife, a U.S. citizen, as co-signer to the loan.  He uploaded the requested documents on August 18 and August 22, 2016.  His loan application was approved, and Defendant disbursed Plaintiff Guzman Magaña's funds shortly thereafter.

25.     Defendant's website indicates that only student loan applicants classified as "international students" are required to apply with a U.S. citizen or permanent-resident co-signer.

26.     To this date, Plaintiff Guzman Magaña has been making timely payments on his graduate student loan and continues to be required by Defendant to have a U.S. citizen or permanent-resident co-signer for his loan.

- 5 -

## CLASS ACTION ALLEGATIONS

27.   Plaintiffs incorporate all preceding paragraphs as though fully set forth here.

28.   Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action under California Code of Civil Procedure section 382.  Plaintiffs seek to represent the following Class, composed of and defined as follows:

> All persons who applied for or attempted to apply for a financial product from Discover Bank but were denied full and equal consideration by Discover Bank on the basis of their immigration status.

29.   Plaintiffs may amend the above class definition as permitted or required by this Court.  This action has been brought and may properly be maintained as a class action under the provisions of California Code of Civil Procedure section 382 because all the prerequisites for class treatment are met.

### Ascertainability and Numerosity

30.   The potential members of the above class as defined are so numerous that joinder is impracticable.

31.   On information and belief, Defendant's records will provide information as to the number and location of Class members that will allow the class to be ascertained.

### Commonality

32.   There are questions of law and fact common to the Class predominating over any questions affecting only Plaintiffs or any other individual Class Members.  These common questions of law and fact include, without limitation:

   a.   Whether Defendant violated the California Unruh Civil Rights Act by denying full and equal access to its services on the basis of an applicant's immigration status;

- 6 -

CLASS ACTION COMPLAINT

b.  Whether Plaintiffs and the Class Members are entitled to declaratory, injunctive and other equitable relief;

c.  Whether Plaintiffs and the Class Members are entitled to damages and any other relief.

**Typicality**

33.  The claims of the named Plaintiffs are typical of the claims of the Class. Plaintiffs and all Class members sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of California laws, regulations, and statutes as alleged here.

**Adequacy of Representation**

34.  Plaintiffs will fairly and adequately represent and protect the interests of the Class members.

35.  Plaintiffs' counsel is competent and experienced in litigating class actions.

**Superiority of Class Action**

36.  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class members.  Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices of discriminating on the basis of immigration status and denying full and equal access to Defendant's services.

37.  No other litigation concerning this controversy has been commenced by or against Class members.

38.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

- 7 -

It is unlikely that individual Class members have any interest in individually controlling separate actions in this case.

39.    Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.  The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action.  Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

**CLAIM FOR RELIEF**
**Violation of Unruh Civil Rights Act**
**(California Civil Code §§ 51, *et seq.*)**

40.    Plaintiffs incorporate all preceding paragraphs as though fully set forth here.

41.    Defendant conducts business within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, California Civil Code section 51, *et seq.*

42.    Defendant violated the Unruh Act by denying Plaintiffs and Class members equal services on the basis of their immigration status.

43.    Plaintiffs further request that the Court issue a permanent injunction ordering Defendant to alter its lending policies and practices to prevent future discrimination on the basis of an applicant's immigration status.

**RELIEF**

WHEREFORE, PLAINTIFFS request the following relief:

  i.    That this Court certify the proposed class;

  ii.   That this Court certify Plaintiffs as class representatives on behalf of the class;

- 8 -
CLASS ACTION COMPLAINT

iii. That this Court issue a declaratory judgment that Defendant's policies have been discriminatory and violate the Unruh Civil Rights Act;

iv. That this court award statutory and compensatory damages to Plaintiffs and the Class members in an amount to be determined at trial;

v. That this court award to Plaintiffs and the Class members reasonable attorneys' fees, costs, and interest thereon under Code of Civil Procedure section 1021.5, Civil Code section 52, and any other applicable law; and

vi. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial of these claims by jury to the extent authorized by law.

Dated: July 22, 2020

Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND

Deylin Thrift-Viveros
Thomas A. Saenz
Belinda Escobosa Helzer
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND

*Attorneys for Plaintiffs Iliana Perez and Flavio Guzman Magaña*

- 9 -

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Deylin Thrift-Viveros #306873 <br> Mexican American Legal Defense and Educational Fund <br> 634 S. Spring Street, 11th Floor, Los Angeles, CA 90014 <br><br> TELEPHONE NO.: (213) 629-2512   FAX NO. *(Optional):* <br> ATTORNEY FOR *(Name):* Plaintiffs Iliana Perez and Flavio Guzman Magaña | **Electronically** <br> **FILED** <br> by Superior Court of California, County of San Mateo <br> ON    **7/22/2020** <br> By_____**/s/ Una Finau**_____ <br> **Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo |
|---|
| STREET ADDRESS: 400 County Center |
| MAILING ADDRESS: 400 County Center |
| CITY AND ZIP CODE: Redwood City, CA 94063 |
| BRANCH NAME: Southern Branch & Hall of Justice |

| CASE NAME: <br> Perez, et al. v. Discover Bank |
|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: <br> 20-CIV-03045 |
|---|---|---|
| ☒ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | ☐ Limited <br> (Amount <br> demanded is <br> $25,000) | ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☒ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☒ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. ☐ Substantial amount of documentary evidence
  d. ☐ Large number of witnesses
  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* One
5. This case ☒ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: *July 22, 2020*
Deylin Thrift-Viveros #306873
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**For your protection and privacy, please press the Clear
This Form button after you have printed the form.**     | **Print this form** |  | **Save this form** |     | **Clear this form** |

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DISCOVER BANK, a Delaware corporation,

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON   **7/22/2020**
By _____ **/s/ Una Finau**
**Deputy Clerk**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ILIANA PEREZ, an individual, and FLAVIO GUZMAN MAGAÑA, an individual, on behalf of themselves and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Mateo, Southern Branch & Hall of Justice<br>400 County Center, Redwood City, CA 94063 | CASE NUMBER: *(Número del Caso):*<br>**20-CIV-03045** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Deylin Thrift-Viveros, MALDEF, 634 S. Spring St, 11th Fl, Los Angeles, CA 90014, (213) 629-2512

| DATE:   July 22, 2020<br>*(Fecha)* | Neal I. Taniguchi | Clerk, by<br>*(Secretario)* | /s/ Unaloto Finau | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Discover Bank

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
www.sanmateocourt.org

FOR COURT USE ONLY

**FILED**
**SAN MATEO COUNTY**
JUL 22 2020
Clerk of the Superior Court
By _____
DEPUTY CLERK

PLAINTIFF: **ILIANA PEREZ; FLAVIO GUZMAN MAGANA**

DEFENDANT: **DISCOVER BANK, A DELAWARE CORPORATION**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES, DESIGNATION AS COMPLEX CASE, SETTING OF CASE MANAGEMENT CONFERENCE AND COMPLEX FEES DUE**

CASE NUMBER:
**20-CIV-03045**

This case has been filed by Plaintiff(s) as a putative class action.  By Standing Order 18-148 of the Presiding Judge, pursuant to California Rules of Court 3.400 and 3.403, this action is automatically deemed a "complex case" and assigned for all purposes to the Court's Complex Civil Litigation Judge, **the Honorable Marie S. Weiner, Department 2,** located at 400 County Center, Courtroom 2E, Redwood City, California 94063, (650) 261-5102.

The parties or their attorneys of record must appear for a Case Management Conference in Department 2 on **10/26/2020 at 9:00 a.m.**

**Pursuant to Government Code Section 70616(a), the complex case fee and the first appearance fee must be paid at the time of filing of the first paper in this complex case (Govt.C. 70616(b) and (d)).**

Plaintiff(s) pay a single complex case fee of $1,000 on behalf of all plaintiffs, whether filing separately or jointly.

Defendant(s) pay a complex case fee of $1,000 each on behalf of each defendant, intervenor, respondent, or adverse party, whether filing separately or jointly, at the time that party files its first paper in this case, not to exceed $18,000 total.

PLAINTIFF(S) IS/ARE REQUIRED TO SERVE A COPY OF THIS NOTICE ON ALL OTHER PARTIES TO THIS ACTION OR PROCEEDING, and promptly file proof of service.

Date: 7/22/2020                                    Neal I Taniguchi, Court Executive Officer/Clerk

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by personally delivering a copy of this Notice to the Plaintiff or designee at 400 County Center, Redwood City, California.

Date: 7/22/2020                       By: _____
                                              Unaloto Finau, Courtroom Clerk

**Mailing List:**


DEYLIN O THRIFT-VIVEROS
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
634 SOUTH SPRING STREET 11TH FLOOR
LOS ANGELES CA 90014

| Attorney or Party without Attorney (Name/Address) | FOR COURT USE ONLY |
|---|---|
| Deylin Thrift-Viveros | |

Mexican American Legal Defense and Educational Fund
634 S. Spring St, 11th Floor, Los Angeles, CA 90014
Telephone: (213) 629-2512
State Bar No.: 306873
Attorney for: Plaintiffs Perez and Guzman Magaña

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN MATEO
400 COUNTY CENTER
REDWOOD CITY, CA 94063

Plaintiff  Iliana Perez and Flavio Guzman Magaña

Defendant  Discover Bank

**Certificate Re Complex Case Designation**

**Electronically FILED**
by Superior Court of California, County of San Mateo
ON 7/22/2020
By /s/ Una Finau
Deputy Clerk

Case Number
20-CIV-03045

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1. In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

   ❑ Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

   ❑ Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

   ☒ Box 5 – Is [or is not] a class action suit.

2. This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision]:

Plaintiffs will pursue certification of a state-wide class
_____

_____

_____

_____

_____

_____

*(attach additional pages if necessary)*

3.      Based on the above-stated supporting information, there is a reasonable basis for the complex case designation or counter-designation [or noncomplex case counter-designation] being made in the attached Civil Case Cover Sheet.


*****


I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct and that I make this certification subject to the applicable provisions of California Code of Civil Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San Mateo County Superior Court Local Rules, Local Rule 2.30.


Dated:   July 22, 2020
        _____


Deylin Thrift-Viveros #306873                    _____
_____
[Type or Print Name]                             [Signature of Party or Attorney For Party]

**FILED**
SAN MATEO COUNTY

JUL 2 9 2020

Clerk of the Superior Court

By _____
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

COMPLEX CIVIL LITIGATION

ILIANA PEREZ, and individual, and
FLAVIO GUZMAN MAGANA, an
individual, on behalf of themselves and
all others similarly situated,

      Plaintiffs,

vs.

DISCOVER BANK, a Delaware
corporation,

      Defendant.

_____/

Case No. 20CIV03045
CLASS ACTION

Assigned for All Purposes to
Hon. Marie S. Weiner, Dept. 2

**CASE MANAGEMENT ORDER #1**

Pursuant to the Notice of Assignment for All Purposes, Designation as Complex

Case, Setting of Case Management Conference, and Complex Fees due filed July 22,

2020, designating this putative class action case as a complex action, and single assigning

to the Honorable Marie S. Weiner in Department 2 of this Court,

    IT IS HEREBY ORDERED as follows:

    1.    **Electronic Service.** Pursuant to Code of Civil Procedure Section

1010.6(c), and California Rules of Court, Rule 2.253(c) and Rule 2.251(c), all parties and

1

their counsel shall serve all documents electronically, and accept service of documents electronically from all other parties, in conformity with Code of Civil Procedure Section 1010.6 and the California Rules of Court, except when personal service is required by statute.  Counsel for the parties shall meet and confer, agree upon, and keep updated, an e-service list for this complex civil action.  The parties are reminded that electronic service of documents may extend time periods for response by two (2) court days, pursuant to Code of Civil Procedure Section 1010.6(a)(4)(B).

2.      **Mandatory E-Filing.**  Pursuant to Code of Civil Procedure Section 1010.6(c), all parties shall file all documents electronically in this complex civil action, except those documents identified in Local Rule 2.1.8.  Presently, the following documents must still be filed/lodged in hardcopy paper:

Ex Parte Motions and Oppositions thereto

Stipulation and Proposed Order

Proposed Judgments

Abstract of Judgment

Appeal Documents, including Notice of Appeal

Administrative Records

The document (other than exhibits) must be text searchable.  Please visit www.sanmateocourt.org for further information on e-filing.  Please note that exhibits to any electronically filed briefs, declarations or other documents must be electronically "bookmarked" as required by CRC Rule 3.1110(f)(4).

3.      **Courtesy Copies for Department 2.**  A courtesy copy of all pleadings, motions, applications, briefs, and any and all other papers **filed** in this case **shall** be (1) electronically served upon Department 2 at email address

2

complexcivil@sanmateocourt.org or (2) stamped "Judge's Copy" and *delivered by overnight or first class mail directly to Department 2* located at Courtroom 2E, 400 County Center, Redwood City, California 94063.  DO NOT LEAVE THE JUDGE'S COPY WITH THE CLERK'S OFFICE.  PLEASE ADD DEPARTMENT 2 TO YOUR **E-SERVICE** SERVICE LIST IN THE CASE AS TO ANY AND ALL PAPERS FILED WITH THE COURT.   All motions and briefs shall conform with the California Rules of Court, especially Rule 3.1113, and indicate on the caption page that this matter is assigned for all purposes to Department 2.  Do not fax copies or correspondence to Department 2, as there is no dedicated fax line for the Complex Civil Department.

4. **Obtain Hearing Date Pre-filing.**  As to any and all motions or other matters requiring a hearing, the hearing date shall be obtained *directly* from and approved by Department 2 at **(650) 261-5102** (and *not* with the Civil Clerk's Office nor the Law & Motion Department) *prior* to filing of the moving papers or other initial filings.

5. **Proposed Orders.**  Proposed Orders should be e-filed with the motion or stipulation to which it relates in conformity with CRC Rule 3.1312(c).  You must also email an editable version of the Proposed Order in Word format (not PDF) to complexcivil@sanmateocourt.org so that the judge can modify it prior to signing, if needed.

6. **Electronic Correspondence to Department 2.**  Correspondence to Department 2, such as discovery letter briefs, requests to take matters off calendar, and requests for rescheduling, regarding actions assigned to the Complex Civil Department shall be submitted electronically, rather than paper, by e-mail addressed to complexcivil@sanmateocourt.org  All e-correspondence **must be sent in at least 12 point type**.  This email address is for the Complex Civil Litigation Department to *receive*

3

correspondence, and is not a venue for back-and-forth communications with the judge. Communications to this email address are *not* part of the official court files – just like a paper letter, they are not "filed" documents – and will be retained for at least 30 days and then be subject to deletion (destruction) thereafter.

7.      **Mandatory Email Header.**  All communications to the complexcivil@sanmateocourt.org email address MUST include in the header "subject line" the **Case Number and Name of Case** (e.g., CIV 654321 *Smith v. Jones*).

8.      **Ex Parte Motions.**  Presently, due to the Covid 19 Pandemic, no in-person ex parte appearances are permitted – until further order of the court – and any ex parte appearances must be pre-schedule with Department 2 and pre-organized by the moving party for remote appearance by all involved parties and the Court.  *Ex parte* applications in this matter shall heard by Department 2, **on Tuesdays and Thursday at 2:00 p.m.,** and the parties must meet the requirements of CRC Rule 3.120 *et seq.*.  With the consent of counsel for *all* parties, telephone conferences on *simple* interim case management matters may be scheduled with the Court for a mutually convenient time and date – with the scheduling and logistics of such telephone conferences to be the responsibility of the requesting party/parties.

9.      **E-Service of Discovery.**  All discovery methods (C.C.P. § 2019.010), including but not limited to notice of deposition, special interrogatories, form interrogatories, requests for production of documents, and requests for admissions, shall be served electronically upon counsel for the parties.  All discovery responses by a party in response to a discovery method by another party shall be served electronically upon counsel for the parties.  Production of documents shall be provided in electronic form, unless the parties agree otherwise in writing.  If not previously established, counsel for

4

the parties shall meet and confer regarding possible establishment of a joint electronic document depository for the uploading and downloading of electronic document productions.

      10.    **Informal Discovery Conferences.**

         a.    Pursuant to Code of Civil Procedure Section 2016.080, and the authority of a complex civil judge under CRC Rule 3.750, no party may move to compel discovery, or file any other discovery motion, until the parties have had an Informal Discovery Conference.  Counsel must have exhausted all meet and confer obligations before the Informal Discovery Conference.  To request an Informal Discovery Conference, counsel should contact the Court by email at ComplexCivil@sanmateocourt.org, which email must be contemporaneously copied to counsel for all parties to the action and any self-represented parties.  Pursuant to Code of Civil Procedure Section 2016.080(c)(2), the time for bringing any motion to compel is tolled starting on the date a party makes the email request for an Informal Discovery Conference to the Court.  All requests for Informal Discovery Conference must be made well prior to the expiration of the statutory time to bring a motion to compel or other discovery motion.

         b.    Within five (5) calendar days of the initial email request to the Court for an Informal Discovery Request, the disputing parties shall, jointly or separately, email correspondence to the Court at ComplexCivil@sanmateocourt.org, and contemporaneously to all parties, an electronic letter of no more than five (5) pages, without attachments, summarizing the discovery dispute(s).

         c.    The parties involved in the discovery dispute *shall not* file any "meet and confer" declarations pursuant to Code of Civil Procedure Sections 2016.040 or

2016.080(b) prior to the Informal Discovery Conference. The dispute will be addressed by the e-correspondence method/procedure set forth above.

   d. The procedures outlined above apply to parties. With regard to discovery disputes with non-parties, the non-parties may elect to participate in this procedure, but are not required to do so.

  11. **No Discovery Motion Separate Statement.** As to any discovery motions, the parties are relieved of the statutory obligation under CRC Rule 3.1345, and thus need *not* (should not) file a separate statement – instead the subject discovery requests (or deposition questions) and written responses (or deposition answers or objections) must be attached to the supporting declaration on the discovery motion.

  12. **Limit to 35.** Given the nature of this complex civil action, the Court views document production and depositions as the most effective means of discovery for adjudication. Accordingly, no party may propound more than 35 special interrogatories *total* and no party may propound more than 35 requests for admissions (other than as to the authenticity of documents) *total*, without prior court order after demonstration of need and a showing that other means of discovery would be less efficient.

  13. **No Appendix of Non-California Authorities.** Pursuant to CRC Rule 3.1113(i), the Complex Civil Department, Dept. 2, does not require any appendix of non-California authorities, unless specifically stated by the Court as to a particular motion.

  14. **Case Management Conference.** The initial Case Management Conference set for October 26, 2020 is VACATED. The initial Case Management Conference is set for **Tuesday, September 22, 2020 at 3:00 p.m.** in Department 2 of this Court, located at Courtroom 2E, 400 County Center, Redwood City, California. Counsel

for all parties shall meet and confer on all matters set forth in California Rules of Court Rule 3.750 and Rule 3.724(8). **All appearances shall be remote only, using CourtCall.**

15. In anticipation of the Case Management Conference, counsel for the parties should be prepared to discuss at the hearing *and* file written case management conference statements (**in prose and details, *not* using the standardized Judicial Council form**) with a courtesy copy delivered *directly* to Department 2 on or before **September 15, 2020**, as to the following:

a. Status of Pleadings and Service of Process;

b. Status of Discovery, including the initial production of documents by all parties;

c. Status of Settlement or Mediation;

d. Conclusions reached after meet and confer on all matters set forth in CRC Rule 3.750 and Rule 3.724(8);

e. Any anticipated motions and proposed briefing schedule;

f. Setting of next CMC date; and

g. Any other matters for which the parties seek Court ruling or scheduling.

16. Discovery is not stayed.

17. **PLAINTIFF SHALL PROMPTLY SERVE THIS CMC ORDER #1 UPON ALL DEFENDANTS OR UPON KNOWN COUNSEL FOR DEFENDANTS, and promptly file proof of service.**

DATED:      July 28, 2020

_____
HON. MARIE S. WEINER
JUDGE OF THE SUPERIOR COURT

SERVICE LIST
*Perez v. Discover Bank*, Class Action 20CIV03045
As of July 2020

Attorneys for Plaintiffs:

THOMAS SAENZ
BELINDA ESCOBOSA HELZER
DEYLIN THRIFT-VIVEROS
MEXCIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND
634 South Spring Street, 11th Floor
Los Angeles, CA  90014
(213) 629-2512
tsaenz@maldef.org
bescobosa@maldef.org
viveros@maldef.org

8