UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILIANA PEREZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DISCOVER BANK,<br><br>    Defendant. | Case No. 20-cv-06896-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 28 |

Before the Court is defendant Discover Bank's Motion to Compel Arbitration. Dkt. No. 28. On August 27, 2021, the Court heard oral argument on Discover Bank's motion. Dkt. No. 49. For the reasons stated below, the Court **GRANTS** defendant's motion to compel arbitration.

**BACKGROUND**

Plaintiffs Perez and Guzman Magaña are participants of Deferred Action for Childhood Arrivals ("DACA"). Dkt. No. 43 at ¶¶ 15, 24. The instant action arises from Discover Bank's denial of plaintiff Perez's loan application and its requirement that plaintiff Guzman Magaña must apply for his loan with a cosigner.

**I.    Factual Background**

    **A.    Plaintiff Perez's Citibank Loan and Arbitration Agreement[1]**

In December 2009, Plaintiff Perez applied for and received a private student loan with Citibank through its subsidiary, The Student Loan Corporation. *Id*. ¶ 13. Above the signature line

---

[1] The following are allegations stated in plaintiffs' second amended complaint, Dkt. No. 43.

on the Citibank Loan application, the application referenced a Promissory Note. Dkt. No. 24-1, Decl. of Christiansen, Ex. A at 5. The Promissory Note accompanying the application included an arbitration agreement (the "Citibank Arbitration Agreement"). *Id*.

The Citibank Arbitration Agreement states, in pertinent part:

> **ARBITRATION OF DISPUTES:** PLEASE READ THIS ARBITRATION PROVISION CAREFULLY. IT PROVIDES THAT EITHER YOU OR I CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION (EXCEPT FOR MATTERS THAT ARE EXCLUDED FROM ARBITRATION AS SPECIFIED BELOW).
> . . . .
>
> **Definitions:** As used in this arbitration provision, the following definitions will apply:
> "Claim" means any case, controversy, dispute, tort, disagreement, lawsuit or claim now or hereafter existing between you and me arising out of or in connection with my loan.
> "Account" means my agreement with you as evidenced by the loan application and Note along with any and all records or transactions related thereto.
>
> **Agreement to arbitrate:** You and I agree that either you or I may, without the other's consent, require that any Claims between you and me be submitted to mandatory, binding arbitration except for certain matters excluded below.
>
> . . . .
>
> Claims subject to Arbitration include, but are not limited to:
> Claims relating to: 1) any and all aspects of my Account including without limitation the origination, establishment, terms, treatment, operation, handling, billing, servicing, limitations on or termination or acceleration of my Account; 2) any disclosures or statements relating to my Account; 3) the application, enforceability or interpretation of my Account, including this arbitration provision.
> . . . .

*Id*. (Ex. B) at 6-7.

In late 2010, Citibank sold The Student Loan Corporation to Discover Bank. Dkt. No. 43 at ¶ 14. Discover Bank is the current holder of plaintiff Perez's Citibank Agreement. *Id*.

### B.   Plaintiff Perez's Discover Consolidation Agreement

In July 2018, Perez accessed a Private Consolidation Loan application on Discover Bank's

2

website, hoping to refinance her loan at a lower interest rate. *Id*. ¶ 18. On August 2, 2018, Perez completed and electronically signed a Private Consolidation Loan Application and Promissory Note ("Discover Consolidation Agreement"). *Id*. at ¶ 20; Dkt. No. 24-1, Ex. C at 10-13. The Discover Consolidation Agreement stated that it "will be effective and enforceable when you affix your signature . . . and deliver it to us." Dkt. No. 24-1. Ex. C at 10. The Discover Consolidation Agreement included an arbitration agreement ("Discover Arbitration Agreement"). *Id*. Ex. C at 12-13.

The Discover Arbitration Agreement states,

> **V. ARBITRATION OF DISPUTES:**
> **Agreement to Arbitrate**: If a controversy, dispute, disagreement, lawsuit or claim now or hereafter existing arises between you and us ("Claim"), either party may choose to resolve the Claim by binding arbitration, as described below, instead of in court. Any Claim (except for a Claim challenging the validity or enforceability of this arbitration provision, including the Class Action Waiver) may be resolved by binding arbitration if either party requests it. This includes Claims relating to any other loan or agreement you have or had with us.
> . . .
>
> **W. GOVERNING LAW**
> This Note and any Claim or dispute arising out of this Note will be governed by applicable United States federal law and, to the extent state law applies, Delaware law, without regard to its conflict of law rules . . .
>
> **AA. OTHER IMPORTANT TERMS**
> **Signatures**: This Note will be effective and enforceable when you affix your signature to the Application and Promissory Note (or the Cosigner Addendum, as the case may be) and deliver it to us. . .

*Id*. Ex. C at 11-13 (bold in original).

On August 3, 2018, Perez received a letter from Discover Bank confirming receipt of the online application. Dkt. No. 43 at ¶ 21. On October 9, 2018, Perez received another letter requesting Perez call Discover Bank to provide information about eligibility and identity. *Id*. at ¶ 22. Perez called Discover Bank and told a representative that she was a DACA participant. *Id*. at ¶ 23. The representative told Perez that Discover Bank would not be able to refinance Perez's loan. *Id*.

3

### C. Plaintiff Guzman Magaña's Discover Private Loan

On August 16, 2016, plaintiff Guzman Magaña completed and electronically signed Discover Bank's Graduate Student Loan Application ("Graduate Loan Application"). *Id.* ¶ 25. The Graduate Loan Application required Guzman Magaña to apply with a co-signer. *Id.* at ¶ 26. Guzman Magaña received a loan and continues to make timely payments. *Id.* at ¶ 29.

The Graduate Loan Application included an arbitration agreement. Dkt. No. 24-, Ex. D, at 16-17. The arbitration agreement in Guzman Magaña's application uses the same language as the language in plaintiff Perez's Discover Arbitration Agreement. *See* Dkt. Nos. 24-1 (Exs. C, D).

## II. Procedural Background

On November 2, 2020, Discover Bank removed the instant action to federal court. Dkt. No. 1. On January 4, 2021, Discover Bank filed a motion to compel arbitration of plaintiff Perez's and Guzman Magaña's claims. Dkt. No. 24. On February 1, 2021, plaintiffs filed an opposition. Dkt. No. 28. On February 16, 2020, Discover Bank filed a reply. Dkt. No. 28.

On February 26, 2021, the Court granted the parties' stipulation to stay the action pending mediation. Dkt. No. 31. On June 25, 2021, the Court granted the parties' request to life the stay after unsuccessful mediation. Dkt. No. 39. On July 23, 2021, plaintiffs filed a Second Amended Complaint. Dkt. No. 43. On August 27, 2021, the Court heard oral argument on Discover Bank's motion to compel arbitration.

## LEGAL STANDARD

Section 4 of the Federal Arbitration Act ("FAA") permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. When a motion to compel arbitration is filed, the "court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue . . . shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.*

4

Generally, when deciding whether to compel arbitration, a court must determine two "gateway" issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). The Court considers state contract law to determine whether there is a valid agreement to arbitrate. *Revitch v. DirecTV, LLC,* 977 F.3d 713, 716 (9th Cir. 2020).

However, "before referring a dispute to an arbitrator, the court determines whether a valid arbitration exists . . . [and] if the agreement delegates the arbitrability issue to an arbitrator." *Schein Inc. v. Archer and White Sales, Inc*., 139 S.Ct. 524, 530 (2019). "Where a delegation provision exists, courts first must focus on the enforceability of that specific provision, not the enforceability of the arbitration agreement as a whole." *Brice v. Plain Green, LLC.,* No. 19-15707, 2021 WL 4203337, at *4 (9th Cir. 2021). If a "contract delegates the arbitrability question to an arbitrator, a court may not override the contract . . . [and] possesses no power to decide the arbitrability issue . . . even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Schein Inc*, 139 S.Ct. at 529.

## DISCUSSION

Discover Bank moves to compel arbitration of (I) plaintiff Perez's and (II) plaintiff Guzman Magaña claims. Dkt. No. 24 at 9.

### I.  Plaintiff Perez's Claims

Discover Bank argues plaintiffs' claims are subject to the Discover Arbitration Agreement. Dkt. No. 24. Plaintiffs argue the Discover Arbitration Agreement is not valid. As an initial matter, the parties dispute whether California or Delaware law governs interpretation of the Discover Arbitration Agreement. Dkt. Nos. 24 at 13; 28 at 4-6.

#### A.  Choice of Law

"In a federal question action where the federal court is exercising supplemental jurisdiction over state claims, the federal court applies the choice-of-law rules of the forum state." *Paracor*

*Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1164 (9th Cir. 1996). This case involves plaintiffs' federal claims under 42 U.S.C. § 1981 and supplemental state claims under California's Unruh Civil Rights Act. Therefore, the Court applies California's choice of law rules.

"California has a strong public policy favoring enforcement of choice of law provisions." *King v. Bumble Trading, Inc.*, 393 F.Supp.3d 856, 682 (N.D. Cal. 2019). California's choice of law rules "follow[] Section 187 of the Restatement (Second) of Conflict of Laws."[2] *In re Facebook Biometric Info. Privacy Litig.*, 185 F.Supp.3d 1155, 1168 (N.D. Cal. 2016) (internal citations and quotations omitted). The "California Supreme Court has held that under California's choice of law analysis, a court must determine as a threshold matter 'whether the chosen state has a substantial relationship to the parties or their transaction, or . . . whether there is any other reasonable basis for the parties' choice of law.'" *Hoffman v. Citibank (South Dakota), N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008). "If either of these tests is satisfied, the second inquiry is whether the chosen state's law is contrary to a fundamental policy of California [and if] a conflict with California law is found, the court must then determine whether California has a materially greater interest than the chosen state in the determination of the particular issue." *Id.* (internal citation and quotations omitted).

---

[2] Section 187 states, in relevant part,

> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

REST. 2D CONFL. § 187(b).

6

### 1. Substantial Relationship

The Discover Consolidation Agreement contains a choice of law clause, which states "any Claim or dispute . . . will be governed by applicable United States federal law and, to the extent state law applies, Delaware law, without regard to its conflict of law rules." Dkt. No. 24-1 (Exs. C, D) at 13.

The first prong of California's choice of law rules is met because Discover Bank is incorporated in Delaware. Dkt. No. 24 at 1. *See ABF Capital Corp., a Delaware Corp. v. Osley*, 414 F.3d 1061, 1065 (9th Cir. 2005) ("A substantial relationship exists where one of the parties is domiciled or incorporated in the chosen state.")

### 2. Fundamental Policy

The Court now considers whether enforcing the choice of law clause would be contrary to a fundamental policy of California. "To determine the public policy of a state, 'the Constitution, laws, and judicial decisions of that state, and as well the applicable principles of the common law, are to be considered.'" *First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1156 (9th Cir. 2015). (internal citation omitted). There are no "bright-line rules" to determine what is contrary to a fundamental policy of California. *See Discover Bank v. Super. Ct.*, 134 Cal.App.4th 886, 893 (2005).

Plaintiffs argue Delaware law is contrary to a fundamental policy of California because plaintiffs rely on California's *McGill* rule, prohibiting waivers of public injunctive relief, to demonstrate that the Discover Consolidation Agreement is unconscionable. Dkt. No. 28 at 5-6. Discover Bank argues the *McGill* rule does not apply because plaintiffs do not seek public injunctive relief. Dkt. No. 29 at 12-13.

The Court must determine whether the *McGill* rule applies to plaintiffs' claims. *See Hoffman*, 546 F.3d at 1083 ("if [defendant's] class arbitration waiver is unconscionable under California law, enforcement of the waiver under [Delaware] law would be contrary to a fundamental policy of California.").

"California has a fundamental policy against unconscionable class arbitration waivers." *Id*.

7

The Ninth Circuit has held the FAA does not preempt California's *McGill* Rule. *Blair v. Rent-A-Center*, 928 F.3d 819, 830-31 (9th Cir. 2019). In *McGill*, the California Supreme Court held waiver of the "right to request in any forum such public injunctive relief . . . is invalid and unenforceable under California law." *McGill v. Citibank, N.A.*, 393 P.3d 85, 94 (2017). The three key features of public injunctive relief are (1) a "primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public," (2) lack of representative claims on behalf of a class or the general public, and (3) "diffuse[ing] benefits to the 'general public' as a whole, and the general public fails to meet the class-action requirement of 'an ascertainable class.'" *Hodges v. Comcast Cable Communications, LLC*, No. 19-16483, 2021 WL 4127711, at *4-5 (9th Cir. 2021) (internal citation omitted).

The Court finds the Discover Consolidation Agreement and Discover Arbitration Agreement are not unconscionable under California's *McGill* rule because plaintiffs do not seek public injunctive relief. Rather, plaintiffs have sued "on behalf of themselves and all others similarly situated" and have defined plaintiffs' class as "[a]ll persons who resided in the United states . . . applied for or attempted to apply for a financial product from Discover Bank but were denied . . . on the basis of alienage." Dkt. No. 43 at ¶ 40-41. Therefore, plaintiffs' requested injunctive relief is private, based on either alienage or DACA status and does not apply to the general public. *See Hodges*, 2021 WL 4127711 at *5 (explaining private injunctive relief provides benefits "to an individual plaintiff—or to a group of individuals similarly situated to the plaintiff"). Because the Discover Arbitration agreement is not unconscionable under the *McGill* rule, enforcement of Delaware law would not be contrary to a fundamental policy of California. The Court will evaluate the validity of the Discover Arbitration Agreement under Delaware law.

### B. Validity

Plaintiffs argue the Discover Consolidation Agreement and Discover Arbitration Agreement are not valid under Delaware law because the agreements (1) lack mutual assent and (2) are unconscionable. Dkt. No. 28 at 10-11, 20-22.

### 1.  Mutual Assent

Plaintiffs argue the terms of the Discover Consolidation Agreement lack mutual assent because the terms are not reasonably certain and definite. Dkt. No. 28 at 10-11. Discover Bank argues the plaintiff Perez assented to the terms of the Discover Consolidation Agreement when she electronically signed and submitted the loan. Dkt. No. 24 at 14.

The Court finds the parties mutually assented to the Discover Consolidation Agreement and Discover Arbitration Agreement. Under Delaware law, "a valid contract exists when (1) the parties intended that the contract would bind them, (2) the terms of the contract are sufficiently definite, and (3) the parties exchange legal consideration." *Eagle Force Holdings, LLC v. Campbell*, 187 A.3d 1209, 1212 (Del. 2018). Plaintiffs concede plaintiff Perez signed the Discover Consolidation Agreement, which contains the Discover Arbitration Agreement. Dkt. No. 28 at 11. *See Chemours Co. v. DowDuPont Inc.,* No. 2019-351-SG, 2020 WL 1527783 at *10 (Del. Ch. 2020) ("a signature [is] 'the most powerful and persuasive evidence' of [plaintiff's] intent to be bound by the Separation Agreement, and, consequently, its consent to arbitration.") (internal citation omitted). The terms of the Discover Consolidation Agreement are sufficiently definite because the Court can ascertain the parties agreed to consolidate plaintiffs' loans in consideration of plaintiff's promise to pay the principal loan amount with interest. *See Eagle Force Holdings*, 187 A.3d at 1233 ("A contract is sufficiently definite and certain to be enforceable if the court can—based upon the agreement's terms and applying proper rules of construction and principles of equity—ascertain what the parties have agreed to do"). Therefore, the parties mutually assented to the Discover Consolidation Agreement and Discover Arbitration Agreement.

### 2.  Unconscionability

Plaintiffs argue the Discover Consolidation Agreement is unconscionable because plaintiffs were not able to negotiate the terms of the agreement, plaintiffs did not have meaningful alternatives for funds, and the agreement disproportionately favors Discover Bank. Dkt. No. 28 at 21-22. Discover Bank argues the Discover Consolidation Agreement is not unconscionable. Dkt.

No. 29 at 13-14.

The Court finds the Discover Consolidation Agreement is not unconscionable. Unconscionability requires "absence of meaningful choice and contract terms [that] unreasonably favorable to one of the parties." *Tulowitzki v. Atlantic Richfield Co.*, 396 A.2d 956, 960 (Del. 1978). "[M]ere disparity between the bargaining power of parties to a contract will not support a finding of unconscionability." *Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 912 (Del. 1989). Here, plaintiffs were free to walk away from the Discover Consolidation Agreement and were able to reject the Discover Arbitration Agreement. Dkt. No. 24-1 (Exs. C, D) at 13. *See Ketler v. PFPA, LLC.*, 132 A.3d 746, 748 (Del. 2016) ("There is no deprivation of meaningful choice if a party can walk away from the contract."). Accordingly, the Discover Consolidation Agreement and Discover Arbitration Agreement are not unconscionable.

### C.     Scope

The Court finds plaintiffs' claims are within the scope of the Discover Arbitration Agreement.[3] The Discover Arbitration Agreement states, "[a]ny Claim . . . may be resolved by binding arbitration. This includes Claims relating to any other loan or agreement you have had with us." Dkt. No. 24-1 (Exs. C, D) at 12. The Discover Consolidation Agreement defines "claim" as "a controversy, dispute, disagreement . . . now or hereafter . . . aris[ing] between you and me." *Id*. According to the complaint, Discover Bank infringed on plaintiffs' rights to contract and enforce contracts with Discover Bank. Dkt. No. 43 at ¶ 58. *See Parfi Holding AB v. Mirror Image Internet, Inc*, 817 A.2d 149, 156-58 (Del. 2002) ("[An] arbitration clause signals only an intent to arbitrate matters that touch on the rights and performance related to the contract" and courts evaluate rights pursued under contract when evaluating scope). Therefore, plaintiffs' claims are within the scope of the Discover Arbitration Agreement. *See Gulf LNG Energy, LLC v. Eni USA Gas Marketing LLC*, 242 A.3d 575, 583 (Del. 2020) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the

---

[3] Plaintiffs have failed to argue or provide any case law indicating plaintiffs' claims are not within the scope of the Discover Arbitration Agreement.

1  construction of the contract language itself or an allegation of waiver, delay, or a like defense to
2  arbitrability.") (internal citation omitted).

4  Accordingly, the Court **GRANTS** Discover Bank's motion to compel arbitration of
5  plaintiff Perez's claims.[4]

7  **II.    Plaintiff Guzman Magaña's Claims**

8  Discover Bank argues the plaintiff Guzman Magaña's claims are subject to the same
9  Discover Arbitration Agreement. Dkt. No. 24 at 15-16. The parties do not dispute that plaintiffs
10 signed the same Discover Arbitration Agreement. For the same reasons stated above, the Court
11 **GRANTS** Discover Bank's motion to compel arbitration of plaintiff Guzman Magaña's claims.
12 *See Leason v. Merrill Lynch, Pierce, Fenner & Smith*, 9 Del. J. Corp. L. 776, 781-82 (Del. 1984)
13 ("if the agreement to arbitrate is valid, it is valid as to all members of the class and the
14 responsibility to arbitrate cannot be evaded by asserting claims through a class.")

## CONCLUSION

For the reasons stated below, the Court **GRANTS** Discover Bank's motion to compel arbitration. The Court **STAYS** the action as to plaintiff Perez's and Guzman Magaña's claims, pending the outcome of arbitration.

**IT IS SO ORDERED**.

Dated: September 23, 2021

SUSAN ILLSTON
United States District Judge

---

[4] Defendant also argues plaintiff Perez's claims are subject to arbitration under the Citibank Arbitration Agreement. Dkt. No. 24. Whether the Citibank Arbitration Agreement, which contains a delegation provision, applies to the parties is a murky question. *See Revitch v. DirecTV, LLC,* 977 F.3d 713, 717-18 (9th Cir. 2020) (holding defendant may not rely on earlier arbitration agreement between plaintiff and third party because agreement lacked forward-looking language). Because the Court finds the parties are subject to the Discover Arbitration Agreement, the Court need not decide whether the Citibank Arbitration Agreement also compels arbitration of plaintiff Perez's claims.

11