Thomas A. Saenz (SBN 159430)
Belinda Escobosa Helzer (SBN 214178)
Deylin O. Thrift-Viveros (SBN 306873)
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email:  tsaenz@maldef.org;
bescobosa@maldef.org; dthrift-
viveros@maldef.org

Ossai Miazad (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060
om@outtengolden.com

Mikael Rojas (SBN 309626)
OUTTEN & GOLDEN LLP
601 Mass. Ave. NW, Suite 200W
Washington, D.C. 20001
Telephone: (202) 847-4400
Facsimile: (646) 509-2008
mrojas@outtengolden.com

*Attorneys for Plaintiffs and the Plaintiff Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ILIANA PEREZ, an individual, FLAVIO GUZMAN MAGAÑA, an individual, and JOSUE JIMENEZ MAGAÑA, an individual, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>DISCOVER BANK, a Delaware corporation,<br>                    Defendant. | Case No. 3:20-cv-06896-SI<br><br>**PLAINTIFF ILIANA PEREZ'S MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION**<br>**[N.D. CAL. L.R. 7-9]**<br><br>Judge: Susan Illston<br>Hearing Date: November 19, 2021<br>Time: 10:00 a.m. |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Friday, November 19, 2021, at 10 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Susan Illston, located in Courtroom 1 of the United Stated Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, or via remote video teleconference, Plaintiff Iliana Perez ("Plaintiff") will and hereby does move this Court for an order granting leave to file a motion for partial reconsideration of this Court's Order Granting Defendant Discover Bank's ("Defendant" or "Discover Bank") Motion to Compel Arbitration, Dkt. No. 51 (September 23, 2021).

Plaintiff respectfully submits this Motion for Leave to File a Motion for Partial Reconsideration pursuant to Civil Local Rule 7-9 and Fed. R. Civ. P. 54(b).  The Motion is warranted under Local Rule 7-9(b)(1)-(2) in light of (1) Discover Bank's concession at oral argument that Plaintiff Perez could effectively opt out of Discover Bank's arbitration agreement, and (2) Plaintiff Perez's subsequent act of opting out of Discover Bank's arbitration agreement.

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the accompanying exhibits attached thereto, the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, and any further argument or evidence that may be received by the Court at the hearing.

Dated: October 14, 2021

/s/ Deylin Thrift-Viveros
Deylin O. Thrift-Viveros (SBN 306873)
Thomas A. Saenz (SBN 159430)
Belinda Escobosa Helzer (SBN 214178)
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email:tsaenz@maldef.org;
bescobosa@malef.org;dthrift-
viveros@maldef.org

Ossai Miazad (admitted *pro hac vice*)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060
om@outtengolden.com

Mikael Rojas (SBN 309626)
OUTTEN & GOLDEN LLP
601 Mass. Ave. NW, Suite 200W
Washington, D.C. 20001
Telephone: (202) 847-4400
Facsimile: (646) 509-2008
mrojas@outtengolden.com

Case No. 3:20-cv-06896-SI

PLAINTIFFS' MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE

Pursuant to Civil Local Rule 7-9 and Fed. R. Civ. P. 54(b), Plaintiff Iliana Perez respectfully requests leave to move for partial reconsideration of the Court's Order Granting Defendant Discover Bank's Motion to Compel Arbitration, Dkt. No. 51 ("Arbitration Order"). Ms. Perez's request is based on a new material fact not before the Court at the time of its Arbitration Order: Ms. Perez opted out of the Discover Bank arbitration agreement after Defendant conceded she could still do so during oral argument on the motion to compel arbitration. Because she effectively opted out of Discover Bank's arbitration agreement, she cannot be bound by it. Therefore, Ms. Perez respectfully requests that the Court reconsider and withdraw the portion of its Arbitration Order with respect to her claims. She does not challenge any other aspect of the Court's Arbitration Order.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Iliana Perez and Flavio Guzman Magaña originally filed suit against Discover Bank in the Superior Court of California, alleging discrimination in violation California's Unruh Civil Rights Act for Discover Bank's policies barring certain immigrants from full and equal consideration for loans and other financial products on the basis of alienage. Dkt. No. 1-1 (Complaint). Plaintiffs Perez and Guzman Magaña are recipients of Deferred Action for Childhood Arrivals ("DACA"). *Id.* ¶¶ 12, 21. Discover Bank removed the action to this Court, Dkt. No. 1, Plaintiffs added a claim under 42 U.S.C. § 1981 in their First Amended Complaint, Dkt. No. 18, and Discover Bank then moved to compel both Plaintiffs to private arbitration proceedings. Dkt. No. 24 (Discover Bank's Motion to Compel Arbitration) ("Motion to Compel"). Plaintiffs filed the operative Second Amended Complaint, in which an additional class representative, Josue Jimenez Magaña ("Mr. Jimenez"), also alleges that Discover Bank discriminated against him because he is a DACA recipient. Dkt. No. 43 ("SAC") at ¶¶ 31-38.

Discover Bank has not moved to compel Mr. Jimenez to arbitration,[1] *see generally* Dkt., and he will prosecute his claims in this Court.

Ms. Perez applied for a "Private Consolidation Loan" from Discover Bank in or around July 2018 in an attempt to help pay off a private student loan she had taken out from Citibank in or around December 2009 (and which had subsequently been purchased by Discover Bank). SAC at ¶¶ 13, 18.  Discover Bank denied Ms. Perez's Private Consolidation Loan application because of her status as a DACA recipient.  *Id.* at ¶ 14.

Discover Bank's Private Consolidation Loan Application and Promissory Note, *i.e.*, its loan application papers, includes a provision for "mandatory individual, binding arbitration in the event of a dispute."  Dkt. No. 24 (Motion to Compel) at 5.  The arbitration provision also contains an "opt out" clause that states:

> **You May Have the Right to Reject Arbitration**: You may reject this Section V (ARBITRATION OF DISPUTES) but only if we receive from you a written notice of rejection **within 30 days after consummation of your loan**. You must send the notice of rejection to: Discover Student Loans, PO Box 30938, Salt Lake City, UT 84130-0938. Your rejection notice must include your name, address, phone number, loan number, and signature. No one else may sign the rejection notice for you. Your rejection notice must not be sent with any other correspondence. Rejection of arbitration will not affect your other rights or responsibilities under this Note or your obligation to arbitrate disputes under any other loan as to which you and we have agreed to arbitrate disputes.

*Id.* at 6; Dkt. No. 24-2 (Ex. C to Motion to Compel) ("Discover Bank Arbitration Provision") (emphasis added).

Ms. Perez believed that by the terms of Discover Bank's arbitration agreement someone could only opt out after a loan "consummation," which was inapplicable to her because her application was denied and no loan was ever consummated.  Ex. A (Declaration of Iliana Perez) ("Perez Decl.") ¶ 4.  As part of her opposition to Discover Bank's motion to compel arbitration,

---

[1]     As set forth in the Second Amended Complaint, Mr. Jimenez applied for a home equity line of credit, a type of loan product that Congress has expressly exempted from mandatory pre-dispute arbitration.  Dkt. No. 43 at ¶ 34, n.2.

1 | Ms. Perez argued that Discover Bank's "opt-out provision [was] limited and unclear" and that

2 | she was not given a meaningful choice to opt out. Dkt. No. 28 (Pls' Opposition to Motion to

3 | Compel) at 21-22. At oral argument, however, Defendant argued for the first time that its

4 | arbitration provision was not procedurally unconscionable because Ms. Perez could in fact *still*

5 | opt out of arbitration if she wished. Discover Bank's position on this issue at oral argument was

6 | plain. The Court asked Discover Bank whether Ms. Perez could opt out "today," and Discover

7 | Bank answered in the affirmative:

8 |
9 |     **THE COURT:** Well, let me ask you . . . Let's say Ms. Perez wrote to you today, would that be [an] effective opt out?

10 |
11 |     **[COUNSEL FOR DISCOVER BANK]:** Under our position, yes, because the deadline hasn't passed yet.

12 |     Ex. B (Aug. 27, 2021 Hearing Transcript) ("Hrg. Tr.") at 16:20-23.

13 |     After oral argument, on September 16, 2021, Ms. Perez submitted a written request to opt

14 | out of Discover Bank's arbitration agreement. Ex. C (Perez Opt Out Letter). Plaintiff intended

15 | to inform the Court of her opt out upon validation from Discover Bank. Ex. D (Declaration of

16 | Deylin Thrift-Viveros) ("Thrift-Viveros Decl.") ¶ 7. Before she received a response to her opt

17 | out letter from Discover Bank, however, the Court entered its Arbitration Order on September

18 | 23, 2021, compelling her to arbitration under Discover Bank's arbitration agreement and staying

19 | the litigation as to Ms. Perez's claims pending the resolution of the arbitration. Dkt. 51 at 11.

20 | Still not having received a response to Ms. Perez's opt out letter, on September 24, 2021,

21 | Plaintiffs' counsel followed up with Discover Bank to request confirmation that Discover Bank

22 | would honor Ms. Perez's opt out request, providing Discover Bank two weeks to provide such a

23 | response. Ex. E (Pls' Counsel Letter to Discover Bank); Ex. D (Thrift-Viveros Decl.) ¶ 9.

24 |     Discover Bank responded on October 13, 2021, stating that it did not have a record of

25 | receiving Ms. Perez's opt out letter, although Ms. Perez mailed it to Discover Bank at the

26 | required address on September 16, 2021, Ex. C. Notwithstanding that, at a minimum, it has

27 | actual notice of her opt-out, Discover Bank stated that it does not agree that Ms. Perez may

28 |

proceed with her claims in court.  Ex. F (Discover Bank's Response Letter).  This Motion followed.

## **LEGAL STANDARD**

"A district court has inherent jurisdiction to modify, alter, or revoke a prior order." *Verinata Health, Inc. v. Sequenom, Inc.*, Civ. No. 12-865, 2014 WL 4076319, at *2, *4 (N.D. Cal. Aug. 18, 2014) (Illston, J.) (granting leave for motion for reconsideration and granting same).  "Where a ruling has not resulted in a final judgment or order[,] reconsideration of the ruling may be sought under Federal Rule of Civil Procedure 54(b), which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment."  *Gray v. Mendocino Countywide Narcotics Task Force Agents*, Civ. No. 95-0251, 2000 WL 1262660, at *3 (N.D. Cal. Aug. 28, 2000) (Illston, J.).

"In the Northern District of California, however, no motion for reconsideration may be brought without leave of court" per Civil Local Rule 7-9(a).  *Id.*  In relevant part, the moving party must show "reasonable diligence in bringing the motion" and at least one of the grounds under Local Rule 7-9(b), such as: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" or (2) the "emergence of new material facts or a change of law occurring after the time of such order[.]"  A party seeking reconsideration may not "repeat any oral or written argument" already made previously.  Local Rule 7(c).  Unless otherwise ordered, no response to a motion for reconsideration is necessary, though the Court may "fix an appropriate" briefing schedule where it sees fit.  Local Rule 7(d).

## **ARGUMENT**

This Motion meets the requirements of Local Rule 7-9.  First, under Local Rule 7-9(b), Ms. Perez showed reasonable diligence in bringing this motion by contacting Defendant the day after the Arbitration Order and requesting confirmation that it would honor her opt out in light of its concessions at oral argument.  Second, the Motion satisfies Local Rule 7-9(b)(1) because Ms.

-4-

Perez's opt-out constitutes a "material difference in fact" from the facts "presented to the Court before entry" of the Arbitration Order. Similarly, the Motion satisfies Local Rule 7-9(b)(2) because the fact of Ms. Perez's opt-out and Discover Bank's response to the opt-out also constitutes the "emergence of a new material fact[] . . . occurring after the time" of the Arbitration Order.

## I.   Discover Bank Admitted at Oral Argument that Ms. Perez Could Still Opt Out of Arbitration.

At oral argument, Discover Bank articulated its position for the first time that Ms. Perez could opt out of its otherwise mandatory arbitration provision. Discover Bank was forced to admit this position under careful questioning by the Court after Discover Bank argued its arbitration agreement was not procedurally unconscionable due to its opt out clause. Ex. B (Hrg. Tr. at 12:1- 14:9, 16:3-16:25).

In briefing Defendant's Motion to Compel, the parties disputed the effect of the opt out clause. Plaintiffs argued that the "opt-out provision [was] limited and unclear" and that they were not given a meaningful choice to opt out of arbitration with Discover Bank. Dkt. No. 28 (Pls' Opposition to Motion to Compel) at 21-22. Defendant argued that its arbitration provision was not a "contract of adhesion" or procedurally unconscionable because Plaintiffs previously had the opportunity to opt out of arbitration. Dkt. No. 29 at 13.

But it was not until oral argument that Discover Bank articulated its position that Ms. Perez could *still* opt out of the arbitration agreement. Ex. B (Hrg. Tr. at 16:20-23). Indeed, up until that point, Discover Bank had proceeded in this litigation as if Ms. Perez had no such right, most obviously by filing a contested motion to compel her to arbitration against her will and never explaining to Plaintiffs' counsel that such motion practice could have been easily avoided. Ex. D (Thrift-Viveros Decl.) ¶ 5. Ms. Perez reasonably believed that Discover Bank would not honor an opt out request from her because the loan she sought was never consummated and Discover's opt out clause provides that individuals could opt out only "within 30 days *after* consummation of [a] loan.") Dkt. No. 24-2 (Discover Bank Arbitration Provision) (emphasis

PLAINTIFFS' MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION

added).

At oral argument, in considering whether Discover Bank's arbitration agreement was a procedurally unconscionable contract of adhesion, the Court pressed Discover Bank on whether its position was that Ms. Perez "could have opted out prior to consummation" of the loan product. Ex. B (Hrg. Tr.) at 12:13-16 ("Are you saying that she could have opted out or he could have opted out prior to consummation? If it has to be within 30 days of consummation, doesn't it have to be after consummation?"). Defendant's counsel first responded that the "timing" of when applicants could opt out of the agreement was not "relevant." *Id.* at 12:17-20. The Court disagreed, noting that the timing is "relevant if [a Plaintiff] never got a loan and they could never opt out." *Id.* at 12:21-22. The Court then articulated Plaintiffs' understanding of the opt out clause up until that point in the litigation, explaining that the opt out clause appeared available only in a 30-day period "after consummation" of a loan. *Id.* 12:21-13:2.

Discover Bank then made clear its position that Ms. Perez could *still* opt out of the arbitration provision, *id.* at 12:13-16, though arguing, incorrectly, that the opt out clause should only be interpreted by an arbitrator and not the Court. *Id.* 13:3-14:5; *see* Arbitration Order at 9-10 (Court implicitly rejecting the delegation argument by assessing for itself the validity of the arbitration provision and not delegating the analysis in the first instance to an arbitrator); *see also* Dkt. No. 24-2 (Discover Bank Arbitration Provision) (stating that claims challenging the validity and enforceability of the arbitration provision be determined by a court, not an arbitrator). After an exchange with Plaintiffs' counsel as to whether Ms. Perez could still opt out, the Court asked Discover Bank whether she could do so, to which Discover Bank unequivocally answered in the affirmative:

> **THE COURT:** Well, let me ask you . . . Let's say Ms. Perez wrote to you today, would that be [an] effective opt out?
>
> **[COUNSEL FOR DISCOVER BANK]:** Under our position, yes, because the deadline hasn't passed yet.
>
> Ex. B (Hrg. Tr.) at 16:20-23.

After that exchange, Discover Bank also attempted to explain that opting out under the Discover Bank agreement would be irrelevant to the outcome of its Motion to Compel because Ms. Perez would still be bound by the Citibank arbitration provision. *Id.* at 16:23-25.  But the Court only compelled Ms. Perez to arbitration under the Discover Bank arbitration provision and expressly did not reach the question of whether the Citibank provision would compel arbitration. *See* Arbitration Order at n.4.  Instead, the Court cast doubt on the applicability of the Citibank arbitration provision to Ms. Perez, describing that prospect as a "murky question." *Id.* (citing *Revitch v. DirecTV, LLC*, 977 F.3d 713, 717-18 (9th Cir. 2020) (affirming trial court's denial of motion to compel arbitration where DirectTV attempted to enforce a third party's arbitration agreement)).[2]

## II.     After Defendant's Concession at Oral Argument, Ms. Perez Opted Out of the Discover Bank Arbitration Agreement, Which Constitutes a "Material Difference in Fact" Under Local Rule 7-9(b)(1).

After the oral argument and Discover Bank's concession, Ms. Perez opted out of the Discover Bank arbitration agreement. Ex. C (Perez Opt Out Letter).  In an attempt to avoid unnecessary motion practice, Plaintiff provided Discover Bank the opportunity to acknowledge and honor Ms. Perez's opt out letter. Ex. D (Thrift-Viveros Decl.) ¶7.  Before she received a response, however, the Court entered its Arbitration Order on September 23, 2021.  Dkt. No. 51.

Because Ms. Perez had not opted out before the parties' briefing or the oral argument, the fact of Ms. Perez's opt-out means that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought."  Local Rule 7-9(b)(1).  Ms. Perez's opt-out is a "material difference in fact or law" because, as Discover Bank concedes, it means she has not agreed to be bound by the arbitral

---

[2]As Plaintiffs previously set forth, the dispute before the Court does not arise out of the Citibank agreement and cannot be compelled to arbitration under that agreement. *See Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 205 (1991) (An arbitration agreement is tied to the underlying contract containing it, and applies "only where a dispute has its real source in the contract. The object of an arbitration clause is to implement a contract, not to transcend it.").

PLAINTIFFS' MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION

process to litigate her claims and cannot be bound.  Ex. B (Hrg. Tr.) at 16:20-23 (conceding to the Court that Ms. Perez could opt out).

Ms. Perez has also shown "the exercise of reasonable diligence" under Local Rule 7-9(b)(1).  As explained above, Ms. Perez and her counsel "did not know" that Discover Bank maintained the position that she was *still* eligible to opt out of its arbitration provision – as opposed to having a bygone opportunity to opt out or no opt out ability at all – until Discover Bank's concession that she was able to do so during oral argument on the Motion to Compel.  *Id.* (party seeking reconsideration must show "reasonable diligence" in showing that it "did not know" the material difference in fact at the time of the interlocutory order).  While Ms. Perez technically submitted her opt out letter before the Court issued its Arbitration Order – Ms. Perez's opt out letter is dated September 16, 2021 and the Arbitration Order is dated September 23, 2021 – Ms. Perez did not know at that time whether Discover Bank would honor the opt out request.  Ms. Perez acted with reasonable diligence in allowing Discover Bank the opportunity to respond to her opt out letter instead of, for example, writing to the Court with incomplete information about her opt out request at the time she submitted it.  Ex. D (Thrift-Viveros Decl.) ¶ 7.

Ms. Perez and her counsel also acted promptly and reasonably after the Court issued its Arbitration Order on September 23, 2021, writing to Discover Bank's counsel on September 24, 2021, to request confirmation that Discover Bank would honor Ms. Perez's opt out request and providing Discover Bank two weeks to provide such a response.  Ex. E (Pls' Counsel Letter to Discover Bank); Ex. D (Thrift-Viveros Decl.) ¶ 9.  In doing so, Ms. Perez and her counsel sought to avoid unnecessary motion practice, believing that Discover Bank, in light of its concessions at oral argument, would honor the opt out request.  Ex. D (Thrift-Viveros Decl.) at ¶¶ 9-10. However, Discover Bank responded on October 13, 2021, denying that request.  Ex. F (Discover Bank's Response Letter). Plaintiff files this Motion the day after receiving Discover Bank's position.

### III.    Ms. Perez's Opt-Out also Constitutes the "Emergence of a New Material Fact or a Change of Law" Which Occurred "After the Time" of the Arbitration Order under Local Rule 7-9(b)(2).

Ms. Perez's Motion can also be granted under Local Rule 7-9(b)(2).  This is because Ms. Perez's opt-out from the Discover Bank arbitration provision can be characterized as the "emergence of new material facts or a change of law occurring *after* the time" of the Court's Arbitration Order.  *See* Local Rule 7-9(b)(2) (emphasis added).  While Ms. Perez submitted her opt out letter *before* the issuance of the Arbitration Order, *see* Ex. C (Perez Opt Out Letter) (dated September 16, 2021), the "fact" of the opt-out – and its legal effect – had not been concretized (or had not fully "emerged") until Discover Bank responded to the request.  If Discover Bank had agreed to honor the opt out request, such agreement would have constituted an undisputed "new material fact" – i.e., that both parties agreed the Discover Bank arbitration provision no longer applied to Ms. Perez.  Conversely, the "fact" that Discover Bank failed to honor the opt out request had likewise not fully emerged until Discover Bank's response.  Therefore, Ms. Perez's Motion can be granted on this additional basis as well.

### CONCLUSION

For the foregoing reasons, Plaintiff Iliana Perez respectfully requests the Court grant this Motion and withdraw the portion of its Arbitration Order compelling her to arbitration.

DATED this 14th day of October, 2021.

/s/ Deylin Thrift-Viveros
Deylin O. Thrift-Viveros (SBN 306873)
Thomas A. Saenz (SBN 159430)
Belinda Escobosa Helzer (SBN 214178)
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email:tsaenz@maldef.org;
bescobosa@malef.org;dthrift-
viveros@maldef.org

Ossai Miazad (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060
om@outtengolden.com

Mikael Rojas (SBN 309626)
OUTTEN & GOLDEN LLP
601 Mass. Ave. NW, Suite 200W
Washington, D.C. 20001
Telephone: (202) 847-4400
Facsimile: (646) 509-2008
mrojas@outtengolden.com

*Attorneys for Plaintiffs and the Plaintiff Class*

-10-

PLAINTIFFS' MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION

## [PROPOSED] ORDER

Based on the above Motion for Leave to File Motion for Reconsideration and otherwise being fully informed,

IT IS HEREBY ORDERED THAT:

           1.      Plaintiff's Motion for Leave is GRANTED;

           2.      Plaintiff's request for partial reconsideration is also GRANTED;

           3.      The portion of the Court's Order Granting Defendant's Motion to Compel Arbitration with respect to Plaintiff Iliana Perez is hereby WITHDRAWN;

IT SO ORDERED this ___ day of _____, 2021.

 

_____

THE HON. SUSAN ILLSTON
U.S. DISTRICT COURT JUDGE

PLAINTIFFS' MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION