# Exhibit B

                                          **Pages 1 - 20**

                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Susan Illston, Judge

ILIANA PEREZ, an individual,   )
on behalf of themselves and all)
others similarly situated,     )
                               )
            Plaintiff,          )
                               )
  VS.                          )   **NO. C 20-06896-SI**
                               )
DISCOVER BANK,                 )
                               )
            Defendant.         )
_____)


                         San Francisco, California
                         Friday, August 27, 2021

       **TRANSCRIPT OF REMOTE VIDEOCONFERENCE PROCEEDINGS**

**APPEARANCES**: (Appearances via Zoom videoconference.)

For Plaintiff:
                         MEXICAN-AMERICAN LEGAL DEFENSE
                            AND EDUCATIONAL FUND
                         634 S Spring Street - 11th Floor
                         Los Angeles, California 90014
                   BY:   **DEYLIN THRIFT-VIVEROS, ATTORNEY AT LAW**

For Defendant:
                         STROOCK & STROOCK & LAVAN LLP
                         2029 Century Park East
                         Los Angeles, California 90067
                   BY:   **ARJUN P. RAO, ATTORNEY AT LAW**
                         **JULIA B. STRICKLAND, ATTORNEY AT LAW**


             **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**


Reported By:  Ruth Levine Ekhaus, RMR, RDR, FCRR
              Official Reporter, CSR No. 12219

1      **MR. RAO:**  I do, Your Honor, it's Exhibit C to the

2   declaration of Nathan Christiansen, at page 12.  I'm sorry, at

3   page 13.  It's subsection 8 of the arbitration provision.

4      **THE COURT:**  What does it say?

5      **MR. RAO:**  And it reads (reading):

6         "You may reject this Section V, Arbitration of

7      Disputes, but only if we receive from you a written

8      notice of rejection within 30 days after consummation

9      of your loan."

10  It goes on to describe how that written notice must be

11  provided.  It has to be in writing, to a certain address, with

12  certain information.  But that's --

13      **THE COURT:**  Are you saying that she could have opted

14  out or he could have opted out prior to consummation?

15      If it has to be within 30 days of consummation, doesn't it

16  have to be after consummation?

17      **MR. RAO:**  Well, Your Honor, it's -- this is to put --

18  take a quick step back, which is, this is an issue of timing;

19  right?  The opt-out provision permits Ms. Perez or Mr. Guzman

20  Magaña to opt out.  At what time isn't necessarily relevant --

21      **THE COURT:**  Well, it's relevant if they never got a

22  loan and they could never opt out.

23      So my question to you:  Does this set a deadline?

24      If it said "any time before 30 days after consummation,"

25  it would be a deadline.  But this says "within 30 days after

1   consummation," which makes it sound like you have to have

2   confirmation.

3        **MR. RAO:**  I would disagree, Your Honor.  I would think

4   within 30 days after consummation, means that's the deadline.

5   If that opt-out doesn't come in within 30 days after

6   consummation, it's invalid.  If it comes in before that time,

7   then under this provision, it's valid.

8        **THE COURT:**  Well, I guess that would be the question,

9   wouldn't it?

10       **MR. RAO:**  But that would be a question not for

11  Your Honor to decide.  That would be a question for the

12  arbitrator to decide, would be our position.

13       **THE COURT:**  Well, but you're pointing to the opt-out

14  provision as the reason that it's not unconscionable.  Isn't

15  that what I'm supposed to look at?

16       **MR. RAO:**  Correct.  And our position is its existence,

17  the fact that they had the ability to do so precludes any

18  finding of procedural unconscionability.

19       **THE COURT:**  They only had the ability to do so if your

20  reading of it is correct and the contrary reading is wrong;

21  right?

22       **MR. RAO:**  Correct.

23       **THE COURT:**  So who gets to decide that?

24       **MR. RAO:**  Our position would be that would be a

25  decision for the arbitrator; right?  It's an interpretation of

1  the actual provision; right?  If -- again, this is in the

2  context of unconscionability.  And so for the Court to decide

3  whether or not the provision itself is unconscionable, I think

4  the Court doesn't need to get into whether or not we're right

5  or they're right.  Again, its presence is enough.

6       You know, we can also sort of skip over the procedural

7  issue and talk about substantive unconscionability because

8  that's not present either.  So, you know, we can prevail on

9  that standard as well.

10          **THE COURT:**  Okay.  Real quick, tell me why.

11          **MR. RAO:**  So substantive unconscionability, the

12  argument made by plaintiffs, is, in sum, that the provision

13  itself is substantively unconscionable because they are

14  precluded, under the California Supreme Court decision in

15  *McGill versus Citibank*, from bringing a claim for public

16  injunctive relief.  But there is no claim for public injunctive

17  relief here.

18       And it's in our reply and I'm -- simply put, Your Honor,

19  there is two reasons.  The first is, this dispute is not on

20  behalf of the public.  As Mr. Thrift-Viveros mentioned moments

21  ago, this is an issue specific to denials of loans to

22  noncitizens.  That necessarily is not a claim on behalf of the

23  general public of the state of California.

24       Even if it were, putting -- you know, going to argument

25  two now, the Ninth Circuit is clear that, in order to seek a

**PROCEEDINGS**

1       On the second point, regarding substantive

2  unconscionability, the Court --

3          **THE COURT:**  Well, wait.  Stop.  Go back to procedural.

4       What about the construction of the language, you may

5  reject the opt-out provision if you -- if you send in a writing

6  within -- written notice within 30 days of consummation?

7       Do you think if you were to send in a writing prior to

8  consummation that would opt you out?

9          **MR. THRIFT-VIVEROS:**  I don't believe so because the

10  actual language says within 30 days after consummation of your

11  loan.

12      So Plaintiff Perez, her loan hasn't been consummated.  My

13  understanding of what defendant's arguments is, is that she can

14  write in written notice today, since 30 days after consummation

15  of her loan hasn't happened yet, and we can opt out of the

16  arbitration provision.

17      And that is something I'll consider, if that's the

18  argument that defendants want to go with; that way we would be

19  able to opt out of the arbitration provision.

20         **THE COURT:**  Well, let me ask you, Mr. Rao.  Let's say

21  Ms. Perez wrote to you today, would that be effective opt out?

22         **MR. RAO:**  Under our position, yes, because the

23  deadline hasn't passed yet.  That wouldn't resolve the issue

24  because we still have the Citibank loan, which our position is

25  is enforceable.  It does have a delegation provision.

PROCEEDINGS

1    today.

2         This is for -- there is no dispute on those terms.  There

3    is no dispute on her interest rate, on her payments, nothing.

4    The dispute is solely about the denial of her application for a

5    new loan with Discover Bank.

6         **THE COURT:**  Okay.  Well, thank you all.  This has been

7    helpful.  And I will -- the matter is submitted.  I'll get you

8    an order shortly.

9         **MR. THRIFT-VIVEROS:**  Thank you, Your Honor.

10        **MR. RAO:**  Thank you, Your Honor.

11             (Proceedings adjourned at 11:10 a.m.)

12                        ---o0o---

13

14             **CERTIFICATE OF REPORTER**

15        I certify that the foregoing is a correct transcript

16   from the record of proceedings in the above-entitled matter.

17

18   DATE:   Tuesday, October 5, 2021

19

20

21

22

23   _____
     Ruth Levine Ekhaus, RMR, RDR, FCRR, CSR No. 12219
              Official Reporter, U.S. District Court

24

25