STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
ARJUN P. RAO (State Bar No. 265347)
DAVID W. MOON (State Bar No. 197711)
ALI FESHARAKI (State Bar No. 316559)
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile:  310-556-5959
Email: lacalendar@stroock.com

Attorneys for Defendant
  DISCOVER BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ILIANA PEREZ, an individual, FLAVIO GUZMAN MAGAÑA, an individual, and JOSUE JIMENEZ MAGAÑA, an individual, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>DISCOVER BANK, a Delaware corporation,<br><br>        Defendant. | Case No. 3:20-cv-06896-SI<br><br>[Assigned to the Hon. Susan Illston]<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT DISCOVER BANK TO STRIKE CLASS ALLEGATIONS OF SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[[Proposed] Order lodged concurrently]<br><br>Hearing Date, Time and Courtroom:<br>Date:        December 3, 2021<br>Time:        10:00 a.m.<br>Courtroom:   1 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 3, 2021 at 10:00 a.m. or as soon thereafter as this matter may be heard before the Honorable Susan Illston in Courtroom 1 of the above-titled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant Discover Bank ("Discover") will, and hereby does, move pursuant to Rules 12(f) and 23(d)(1)(D) of the Federal Rules of Civil Procedure for an order striking the class allegations of Plaintiff's Second Amended Complaint.

This Motion is made on the grounds that the Class Action Allegations of the Second Amended Complaint (¶¶ 39-53) should be stricken as they are facially defective, and a class action cannot be maintained under Federal Rule of Civil Procedure 23 on the facts alleged.

The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all papers and pleadings on file in this action and such other and further evidence and argument as may be presented to the Court in connection with the Motion.

Dated: October 18, 2021

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
ARJUN P. RAO
DAVID W. MOON
ALI FESHARAKI

By: _____/s/ Arjun P. Rao_____
Arjun P. Rao

Attorneys for Defendant
DISCOVER BANK

I.     INTRODUCTION

As the Court is aware, plaintiff Josue Jimenez Magaña ("Jimenez Magaña" or "Plaintiff")—a recipient of temporary benefits under the Secretary of Homeland Security's "Deferred Action for Childhood Arrivals" policy ("DACA")—asserts lending discrimination claims against defendant Discover Bank ("Discover") under 42 U.S.C. § 1981 and California's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. (the "UCRA").[1]  Plaintiff challenges Discover's underwriting requirements for home-equity loans and contends that Discover improperly does not offer loans to individuals who, like Plaintiff, are not United States citizens or lawful permanent residents.  Plaintiff seeks certification under Federal Rule of Civil Procedure 23(a) and (b)(3) of putative nationwide and California classes consisting of individuals who "applied for or attempted to apply for a financial product from Discover . . . but were denied full and equal consideration . . . on the basis of alienage" (the nationwide class) or on the basis of "immigration status" (the California class).

However, particularly after the Court's ruling ordering Perez and Guzman Magaña to submit their claims to arbitration pursuant to the terms of their written agreements with Discover, the putative class claims are entirely overbroad and improper.  Given the history of this litigation as well as the allegations contained within the Second Amended Complaint, Plaintiff's class allegations should be stricken in their entirety, for each of the following reasons.[2]

***First***, Plaintiff's proposed classes cannot be certified under Rule 23 because they include individuals whose loan documents include arbitration agreements—like those of Perez and Guzman Magaña.  As numerous courts have explained, a class representative whose claims are not subject to an arbitration agreement—like Plaintiff here—cannot represent putative class members whose claims are subject to such an agreement.

---

[1] On September 23, 2021, the Court ordered plaintiffs Iliana Perez ("Perez") and Flavio Guzman Magaña ("Guzman Magaña") to arbitrate their claims against Discover and stayed the action as to those claims pending completion of arbitration.  (ECF No. 51.)  Thus, the only potential class representative in this case is Jimenez Magaña.

[2] Although not at issue in the Motion, the putative classes as defined include individuals who were not harmed by any alleged discriminatory conduct by Discover; for example, persons who were denied a loan for reasons other than alienage or immigration status, either in whole or in part.  Inclusion of such individuals within the putative classes runs afoul of the Supreme Court's recent decision in TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2205 (2021), requiring that each class member establish concrete harm as a result of the alleged statutory violation.

-1-

***Second***, and relatedly, Plaintiff's proposed classes improperly include individuals who applied for any type of "financial product" even though Plaintiff alleges that he applied only for a home-equity loan. Plaintiff cannot satisfy the requirements of Rule 23 with respect to financial products that he did not apply for.

***Third***, and similarly, because Plaintiff's own claims are predicated on his status as a DACA recipient, he cannot assert claims on behalf of individuals who were not DACA recipients when they applied for a loan.

***Finally,*** Plaintiff's proposed class definitions impermissibly attempt to create "fail-safe" classes, since class membership under Plaintiff's definitions is determined by liability. Class treatment is improper where—as proposed by Plaintiff here—the court must decide the merits of an individual claim to determine who is a member of the class and where potential class members are bound only by a judgment in their favor.

Accordingly, Discover respectfully requests that the Court grant the Motion and strike the putative class allegations. As Plaintiff and his counsel have now filed three complaints, the Court may properly deny further leave to amend. To the extent the Court believes yet another opportunity to amend the complaint would be proper, Discover respectfully requests that the Court order that any such amendment including claims on behalf of a putative class must be narrowly tailored to incorporate only those individuals similarly situated to Plaintiff.

## II.     BACKGROUND

### A.     Allegations of the Second Amended Complaint

As alleged in the Second Amended Complaint, Plaintiff resides in California and is a DACA recipient. (2d Am. Compl. ¶¶ 7-9, 15, 24, 31.) Discover is a federally insured bank that offers a variety of financial products, including but not limited to student loans, home loans, personal loans and credit cards. (See id. ¶¶ 1, 11.)

Plaintiff alleges that he called Discover in March 2021 to apply for a home equity line of credit ("HELOC") to help fund a small business venture. (Id. ¶ 35.) Upon learning that Plaintiff was a DACA recipient, a Discover loan officer allegedly told him that Discover does not make loans or extend credit to individuals who are not lawful permanent residents. (Id. ¶ 36.) Plaintiff

-2-

alleges that Discover's online application platform confirms that it only offers HELOCs to United States citizens and lawful permanent residents. (Id. ¶ 37.) Plaintiff alleges that he was therefore denied the opportunity to secure a HELOC from Discover on the basis of his status as a DACA recipient. (Id. ¶ 38.)

Based on the foregoing, Plaintiff asserts claims against Discover under 42 U.S.C. § 1981 and the UCRA, seeking injunctive and declaratory relief, statutory and compensatory damages and attorneys' fees and costs. (Id. at 9-10 ¶¶ 54-70, 11.) Plaintiff purports to assert his claims on his own behalf and on behalf of nationwide and California classes, respectively defined as:

> All persons who resided in the United States at the relevant time they applied for or attempted to apply for a financial product from Discover Bank but were denied full and equal consideration by Discover Bank on the basis of alienage[; and]
>
> All persons who resided in California at the relevant time they applied for or attempted to apply for a financial product from Discover Bank but were denied full and equal consideration by Discover Bank on the basis of their immigration status.

(Id. ¶¶ 41-42.)

### B. Procedural History

On July 22, 2020, plaintiffs Perez and Guzman Magaña filed their original complaint against Discover in the Superior Court of California, County of San Mateo, seeking to represent all persons residing in California who applied for a financial product from Discover and were allegedly rejected or denied equal consideration on the basis of immigration status, purportedly in violation of the UCRA. (See ECF No. 1-1.) On December 7, 2020, following removal to this Court, Perez and Guzman Magaña amended their complaint by adding a claim under § 1981 on behalf of a putative nationwide class. (See ECF No. 18.) In response to the First Amended Complaint, Discover moved the Court for an order (1) compelling Perez and Guzman Magaña to arbitrate their claims against Discover on an individual basis pursuant to the terms of their arbitration agreements with Discover and (2) staying the action in its entirety pending completion of arbitration. (ECF No 24.)

On July 23, 2021—after briefing on Discover's motion to compel arbitration was completed but before oral argument—Perez and Guzman Magaña filed a Second Amended Complaint naming Jimenez Magaña as an additional plaintiff and adding allegations relating to his application for a

-3-

Discover HELOC.  (ECF No. 43.)  The parties stipulated that Discover's response to the Second Amended Complaint would be due 30 days after the Court's order on Discover's motion to compel arbitration.  (ECF No. 42.)

On September 23, 2021, the Court entered an order granting Discover's motion to compel arbitration and staying the action as to the claims of Perez and Guzman Magaña pending completion of arbitration.  (ECF No. 51.)

### III.     ARGUMENT

#### A.     Standard on a Motion to Strike Class Allegations

Pursuant to Federal Rule of Civil Procedure 12(f), a party may move to strike "an insufficient defense or any redundant, immaterial, or impertinent and scandalous matter."  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]"  Tietsworth v. Sears, 720 F. Supp. 2d 1123, 1145-46 (N.D. Cal. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)).

"Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."  Sanders v. Apple Inc., 672 F. Supp. 2d 978, 989-90 (N.D. Cal. 2009); see also Tietsworth, 720 F. Supp. 2d at 1145-46 (stating that a defendant may move to strike class allegations under Rules 23(d)(1)(D) and 23(c)(1)(A) as well as Rule 12(f)); Carpenter v. PetSmart, Inc., 441 F. Supp. 3d 1028, 1032 (S.D. Cal. 2020) (same, citing Rule 23(d)(1)(D) and Rule 12(f)).  In ruling on a motion to strike class allegations, a court analyzes whether plaintiff's class allegations identify an ascertainable class and satisfy the requirements of Rule 23(a) and 23(b).  Tietsworth, 720 F. Supp. 2d at 1146; see also Hovsepian v. Apple, Inc., No. 08-cv-5788-JF, 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009) (same).

### B. The Second Amended Complaint's Class Allegations Should Be Stricken.

#### 1. Plaintiff Cannot Represent Applicants or Borrowers Subject to Arbitration Agreements.

To certify the proposed classes, Plaintiff must allege facts establishing the requirements of Rule 23(a), including Rule 23(a)(3)'s mandate that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." The test for typicality under Rule 23(a) is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 984 (9th Cir. 2011). In short, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 156 (1982) (internal quotation marks omitted). In addition, "Rule 23(a)(4) imposes a closely related requirement to typicality: that the class representative will 'fairly and adequately protect the interests of the class.'" Tan v. Grubhub, Inc., No. 15-CV-05128-JSC, 2016 WL 4721439, at *2 (N.D. Cal. July 19, 2016), aff'd sub nom. Lawson v. Grubhub, Inc., No. 18-15386, 2021 WL 4258826 (9th Cir. Sept. 20, 2021) (quoting Fed. R. Civ. P. 23(a)(4)). Furthermore, Rule 23(a)(2) requires a showing that there "are questions of law or fact common to the class." To satisfy the commonality requirement, class members' claims "must depend upon a common contention of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2545 (2011).

Here, the putative classes defined in the Second Amended Complaint include individuals who are required to arbitrate any claims they may have against Discover. Indeed, the defined classes would include within their scope the claims of Perez and Guzman Magaña, which this Court has already determined are subject to arbitration. (See ECF No. 51.) However, as numerous courts have recognized, a class representative whose claims are not subject to an arbitration agreement—like Plaintiff here—cannot represent putative class members whose claims are subject to such an agreement, as the representative's claims and defenses are not typical of those of the putative class members. See, e.g., Tan, 2016 WL 4721439, at *3 (finding plaintiff could not satisfy

-5-

requirements of adequacy and typicality where putative class members were bound by arbitration agreements but plaintiff was not); Conde v. Open Door Mktg., LLC, 223 F. Supp. 3d 949, 960-63 (N.D. Cal. 2017) (denying certification where putative class members were subject to arbitration agreements but plaintiff was not); Avilez v. Pinkerton Gov't Servs., Inc., 596 F. App'x 579, 579 (9th Cir. 2015) (holding that district court abused its discretion by certifying classes and subclasses that included employees who were bound by arbitration agreements with class-action waivers, where plaintiff's arbitration agreement did not include such a waiver, due to lack of adequacy and typicality). Similarly, because the putative classes include individuals subject to arbitration agreements with Discover, the "proceedings here will not generate common answers because the arbitration and class waiver provisions 'preclude the vast majority of class members from having their claims litigated in this action.'" Tan, 2016 WL 4721439, at *4 (citing In re Titanium Dioxide Antitrust Litig., 962 F. Supp. 2d 840, 861 (D. Md. 2013), and Renton v. Kaiser Found. Health Plan, Inc., No. C00-5370RJB, 2001 WL 1218773, at *5 (W.D. Wash. Sept. 24, 2001)).

### 2. Plaintiff Cannot Bring Class Claims on Behalf of Individuals Who Applied for or Received Financial Products Other Than Home Loans.

The Court should also strike the class allegations because Plaintiff's claims are not typical of the classes he seeks to represent. Notably, in Perez v. Wells Fargo Bank, N.A., No. 17-CV-00454-MMC, 2018 WL 2129822 (N.D. Cal. May 9, 2018), the same attorneys representing Plaintiff here brought similar discrimination claims against Wells Fargo, including claims against its auto lending and mortgage lines of business even though no named plaintiff actually applied for those products. The district court found that plaintiff did not meet her burden of showing that her claims were typical but permitted an opportunity to amend to add a plaintiff who applied for the other products. Id. at *4. Following a failed amendment where no plaintiff could plead an individual claim with respect to an auto or mortgage loan, these other lines of business were stricken from the class for lack of typicality. See id. Other courts have similarly held that a named plaintiff who obtains a product different from the product obtained by putative class members fails to satisfy Rule 23's typicality requirement. See, e.g., Major v. Ocean Spray Cranberries, Inc., No. 5:12-CV-03067 EJD, 2013 WL 2558125, at *3 (N.D. Cal. June 10, 2013 (holding that typicality

-6-

requirement was not met where the "named plaintiff . . . purchased a different product than that purchased by unnamed plaintiffs") (citation and internal quotation marks omitted); Lewis Tree Serv., Inc. v. Lucent Techs. Inc., 211 F.R.D. 228, 232-34 (S.D.N.Y. 2002) (holding that named plaintiff, who purchased only two of the many products at issue, did not satisfy typicality).

Here, Plaintiff fails to allege facts showing that he applied for any product from Discover other than a home-equity loan.  Accordingly, he cannot represent individuals who applied for and/or received different types of credit products, including student loans, personal loans and credit cards.  This is particularly so due to differences in the underwriting criteria for different products.  For example, the allegations pertaining to Guzman Magaña stand in stark contrast to those of Plaintiff.  Guzman Magaña alleges that he was actually approved for a student loan and was merely required to have a co-borrower.  (See 2d Am. Compl. ¶¶ 24-29.)  Plainly, Plaintiff cannot satisfy Rule 23's typicality requirement given these factual circumstances.

### 3.  Likewise, Plaintiff Cannot Bring Class Claims on Behalf of Individuals Who Were Not DACA Recipients.

Similarly, because Plaintiff's own claims are predicated on his status as a DACA recipient (see id. ¶ 38), his attempt to assert claims on behalf of individuals who were not DACA recipients when they applied for a loan runs afoul of Rule 23(a)'s typicality requirement.  The putative classes, as defined, include "[a]ll persons who resided in the United States [or California for the subclass] at the relevant time they applied for or attempted to apply for a financial product from Discover Bank[.]"  This definition broadly encompasses individuals who were subject to immediate deportation, either because they were not a DACA recipient or because they had not renewed their DACA status.  Such individuals may be subject to different defenses than Plaintiff.  See Anderson v. Conboy, 156 F.3d 167, 180 (2d Cir. 1998) ("If an employer refuses to hire a person because that person is in the country illegally, that employer is discriminating on the basis not of alienage but of noncompliance with federal law.").  In addition, this broad definition includes individuals who are no longer present in the United States—e.g., international students whose student or work visa expired or who simply returned back to their country of origin following graduation—seriously implicating due process concerns including with respect to notice,

-7-

the right to opt out and whether any ruling by this Court would be binding on such individuals. Again, given the stark contrast to the factual circumstances of Plaintiff, Plaintiff cannot satisfy Rule 23's typicality requirement.

### 4. The Putative Classes Are Improper "Fail-Safe" Classes.

"A class definition should be 'precise, objective, and presently ascertainable,' that is, the class must be 'definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member.'" Roth v. CHA Hollywood Med. Ctr., L.P., No. 2:12-CV-07559-ODW, 2013 WL 5775129, at *4 (C.D. Cal. Oct. 25, 2013) (quoting O'Connor v. Boeing N. Am., Inc., 184 F.R.D. 311, 319 (C.D. Cal. 1998) (internal quotation marks omitted)). "[C]lass treatment is not appropriate if 'the court must determine the merits of an individual claim to determine who is a member of the class.'" Id. (quoting Johns v. Bayer Corp., 280 F.R.D. 551, 555 (S.D. Cal. 2012)). In particular, courts should not certify a "failsafe" class "in which the class members 'either win or are not in the class.'" Id. at *5 (quoting In re AutoZone, Inc., Wage & Hour Emp. Pracs. Litig., 289 F.R.D. 526, 546 (N.D. Cal. 2012) (internal quotation marks omitted)); see also Dixon v. Monterey Fin. Servs., Inc., No. 15-cv-03298-MMC, 2016 WL 4426908, at *1 (N.D. Cal. Aug. 22, 2016) (noting class is fail-safe where class definition is "one that determines the scope of the class only once it is decided that a class member was actually wronged") (citing Kamar v. RadioShack Corp., 375 F. App'x 734, 736 (9th Cir. 2010)); Randleman v. Fidelity Nat'l Title Ins. Co., 646 F.3d 347, 352 (6th Cir. 2011) (holding an improper fail-safe class exists where "[e]ither class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment").

Here, the putative classes are improperly fail-safe because class membership depends on a determination of liability, i.e., that Discover "denied full and equal consideration . . . on the basis of alienage" or "immigration status." (2d Am. Compl. ¶¶ 41-42.) Thus, the Court would need to determine the merits of each potential class member's claims to ascertain who is actually in the class. Moreover, if Discover were to prevail by establishing that it did not discriminate on the basis of alienage or immigration status, then no one would be a class member or bound by the judgment. Courts routinely strike these types of classes as impermissibly fail-safe and unmanageable,

-8-

including in the Wells Fargo case brought by Plaintiff's counsel and discussed above.  See, e.g., Kevari v. Scottrade, Inc., No. CV 18-819-JFW(GJSX), 2018 WL 6136822, at *9 (C.D. Cal. Aug. 31, 2018) ("Plaintiff's subclasses consist of unmanageable 'fail safe' classes"; e.g., "two of Plaintiff's subclasses are comprised of 'women who were discriminated against in treatment, terms and conditions of their employment.'"); White v. Hilton Hotels Ret. Plan, No. CV 16-856 (CKK), 2020 WL 5946066, at *3 (D.D.C. Oct. 7, 2020) (holding "the class definition: 'All Black CBA employees who have been discriminated against because of their race or color in regard to competitive promotion selections,' is impermissibly 'fail-safe' because it 'makes membership in the class contingent on individualized merits determinations as to whether the individual suffered discrimination because of his race.'"); Chavez v. Air Prods. & Chems. Inc., No. CV1406360BROPJWX, 2016 WL 9558905, at *8 (C.D. Cal. Feb. 24, 2016) (denying certification of various fail-safe subclasses, including workers who "were not paid all wages due them" and workers who "were not provided accurate wage statements."); Wells Fargo, 2018 WL 2129822, at *1 (noting that the court previously granted defendant's motion to strike on the grounds that plaintiff had pleaded a "fail-safe" class).

### IV.   CONCLUSION

For the foregoing reasons, Discover respectfully requests that the Court grant the Motion in its entirety.

Dated:  October 18, 2021

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
ARJUN P. RAO
DAVID W. MOON
ALI FESHARAKI

By:   /s/ Arjun P. Rao
           Arjun P. Rao

Attorneys for Defendant
DISCOVER BANK

-9-

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:20-cv-06896-SI

LA 52611180

# CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, a copy of **NOTICE OF MOTION AND MOTION OF DEFENDANT DISCOVER BANK TO STRIKE CLASS ALLEGATIONS OF SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

By: _/s/ Arjun P. Rao_
Arjun P. Rao

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 52611180

CERTIFICATE OF SERVICE
Case No. 3:20-cv-06896-SI