STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
ARJUN P. RAO (State Bar No. 265347)
DAVID W. MOON (State Bar No. 197711)
ALI FESHARAKI (State Bar No. 316559)
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone:   310-556-5800
Facsimile:   310-556-5959
Email: lacalendar@stroock.com

Attorneys for Defendant
  DISCOVER BANK

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ILIANA PEREZ, an individual, FLAVIO GUZMAN MAGAÑA, an individual, and JOSUE JIMENEZ MAGAÑA, an individual, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DISCOVER BANK, a Delaware corporation,<br><br>　　　　　Defendant. | Case No. 3:20-cv-06896-SI<br><br>[Assigned to the Hon. Susan Illston]<br><br>**REPLY IN SUPPORT OF MOTION OF DEFENDANT DISCOVER BANK TO STRIKE CLASS ALLEGATIONS OF SECOND AMENDED COMPLAINT**<br><br><u>Hearing Date, Time and Courtroom:</u><br>Date:　　　December 3, 2021<br>Time:　　　10:00 a.m.<br>Courtroom:　1 |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 3

    A. Plaintiff Cannot Represent Applicants or Borrowers Whose Loan Documents Include Arbitration Agreements. ........................................................................ 3

        1. Plaintiff's Attempt to Represent Individuals Who Agreed to Arbitrate Renders the Putative Classes Facially Defective. ............................................. 3

        2. Discover Is Not Seeking an "Advisory Opinion" as to the Enforceability of Putative Class Members' Arbitration Agreements. ............. 5

        3. The Truth in Lending Act Is Irrelevant to the Motion. ................................. 6

        4. The Opt-Out Provision in Perez's Arbitration Agreement Is Irrelevant to the Motion. .................................................................................................. 6

    B. Plaintiff Cannot Bring Class Claims on Behalf of Individuals Who Applied for or Received Financial Products Other Than Home Loans. ................................. 7

    C. Likewise, Plaintiff Cannot Bring Class Claims on Behalf of Individuals Who Were Not DACA Recipients. .......................................................................... 9

    D. The Putative Classes Are Improper "Fail-Safe" Classes. .......................................... 10

III. CONCLUSION ............................................................................................................ 12

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

Anderson v. CBE Grp., Inc.,
No. 11-cv-245 SI, 2011 WL 13355811 (N.D. Cal. Apr. 18, 2011)..........................2, 11

Anderson v. Conboy,
156 F.3d 167 (2d Cir. 1998) ......................................................................................9

Avilez v. Pinkerton Gov't Servs., Inc.,
596 F. App'x 579 (9th Cir. 2015) ............................................................................3, 4

B & R Supermarket, Inc. v. Visa Inc.,
No. 17-cv-2738, 2021 WL 4408167 (E.D.N.Y. Sept. 27, 2021) ................................5

Brazil v. Dell Inc.,
585 F. Supp. 2d 1158 (N.D. Cal. 2008) ..................................................................11

Carpenter v. PetSmart, Inc.,
441 F. Supp. 3d 1028 (S.D. Cal. 2020) ....................................................................7

Cobb v. Ironwood Country Club,
233 Cal. App. 4th 960 (2015) ...................................................................................6

Conde v. Open Door Mktg., LLC,
223 F. Supp. 3d 949 (N.D. Cal. 2017) ......................................................................3

Jackson v. Aliera Cos., Inc.,
No. 19-CV-01281-BJR, 2020 WL 4787990 (W.D. Wash. Aug. 18, 2020) ...............5

Kamar v. RadioShack Corp.,
375 F. App'x 734 (9th Cir. 2010) ............................................................................10

Lawson v. Grubhub, Inc.,
13 F. 4th 908 (9th Cir. 2021) ....................................................................................3

Lewis Tree Serv., Inc. v. Lucent Techs. Inc.,
211 F.R.D. 228 (S.D.N.Y. 2002) ..............................................................................8

Major v. Ocean Spray Cranberries, Inc.,
No. 5:12-cv-03067-EJD, 2013 WL 2558125 (N.D. Cal. June 10, 2013) ..................8

Melgar v. CSK Auto, Inc.,
681 F. App'x 605 (9th Cir. 2017) ............................................................................10

Moua v. Optum Servs., Inc.,
320 F. Supp. 3d 1109 (C.D. Cal. 2018) ....................................................................6

O'Connor v. Uber Techs., Inc.,
    904 F.3d 1087 (9th Cir. 2018) .................................................................................................3

Parsons v. Ryan,
    754 F.3d 657 (9th Cir. 2014) ...................................................................................................8

Peleg v. Neiman Marcus Grp., Inc.,
    204 Cal. App. 4th 1425 (2012) ................................................................................................6

Perez v. Wells Fargo Bank, N.A.,
    No. 17-cv-00454-MMC, 2018 WL 2129822 (N.D. Cal. May 9, 2018) ........................7, 8, 9, 10

Ramirez v. Baxter Credit Union,
    No. 16-cv-03765-SI, 2017 WL 1064991 (N.D. Cal. Mar. 21, 2017) .............................................1

Reno v. W. Cab Co.,
    No. 18-cv-00840-APG-NJK, 2020 WL 5606897 (D. Nev. Sept. 18, 2020) ................................6

Ruiz Torres v. Mercer Canyons Inc.,
    835 F.3d 1125 (9th Cir. 2016) ................................................................................................10

Sanders v. Apple Inc.,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ......................................................................................7

Tan v. Grubhub, Inc.,
    No. 15-cv-05128-JSC, 2016 WL 4721439 (N.D. Cal. July 19, 2016) ...................................3, 4

Tietsworth v. Sears,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ....................................................................................7

Vizcaino v. U.S. Dist. Ct. for W. Dist. of Wash.,
    173 F.3d 713 (9th Cir. 1999) ..................................................................................................10

Waterbury v. A1 Solar Power Inc.,
    No. 15-cv-2374-MMA (WVG), 2016 WL 3166910 (S.D. Cal. June 7, 2016) ..........................12

Whittington v. Taco Bell of Am., Inc.,
    No. 10-CV-01884-KMT-MEH, 2011 WL 1772401 (D. Colo. May 10, 2011) ..........................5

**Statutes**

8 U.S.C. § 1324a ...............................................................................................................................9

42 U.S.C. § 1981 .................................................................................................................9, 10, 11

**Rules**

Fed. R. Civ. P. 12 ..........................................................................................................................1, 7

Fed. R. Civ. P. 23 ......................................................................................................................*passim*

-iii-

REPLY I/S/O MOTION TO STRIKE CLASS ALLEGATIONS
Case No. 3:20-cv-06896-SI

LA 52623170

## I. INTRODUCTION

Discover acknowledges that motions to strike class allegations are granted in limited circumstances.[1] As fully set forth in the Motion and herein, this case presents the necessary circumstances which warrant striking the class allegations. Indeed, this Court has recognized the benefit of addressing defective class allegations at an early stage where a defect in the class allegations is apparent on the face of the pleadings and can be evaluated by the Court without the need to conduct pre-certification discovery. See Ramirez v. Baxter Credit Union, No. 16-cv-03765-SI, 2017 WL 1064991, at *8 (N.D. Cal. Mar. 21, 2017) (Illston, J.) (granting motion to strike class allegations that were "facially invalid" because proposed class period exceeded applicable limitations period). Thus, where class allegations are facially defective as a matter of law, a motion to strike under Rules 12(f) and Rule 23(d)(1)(D) can and should be granted.

*First*, Plaintiff's proposed classes cannot be certified under Rule 23 because the class definitions encompass individuals whose loan documents include arbitration agreements. This Court's September 23, 2021 Order requiring Perez and Guzman Magaña (as prior putative class representatives, they necessarily fall within the scope of the putative class definitions) to submit their claims to arbitration pursuant to the terms of their respective written agreements with Discover represented a seismic shift in the scope of this action. Rather than exclude persons subject to similar written agreements from the definition of the putative classes, Plaintiff elected to proceed as if this Court's September 23, 2021 Order did not exist.

Notably, Plaintiff does not, and cannot, dispute: (1) the putative class definitions include persons whose written agreements contain an agreement to arbitrate; (2) Plaintiff is not subject to a written agreement to arbitrate; and (3) that as a matter of law a class representative whose claims are not subject to an arbitration agreement—like Plaintiff here—cannot represent putative class members whose claims potentially are subject to such an agreement. Because this is a ***facial defect*** in the putative classes that does not require any further discovery, this Court can and should address the issue at this stage. Tellingly, Plaintiff's Opposition is devoid of any explanation of

---

[1] Terms are used herein as defined in the Motion.

what discovery is necessary before this Court may decide this issue of law. Plaintiff's argument that Discover is improperly seeking an "advisory opinion" in this regard is meritless. The issue here is not whether putative class members are bound by their arbitration agreements, but rather whether Plaintiff can adequately represent putative class members in determining whether those individuals are bound by their arbitration agreements. The answer to that question is perfectly clear under Ninth Circuit precedent: Plaintiff cannot do so because he cannot satisfy Rule 23's requirements of adequacy and typicality.

*Second*, Plaintiff's proposed classes improperly include individuals who applied for credit cards or other types of loans even though Plaintiff alleges that he applied only for a home-equity loan. Plaintiff cannot satisfy the requirements of Rule 23 with respect to financial products that he did not apply for. Similarly, because Plaintiff's own claims and Discover's defenses to those claims are (or will be) predicated on his status as a DACA recipient, he cannot assert claims on behalf of individuals who were not DACA recipients when they applied for a loan. Again, these are ***facial defects*** that cannot be remedied through pre-certification discovery.

*Finally,* Plaintiff's proposed class definitions impermissibly attempt to create "fail-safe" classes, since class membership under Plaintiff's definitions is determined by liability. As a matter of law, class treatment is improper where—as proposed by Plaintiff here—the court must decide the merits to determine who is a member of the class and where potential class members are bound only by a judgment in their favor. Plaintiff's arguments to the contrary are without merit. Initially, the Ninth Circuit has expressly rejected fail-safe classes. Moreover, Plaintiff's proposed classes are clearly fail-safe. Indeed, unlike in this Court's decision in Anderson v. CBE Grp., Inc., No. 11-cv-245 SI, 2011 WL 13355811 (N.D. Cal. Apr. 18, 2011), there are no "legal questions" to be resolved nor any need for discovery to be conducted to determine whether Plaintiff's class definitions are improperly fail-safe. Rather, once again, Plaintiff's class allegations are ***facially defective***.

Accordingly, Discover respectfully requests that the Court grant the Motion and strike Plaintiff's class allegations. To the extent the Court believes yet another opportunity to amend the

LA 52623170

complaint would be proper, Discover respectfully requests that the Court order that any such amendment including claims on behalf of a putative class must be narrowly tailored to incorporate only those individuals similarly situated to Plaintiff.

## II. ARGUMENT

### A. Plaintiff Cannot Represent Applicants or Borrowers Whose Loan Documents Include Arbitration Agreements.

#### 1. Plaintiff's Attempt to Represent Individuals Who Agreed to Arbitrate Renders the Putative Classes Facially Defective.

As set forth in the Motion, courts in the Ninth Circuit have repeatedly held that putative class members who have entered into agreements to arbitrate cannot be represented by a class representative that is not subject to an arbitration agreement. See Lawson v. Grubhub, Inc., 13 F. 4th 908, 913 (9th Cir. 2021) ("All members of Lawson's putative class—except Lawson and one other—signed agreements waiving their right to participate in a class action. The district court correctly held Lawson could not satisfy the requirements in Rule 23(a) because he is neither typical of the class nor an adequate representative, and because the proceedings would be unlikely to generate common answers."); Tan v. Grubhub, Inc., No. 15-cv-05128-JSC, 2016 WL 4721439, at *3 (N.D. Cal. July 19, 2016) (finding plaintiff could not satisfy requirements of adequacy and typicality where putative class members agreed to arbitrate but plaintiff did not); Conde v. Open Door Mktg., LLC, 223 F. Supp. 3d 949, 960-63 (N.D. Cal. 2017) (denying certification where putative class members were subject to arbitration agreements but plaintiff was not); see also Avilez v. Pinkerton Gov't Servs., Inc., 596 F. App'x 579, 579 (9th Cir. 2015) ("The district court abused its discretion to the extent it certified classes and subclasses that include employees who signed class action waivers. Avilez's arbitration agreement does not contain a class action waiver and counsel did not dispute that those who signed such waivers have potential defenses that Avilez would be unable to argue on their behalf. To the extent the classes and subclasses include individuals who signed class action waivers, Avilez is not an adequate representative, Fed. R. Civ. P. 23(a)(4), and her claim lacks typicality, Fed. R. Civ. P. 23(a)(3)."); cf. O'Connor v. Uber Techs.,

LA 52623170

Inc., 904 F.3d 1087, 1094 (9th Cir. 2018) (decertifying class that included individuals who had entered into agreement to arbitrate their claims).

Plaintiff does not resist this indisputable statement of law. Instead, in the Opposition, Plaintiff contends that "[t]here is no evidence before the Court that would dictate that *all* putative class members will be *uniformly* bound to arbitrate their claims." (Pl.'s Opp'n (emphasis in original).) However, Plaintiff entirely misses the point. It is not Discover's burden to demonstrate that each putative class member with an arbitration provision in his or her loan documents is required to arbitrate; instead, it is Plaintiff's burden to demonstrate that he can adequately represent such individuals. As the foregoing authorities explain, he cannot do so because Plaintiff's application does not contain an arbitration provision. See Tan, 2016 WL 4721439, at *3 ("[Plaintiff's] claims are not typical of the putative class members nor can he adequately represent the interests of those members, who are ***potentially*** bound by the arbitration and class action waiver provisions." (emphasis added)); Avilez, 596 F. App'x at 579 (holding that plaintiff could not represent a class of individuals with "***potential*** defenses that [plaintiff] would be unable to argue on their behalf" (emphasis added).)

Thus, contrary to Plaintiff's arguments in the Opposition, his attempt to represent individuals who agreed to arbitrate when Plaintiff did not is a ***facial defect*** in the classes as pleaded that this Court can and should address on the pleadings. Moreover, the fact that some class members are subject to arbitration agreements and some are not does not require discovery to establish. That Discover student loan agreements include an arbitration provision is a matter of record, as the Court has already granted Discover's motion to compel arbitration as to Perez and Guzman Magaña. Likewise, it is undisputed that applicants for Discover home equity loans are not subject to arbitration agreements, since (as Plaintiff expressly alleges in the Second Amended Complaint) the Truth in Lending Act prohibits arbitration provisions in home equity loan agreements, a point that Plaintiff also reiterates in his Opposition. (2d Am. Compl. 6 n.2; Pl.'s Opp'n 2:17-21.)

-4-
REPLY I/S/O MOTION TO STRIKE CLASS ALLEGATIONS
Case No. 3:20-cv-06896-SI

LA 52623170

### 2. Discover Is Not Seeking an "Advisory Opinion" as to the Enforceability of Putative Class Members' Arbitration Agreements.

Contrary to Plaintiff's argument in the Opposition, Discover does not seek an "advisory opinion" regarding the enforceability of putative class members' arbitration agreements. In particular, Discover is not seeking "a Court ruling that class members will be bound by arbitration." (Pl.'s Opp'n 5:5-6.) Indeed, this argument again entirely misses the point. The issue here is not whether putative class members are bound by their arbitration agreements. Instead, the issue is whether Plaintiff can adequately represent putative class members in determining whether those individuals are bound by their arbitration agreements. The answer to *that* question is perfectly clear under Ninth Circuit precedent: Plaintiff cannot do so because he cannot satisfy the requirements of adequacy and typicality.

Plaintiff's bold pronouncement that it is "well-established" that the effect of an arbitration provision on class certification may be addressed *only* in the context of a motion to compel arbitration filed after a class has been certified and the opt-out period has expired (Pl.'s Opp'n 5:11-13) is without merit. Although a defendant may move to compel arbitration after a class is certified, Plaintiff cites no authority that even suggests—much less holds—that a court may not consider the effect of an arbitration clause on adequacy and typicality prior to certification.[2] Indeed, the cases cited by Discover in the Motion refute such a proposition.

In short, Plaintiff is once again confusing a ruling on the validity of putative class members' arbitration agreements (which has nothing to do with the present Motion) with a ruling on Plaintiff's ability to meet the requirements of Rule 23 (the actual issue here).

---

[2] The primary case that Plaintiff cites in support of this argument is B & R Supermarket, Inc. v. Visa Inc., No. 17-cv-2738, 2021 WL 4408167, at *4-6 (E.D.N.Y. Sept. 27, 2021). In addition to being non-binding authority from another circuit, the case says nothing whatsoever about post-certification motions to compel being the exclusive avenue for addressing the effect of an arbitration agreement on class composition. Likewise, the decision in Jackson v. Aliera Cos., Inc., No. 19-CV-01281-BJR, 2020 WL 4787990, at *5 (W.D. Wash. Aug. 18, 2020) (holding that defendant did not waive right to compel arbitration as to putative class members who became named plaintiffs prior to certification) is similarly inapposite. The other case cited by Plaintiff, Whittington v. Taco Bell of Am., Inc., No. 10-CV-01884-KMT-MEH, 2011 WL 1772401, at *7 (D. Colo. May 10, 2011), actually refutes his position, since the Whittington court recognized that courts properly assess the impact of arbitration agreements on class certification as part of a Rule 23(a) analysis.

-5-

### 3. The Truth in Lending Act Is Irrelevant to the Motion.

In section I.C of the Opposition, Plaintiff argues that "even accepting as true Defendant's argument that [Plaintiff] cannot represent arbitration-bound class members, it is undisputed that Plaintiff can represent a similarly-situated class of TILA applicants and borrowers." (Pl.'s Opp'n 7:3-5.) While Plaintiff is correct that the Motion does not challenge Plaintiff's ability to represent DACA recipients who applied for the same financial product that Plaintiff applied for, the question of whether Plaintiff can ultimately establish that he satisfies Rule 23's requirements as to such class members is not before the court. Instead, the issue is whether Plaintiff may proceed past the pleading stage in an attempt to represent a much broader class of putative class members (he cannot).

### 4. The Opt-Out Provision in Perez's Arbitration Agreement Is Irrelevant to the Motion.

Plaintiff argues at length that the opt-out provision in Perez's arbitration agreement is relevant here because absent class members would similarly have the right to opt out of arbitration and thus would not be required to arbitrate in the event Discover were to subsequently seek to enforce their arbitration agreements. (Pl.'s Opp'n 7-9.) This argument is misdirected. As discussed above, the enforceability of putative class members' arbitration agreements is not at issue; rather, Plaintiff's ability to represent the putative class members' interests is at issue.[3]

---

[3] Plaintiff's argument in this regard is a thinly-veiled attempt to re-argue Perez's pending motion for reconsideration. While not relevant to the instant Motion, Plaintiff's contention that Discover's counsel "conceded at argument" that Perez could opt out of arbitration *as to her pending claims* is incorrect. As explained in Discover's opposition to the motion for reconsideration, it is well established that when claims are subject to an arbitration agreement and the agreement is subsequently terminated or amended unilaterally by one of the parties, the changes to the arbitration agreement *do not apply to accrued or known claims*, since doing so would render the agreement illusory. Instead, the implied covenant of good faith and fair dealing restricts any changes so that they apply only to future claims. See Moua v. Optum Servs., Inc., 320 F. Supp. 3d 1109, 1114 (C.D. Cal. 2018) (discussing unilateral changes to arbitration provisions) (citing Peleg v. Neiman Marcus Grp., Inc., 204 Cal. App. 4th 1425, 1465 (2012) (same, explaining that "[a] unilateral modification provision that is silent as to whether contract changes apply to claims, accrued or known, is impliedly restricted by the covenant [of good faith and fair dealing] so that changes do not apply to such claims.").); Cobb v. Ironwood Country Club, 233 Cal. App. 4th 960, 966 (2015) (holding that the covenant of good faith and fair dealing "prohibits a party from making unilateral changes to an arbitration agreement that apply retroactively to 'accrued or known' claims because doing so would unreasonably interfere with the opposing party's expectations regarding how the agreement applied to those claims."); Reno v. W. Cab Co., No. 18-cv-00840-APG-NJK, 2020 WL 5606897, at *3 (D. Nev. Sept. 18, 2020) (same, holding that the covenant of good faith and fair dealing prohibits a party to an arbitration agreement from "modify[ing] or terminat[ing] its

-6-

Plaintiff also argues—contradictorily—that the effect of the opt-out clause "may be complex" and thus "require substantial discovery and class certification briefing." (Id. at 9:2-3.) However, Plaintiff is once again attempting to confuse the issues presented by the Motion, which are straightforward and require neither discovery nor class-certification briefing. The primary issue here, as discussed above, is whether a named plaintiff who did not agree to arbitrate his or her claims may represent a class of individuals who did. This issue presents a purely legal question that is easily resolved in Discover's favor. Because the issue on this point is purely legal—indeed, ***Plaintiff does not even suggest what discovery is needed to address the issue***—Plaintiff's boilerplate request for "full class certification discovery and briefing" (Pl.'s Opp'n 9:9-10) should be rejected.

The entire point of a Rule 12 motion is to avoid the burden and expense of litigating unnecessary issues. Thus, "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." Sanders v. Apple Inc., 672 F. Supp. 2d 978, 989-90 (N.D. Cal. 2009); see also Tietsworth v. Sears, 720 F. Supp. 2d 1123, 1145-46 (N.D. Cal. 2010) (stating that a defendant may move to strike class allegations under Rules 23(d)(1)(D) and 23(c)(1)(A) as well as Rule 12(f)); Carpenter v. PetSmart, Inc., 441 F. Supp. 3d 1028, 1032 (S.D. Cal. 2020) (same, citing Rule 23(d)(1)(D) and Rule 12(f)). Here, no amount of discovery will change the two relevant, unalterable facts: ***one***, Plaintiff did not agree to arbitrate his claims; and ***two***, other putative class members did (like Perez and Guzman Magaña). The Court should rule on this issue now so that the parties, and this Court, do not waste time and money engaging in discovery and litigating an unnecessary issue.

### B. Plaintiff Cannot Bring Class Claims on Behalf of Individuals Who Applied for or Received Financial Products Other Than Home Loans.

As explained in the Motion, Plaintiff cannot bring class claims on behalf of individuals who applied for or received different types of credit products, including student loans, personal loans

---

promise to arbitrate an accrued claim," … as this would "defeat . . . [the] reasonable expectation that the parties are mutually bound to arbitrate" such claims).

-7-

LA 52623170

and credit cards, due to a lack of typicality.  See Perez v. Wells Fargo Bank, N.A., No. 17-cv-00454-MMC, 2018 WL 2129822, at *4 (N.D. Cal. May 9, 2018); see also Major v. Ocean Spray Cranberries, Inc., No. 5:12-cv-03067-EJD, 2013 WL 2558125, at *3 (N.D. Cal. June 10, 2013); Lewis Tree Serv., Inc. v. Lucent Techs. Inc., 211 F.R.D. 228, 232-34 (S.D.N.Y. 2002).

In the Opposition, Plaintiff asserts that his claims are typical, regardless of loan type, because "he and class members suffered the same injury arising from the same type of exclusionary policies, regardless of loan category." (Id. at 11:23-12:1.)  Contrary to Plaintiff's argument, however, Plaintiff acknowledges that the underwriting criteria vis-à-vis citizenship and residency for different loan products are ***different***.  Specifically, as alleged by Plaintiff, Discover will ***not*** make HELOC loans to individuals who are non-citizens and non-permanent legal residents, but Discover ***will*** make graduate student loans to such individuals if the applicant has an acceptable co-signer.  (Pl.'s Opp'n 10:1417 (quoting 2d Am. Compl. ¶¶ 19, 36-37, 25-28).)

Plaintiff's attempt to distinguish Perez v. Wells Fargo in this regard is unavailing.  As Judge Chesney explained in that case:

> Although, to meet the typicality requirement, the claims of a class representative and absent class members need not be "substantially identical," they must be "reasonably coextensive." *See Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). Here, plaintiffs have not alleged any facts to support a finding that, . . . [on] the one hand, claims based on automobile loans and home mortgages, which typically are secured, and, on the other hand, claims based on credit cards and personal loans, which typically are unsecured, are "so interrelated that the interests of the [absent] class members will be fairly and adequately protected." *See id.* (internal quotation and citation omitted).  Accordingly, to the extent Wells Fargo seeks an order striking from the definition of the A/P/M class the references to automobile loans and home mortgages, the motion will be granted.

Wells Fargo, 2018 WL 2129822, at *4.  Here, as in Wells Fargo, Plaintiff has not pleaded facts establishing that claims based on HELOC loans and claims based on other types of loans or credit cards are "so interrelated that the interests of the [absent] class members will be fairly and adequately protected." Id.  Indeed, with respect to graduate student loans in particular, Plaintiff's allegations definitively establish the opposite, since the underwriting criteria for the loans differ substantially.

-8-
REPLY I/S/O MOTION TO STRIKE CLASS ALLEGATIONS
Case No. 3:20-cv-06896-SI

LA 52623170

Accordingly, Plaintiff cannot satisfy Rule 23's typicality requirement. As in Wells Fargo, references to other loan types in Plaintiff's class definitions should be stricken.

### C. Likewise, Plaintiff Cannot Bring Class Claims on Behalf of Individuals Who Were Not DACA Recipients.

For the same reasons, the putative classes should be limited to DACA recipients rather than include, among others, both individuals who are subject to immediate deportation despite their intention to remain in the country and individuals—such as international students—who are not (or will no longer be) present in the United States because they never intended to remain. Again, given the stark contrast to Plaintiff's own factual circumstances, Plaintiff cannot satisfy Rule 23's typicality requirement.[4]

As to the former group, Plaintiff argues that Anderson v. Conboy, 156 F.3d 167, 180 (2d Cir. 1998), supports Plaintiff's argument that individuals in the country illegally *without* DACA status are no different from those *with* DACA status. To the contrary, however, the Second Circuit plainly distinguished between individuals in the country illegally and those with authorization to remain (and, specifically, those with work authorization). The Second Circuit held that a law prohibiting the hiring of individuals who lacked a valid work authorization (the Immigration Reform and Control Act of 1986, 8 U.S.C. § 1324a et seq.) did not conflict with § 1981 because refusing to hire individuals who lack a valid work authorization is not discrimination on the basis of alienage and thus does not violate § 1981. See id. at 180 ("If an employer refuses to hire a person because that person is in the country illegally, that employer is discriminating on the basis not of alienage but of noncompliance with federal law."). Contrary to Plaintiff's argument in the Opposition, the fact that federal law rather than a company policy prohibited hiring such individuals played no part in the analysis. In either event, purported discrimination based on noncompliance with federal immigration laws is *not* alienage discrimination (or, for present

---

[4] Plaintiff argues in this regard that Discover "has failed to identify any *defenses unique to Plaintiff Jimenez* that would call into question his ability to represent a class of persons who have all been affected by Discover's blanket discriminatory policy." (Pl.'s Opp'n 13:1-4 (emphasis added).) However, Plaintiff does not dispute that *class members* would have defenses against their claims different from Plaintiff, which is the relevant analysis here. (See id.)

-9-

LA 52623170

purposes, arguably is not) and is not prohibited under § 1981. Thus, these individuals may indeed be subject to different defenses than Plaintiff.

### D. The Putative Classes Are Improper "Fail-Safe" Classes.

As explained in the Motion, the putative classes here are improperly fail-safe because class membership depends on a determination of liability, i.e., that Discover "denied full and equal consideration . . . on the basis of alienage" or "immigration status." (2d Am. Compl. ¶¶ 41-42.) Thus, the Court would need to determine the merits of Plaintiffs' claims to ascertain who is actually in the class. Moreover, if Discover were to prevail by establishing that it did not discriminate on the basis of alienage or immigration status, then no one would be a class member or bound by the judgment. Courts routinely strike these types of classes as impermissibly fail-safe and unmanageable, including in the Wells Fargo case brought by Plaintiff's counsel and discussed above.

In the Opposition, Plaintiff advances three arguments as to why the Court should not strike Plaintiff's plainly improper class definitions. None of Plaintiff's arguments has merit.

***First***, Plaintiff asserts that fail-safe classes are permitted in the Ninth Circuit. (Pl.'s Opp'n 14:12-23.) However, Plaintiff's reliance in this regard on the unpublished memorandum opinion in Melgar v. CSK Auto, Inc., 681 F. App'x 605, 607 (9th Cir. 2017), is misplaced. Although Melgar has occasionally been cited for the proposition that the Ninth Circuit has not expressly rejected fail-safe classes, this is incorrect.[5] To the contrary, in Ruiz Torres v. Mercer Canyons Inc., 835 F.3d 1125 (9th Cir. 2016), the Ninth Circuit expressly noted that fail-safe classes are improper precisely because "defining the class to include only those individuals who were 'injured' by non-disclosure threatens to create a 'fail safe' class, one that is defined so narrowly as to 'preclude[ ] membership unless the liability of the defendant is established.'" Id. at 1138 n.7 (quoting Kamar v. RadioShack Corp., 375 F. App'x 734, 736 (9th Cir. 2010) (explaining that such classes are both "palpably

---

[5] In Melgar, the court concluded that the district court did not abuse its discretion by certifying a fail-safe class because the class at issue was not, in fact, fail-safe. The court also cryptically stated: "We further note, though we do not hold, that our circuit's caselaw appears to disapprove of the premise that a class can be fail-safe." Id. (citing Vizcaino v. U.S. Dist. Ct. for W. Dist. of Wash., 173 F.3d 713, 721-22 (9th Cir. 1999)). The court's citation to Vizcaino is unclear, since the Vizcaino case similarly did not involve any fail-safe classes.

-10-

LA 52623170

unfair to the defendant" and "unmanageable")). In any event, Plaintiff's contention that the lack of a "per se rule" somehow supports the "palpably unfair" and "unmanageable" class definitions proposed by Plaintiff here should be rejected.

***Second***, Plaintiff argues that the proposed classes are not fail-safe because they are based on "objective criteria." (Pl.'s Opp'n 15:7.) To the contrary, defining a class based on a finding that class members were "denied full and equal consideration . . . on the basis of alienage" or "immigration status" requires a legal determination on the merits of Plaintiff's § 1981 and UCRA claims respectively. See Brazil v. Dell Inc., 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008) ("As alleged, the proposed classes include California persons or entities who purchased Dell computer products that 'Dell falsely advertised.' To determine who should be a member of these classes, it would be necessary for the court to reach a legal determination that Dell had falsely advertised.").[6]

***Third***, Plaintiff argues that even if the proposed classes are fail-safe—and thus properly stricken—the Court should nevertheless deny the motion because Plaintiff ***might*** unilaterally decide to amend the class definitions at some unstated point in the future. (Pl.'s Opp'n 16:3-17:5.) However, Plaintiff's reliance on this Court's decision in Anderson is misplaced. In Anderson, defendants argued that the putative classes were fail-safe because they "define[d] class membership to include only those persons who were called 'without their prior express consent' and "the issue of prior consent [could not] be determined on a class-wide basis because it raise[d] individual questions specific to each class member." Id., 2011 WL 13355811, at *2. Plaintiffs countered that "the phrase 'without their prior express consent . . .'" d[id] not render the classes fail-safe, but rather [was] a way of narrowing the classes." Id. This Court declined to reach the issue on a motion to strike, reasoning that "[t]he Court will be better positioned to assess the validity of [defendants'] objections after the parties have developed the factual record and any legal questions about the TCPA have been resolved." Id. Here, unlike in Anderson, there are no "legal questions" to be resolved, nor is there any need for discovery to be conducted as to whether the phrase "denied

---

[6] Contrary to Plaintiff's assertion (Pl.'s Opp'n 16 n.7), a class may be improperly fail-safe even if the court need not make individualized determinations. See id.

-11-
REPLY I/S/O MOTION TO STRIKE CLASS ALLEGATIONS
Case No. 3:20-cv-06896-SI

full and equal consideration" renders Plaintiff's class definitions improperly fail-safe, since it plainly does.[7]

Accordingly, Plaintiff's class allegations should be stricken as improperly fail-safe.

### III.   CONCLUSION

For the foregoing reasons and for those set forth in the Motion, Discover respectfully requests that the Court grant the Motion in its entirety.

Dated:  November 18, 2021

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
ARJUN P. RAO
DAVID W. MOON
ALI FESHARAKI

By: _____/s/ Arjun P. Rao_____
         Arjun P. Rao

Attorneys for Defendant
  DISCOVER BANK

---

[7] Plaintiff also cites Waterbury v. A1 Solar Power Inc., No. 15-cv-2374-MMA (WVG), 2016 WL 3166910, at *5 (S.D. Cal. June 7, 2016), for the proposition that courts rarely strike fail-safe classes.  (Pl.'s Opp'n 16.)  However, Waterbury did not involve a fail-safe class.  See id.  In fact, the court in Waterbury recognized that "[c]ourts may strike class definitions defining failsafe classes at the pleading stage."  Id. at *4.

# CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2021, a copy of **REPLY IN SUPPORT OF MOTION OF DEFENDANT DISCOVER BANK TO STRIKE CLASS ALLEGATIONS OF SECOND AMENDED COMPLAINT** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

By:      */s/Arjun P. Rao*
         Arjun P. Rao

LA 52623170