UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILIANA PEREZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DISCOVER BANK,<br><br>    Defendant. | Case No. 20-cv-06896-SI<br><br>**ORDER GRANTING MOTION FOR PARTIAL RECONSIDERATION**<br><br>Re: Dkt. No. 72 |

On December 7, 2021, the Court granted plaintiff Iliana Perez leave to file a motion for partial reconsideration of the Court's prior order requiring Perez to submit her claims to arbitration. Dkt. No. 69 (granting leave to file); Dkt. No. 51 (order granting defendant's motion to compel arbitration). Before the Court is Perez's motion for partial reconsideration. For the reasons set forth below, the Court **GRANTS** the motion and hereby rescinds the portion of its prior order compelling Perez to submit her claims to arbitration.

## BACKGROUND

This case involves three plaintiffs suing Discover Bank for discriminatory loan practices. Second Amended Complaint. Dkt. No. 43. The present matter involves only one of those plaintiffs—Iliana Perez.

### I. The Underlying Loans and Lawsuit

In 2009, Perez secured a $15,000 student loan from The Student Loan Corporation, a subsidiary of Citibank and a nonparty to this action (hereafter referred to the "student loan"). Dkt. No. 43 ¶ 13. The following year, Citibank sold The Student Loan Corporation to Discover Bank, the defendant in this case. *Id.* ¶ 14. Thus, Discover is the current holder of the Citibank student loan.

The claims against Discover arose in 2019 when Perez applied for a Private Loan Consolidation through Discover (hereafter referred to as the "consolidation loan"). *Id.* ¶ 18. This consolidation loan would have refinanced Perez's student loan at a lower interest rate. *Id.*

Discover's online application for the consolidation loan provided that, "[t]o qualify, you must: Be a US citizen or permanent resident with a US-based address." *Id.* ¶ 19. Perez was neither, but she had obtained Deferred Action for Childhood Arrivals ("DACA") status in 2012. *Id.* ¶ 15. Perez applied for the consolidation loan and disclosed her DACA status. *Id.* ¶ 20. Via phone, a Discover representative later informed Perez that Discover would be unable issue the consolidation loan. *Id.* ¶ 23. The representative also surmised that due to Perez's immigration status, she "should not have been granted the [Citibank student] loan in the first place." *Id.*[1]

Along with one other plaintiff, Perez sued Discover in state court in July 2020, alleging that Discover's practice of denying loans and credit based on citizenship and immigration status discriminated against them in violation of California's Unruh Civil Rights Act. Dkt. No. 1, Ex. A. Upon Discover's removal to federal court in October 2020, plaintiff amended the complaint to add a claim under 42 U.S.C § 1981. Dkt. No. 18. On July 23, 2021, plaintiffs filed a Second Amended Complaint, adding a third plaintiff to the action. Dkt. No. 43.

### II. The Issue of Arbitration

In January 2021, Discover moved to compel Perez to arbitration per an arbitration agreement in Perez's consolidation loan application. Dkt. No. 24 (motion to compel); Dkt. No. 24-2, Ex. C

---

[1] When Perez applied for the student loan, she was not yet a DACA recipient. To obtain the loan, her uncle, a U.S. citizen, acted as a co-signor. Dkt. No. 43 ¶ 13.

(consolidation loan application terms). The arbitration agreement included the following opt-out clause:

> You may reject this Section V (ARBITRATION OF DISPUTES) but only if we receive from you a written notice of rejection within 30 days after consummation of your loan.

Dkt. No. 24-2, Ex. C. The Court held a hearing on Discover's motion to compel on August 27, 2021. A key issue during the hearing was whether Discover's arbitration agreement was procedurally conscionable. During oral argument, Perez conveyed her understanding that she could not opt-out of arbitration because her loan had never consummated, thereby never triggering the 30-day window for rejection. Discover took the position that the agreement was not procedurally unconscionable because Perez could have—and *still could*—opt-out of binding arbitration:

> **Court**: Well, wait. Stop. Go back to procedural. What about the construction of the language, you may reject the opt-out provision if you – if you send in a writing within – written notice within 30 days of consummation? Do you think if you were to send in a writing prior to consummation that would opt you out?
>
> **Plaintiff Counsel**: I don't believe so because the actual language says within 30 days after consummation of your loan. So Plaintiff Perez, her loan hasn't been consummated. My understanding of what defendant's arguments is, is that she can write in written notice today, since 30 days after consummation of her loan hasn't happened yet, and we can opt out of the arbitration provision. And that is something I'll consider, if that's the argument that defendants want to go with; that way we would be able to opt out of the arbitration provision.
>
> **Court**: Well, let me ask you, Mr. Rao. Let's say Ms. Perez wrote to you today, would that be effective opt out?
>
> **Defense Counsel**: Under our position, yes, because the deadline hasn't passed yet.

Dkt. No. 55-2 at 6, Ex. B (Transcript August 27, 2021). On September 23, 2021, the Court granted defendant's motion to compel arbitration. Dkt. No. 51 at 10. Finding the arbitration provision not unconscionable, the Court observed that "plaintiffs were free to walk away from the Discover Consolidation Agreement and were able to reject the Discover Arbitration Agreement." *Id*. But because plaintiffs had not *in fact* rejected the agreement, the Court ordered Perez and the other named plaintiff to arbitrate and stayed the action pending the arbitration's outcome. *Id*.

3

The Court's order compelling arbitration left one issue unresolved: whether an arbitration provision contained in Perez's student loan agreement (issued by Citibank and later assigned to Discover) could independently require arbitration of claims arising from the consolidation loan. Perez's student loan agreement, issued by Citibank, required arbitration of:

> Claims relating to: 1) any and all aspects of my Account including without limitation the origination, establishment, terms, treatment, operation, handling, billing, servicing, limitations on or termination or acceleration of my Account; 2) any disclosures or statements relating to my Account; 3) the application, enforceability or interpretation of my Account, including this arbitration provision.

Dkt. No. 2401, Ex. B at 6-7. "Because the Court [found] the parties are subject to the Discover Arbitration Agreement, the Court [did] not decide whether the Citibank Arbitration Agreement also compels arbitration of plaintiff Perez's claims." Dkt. No. 51 at 11.

### III.    Perez Opts-Out and Requests Leave to File a Reconsideration Motion

On September 16, 2021, a few weeks after the Court held the hearing on the motion to compel (but before the Court issued its order), Perez sent Discover a written request to opt out of arbitration. Dkt. No. 55-3, Ex. C (Opt-Out Letter). The opt-out letter was putatively based on Discover's concession at the August 27 hearing that Perez was still within her rights to opt-out of arbitration. The Court issued its order compelling arbitration one week later. At that time, Perez had still not heard back from Discover regarding her written request to opt-out.

Counsel for Perez submits that she intended to inform the Court of the written opt-out upon hearing back from Discover. Dkt. No. 55-4, Ex. D (Thrift-Viveros Decl.). On September 24, 2021, the day after the court issued its order compelling arbitration, Perez's counsel followed up with Discover to request confirmation that they would honor the opt-out request. *Id*. ¶ 9; Dkt. No. 55-5 Ex, E (Follow-up Letter). Discover did not respond until October 13, 2021, when it wrote back stating:

> Discover does not have a record of receiving the opt-out at the required address. Putting

4

> aside any delay there may be in delivery or processing, based on your communication that Ms. Perez is contemplating a motion for reconsideration, Discover does not agree that any such opt-out would permit Ms. Perez to litigate these already-pending claims against Discover in court as opposed to an individual arbitration as ordered by Judge Illston.

Dkt. No. 55-6, Ex. F (Response Letter). The record indicates the Perez sent her letter to the correct address. *See* Dkt. No. 55-3, Ex. C (Letter) *and* Dkt. No. 24-2, Ex. C (arbitration opt-out instructions) (both state the address as "Discover Student Loans, P.O. Box 30938, Salt Lake City, UT 84130-0938"). The following day, Perez filed a Motion for Leave to File Motion for Partial Reconsideration of the Court's Order to Compel. Dkt. No. 55.

To file a motion for reconsideration in this district, a party must first obtain leave to file the motion. Civil Local Rule 7-9(a). To secure leave,

> The moving party must specifically show reasonable diligence in bringing the motion and one of the following:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil Local Rule 7-9(b). Importantly, a party moving for leave may not "repeat any oral or written argument" previously raised. Civil Local Rule 7-9(c).

Perez's argument was that on August 27, 2021, Discover revealed for the first time its position that Perez could still opt-out of arbitration, and after the Court issued its order, Perez in-fact opted out of arbitration. This development thus constituted a new material fact that the Court did not have before it on September 23, 2021, when it issued its order. Finding that Perez demonstrated reasonable diligence under Civil Local Rule 7-1, the Court granted Perez leave to file the instant motion for partial reconsideration.

5

**LEGAL STANDARD**

"Where a ruling has not resulted in a final judgment or order[,] reconsideration of the ruling may be sought under Federal Rule of Civil Procedure 54(b), which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment." *Gray v. Mendocino Countywide Narcotics Task Force Agents*, 2000 WL 1262660, at *3 (N.D. Cal. Aug. 28, 2000). "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Verinata Health, Inc. v. Sequenom, Inc.*, 2014 WL 4076319, at *2 (N.D. Cal. Aug. 18, 2014), quoting *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is also appropriate when "unique circumstances" make it "appropriate to reconsider" a prior order. *Id.* at *2, *4.

The Ninth Circuit cautions that granting a request for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). But ultimately, the question "[w]hether to grant or deny a motion for reconsideration lies within the discretion of the court." *Valley Forge Ins. Co. v. Zurich Am. Ins. Co.*, 2011 WL 2748334, at *3 (N.D. Cal. July 14, 2011).

**DISCUSSION**

The motion implicates two issues: First, whether Perez's opt-out constitutes "newly discovered evidence" that was diligently obtained. Second, whether the Citibank student loan agreement compels arbitration notwithstanding Perez's opt-out of the arbitration provision in the Discover consolidation loan agreement. Because Perez diligently asserted her opt-out rights upon learning that such rights were still available, and because the consolidation loan is outside the scope of the Citibank student loan agreement, the Court will grant the motion.

**I.    Perez's Opt-Out**

"Evidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence." *Coastal

6

1   *Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987). Rather, "[e]vidence
2   is only newly discover[ed] if it was in fact previously unavailable—i.e. the party asserting the
3   evidence, acting with reasonable diligence, could not have previously discovered the evidence."
4   *Vasquez v. City of Idaho Falls*, 2018 WL 1123865, at *3 (D. Idaho 2018), *citing Zimmerman v. City
5   of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

Discover insists that the "Discover Arbitration Agreement and the parties' briefing make clear that this issue [of opt-out] was known to [Perez] well before" the August 27 hearing. Dkt. No. 75 at 7-8. The Court finds Discover's argument unpersuasive. Based on the plain language of the arbitration agreement, Perez's position at the hearing was that her opt-out right never went into effect *at all* because her loan never consummated. Accordingly, rather than arguing that she could opt-out, Perez sought a determination that the agreement itself was procedurally unconscionable. Discover's concession that Perez could opt-out notwithstanding the non-consummation of the loan thus opened a door to the development of a new fact: that upon exercising her opt-out rights in accordance with Discover's clarification of the agreement, Perez was no longer bound to arbitrate.

The prior briefing and the arbitration agreement itself did not make this fact clear, contrary to Discover's assertion. In arguing that the agreement was not unconscionable, Discover's reply brief in the motion to compel stated: "Tellingly, Plaintiffs omit any reference to their ability to opt out of the arbitration provision within the Discover Arbitration Agreements." Dkt. No. 29 at 19. But what was unclear then—and remained unclear until Discover's clarifications at the hearing—was whether such rights were operative outside of the 30-day post-consummation window set forth in the text of the agreement. If the agreement created an *indefinite* period in which an applicant whose loan did not consummate could opt-out, Discover could have specified this in the agreement. Perez was reasonable in not pursing opt-out rights which the agreement suggested were not available – her decision to opt-out was not a change in strategy, but a change in facts.

After Discover's concession, Perez was reasonably diligent in pursuing her opt-out rights:

- August 27: Motion to compel hearing
- September 16: Perez sends written opt out to Discover
- September 23: Court issues its order compelling arbitration

7

1         • September 24: Perez follows up with Discover after not hearing back

2         • October 13: Discover responds to Perez and declines to honor the opt out

3         • October 14: Perez seeks leave to file motion for reconsideration

Accordingly, the Court considers Perez's opt out as new evidence which a reasonably diligent litigant would not have discovered absent the counter-intuitive reading of the arbitration provision put forth by Discover on August 27, 2021.

## II.    Citibank Arbitration Provision

Discover argues that, notwithstanding Perez's opt-out of the Discover arbitration agreement, the student loan agreement initially issued by Citibank requires arbitration. The student loan was assigned to Discover by Citibank in 2009. Discover is correct that the consolidation loan agreement states that rejection of arbitration "will not affect your other rights or responsibilities under this Note or your obligation to arbitrate disputes under any other loan as to which you and we have agreed to arbitrate disputes." Dkt. No. 24-2, Ex. C. Discover may be correct that the student loan arbitration agreement (originated by Citibank) contains forward-looking language that contemplates enforcement by future assigns. However, the Court finds that Perez's claim against Discover arising from the denial of the consolidation loan is not within the scope of the Citibank student loan arbitration agreement.

The student loan agreement required arbitration of claims "relating" to (1) "any and all aspects of my Account including without limitation the origination, establishment, terms, treatment, operation, handling, billing, servicing, limitations on or termination or acceleration of my Account," (2) "any disclosures or statements relating to my Account," and (3) "the application, enforceability or interpretation of my Account, including this arbitration provision." Dkt. No. 24-2, Ex. C. The consolidation loan—a separate and distinct financial product—does not "relat[e]" to Perez's student loan "Account." *See In re McBurney*, 357 B.R. 536, 538 (B.A.P. 9th Cir. 2006) ("a consolidation student loan is a new, distinct loan, the proceeds of which are applied to extinguish the original student loan debt."), *In re Wood*, 2007 WL 2080301 at *1 (Bankr. D. Ariz. July 17, 2007) (summarizing *McBurney* as holding that "the disbursement of a post-petition consolidation loan

8

extinguishes the debtor's liability on the pre-petition student loan debts and constitutes a new post-petition debt that cannot be discharged in a pending bankruptcy case"). The Court finds these authorities persuasive for the proposition that Discover cannot invoke the limited provisions of the student loan arbitration agreement to mandate arbitration for separate, future financial product. Accordingly, the Citibank arbitration provision does not apply.

The Court has considered Discover's other arguments and finds them without merit.[2]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Perez's motion for partial reconsideration of the order compelling arbitration and rescinds that prior order as it pertains to Perez, Dkt. No. 51.

**IT IS SO ORDERED**.

Dated: February 4, 2022

SUSAN ILLSTON
United States District Judge

---

[2] Discover argues that Perez's opt-out does not apply to known or accrued claims. While it might be true that, in some cases, unilateral contract *modifications or terminations* only apply prospectively, *Peleg v. Neiman Marcus Grp., Inc.*, 204 Cal. App. 4th 1425, 1465 (2012), the exercise of an opt-out right in accordance with the text of an arbitration agreement is not a modification nor termination of the agreement. Accordingly, Perez's opt-out applies to the accrued claims in this case.