UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILIANA PEREZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DISCOVER BANK,<br><br>    Defendant. | Case No. 20-cv-06896-SI<br><br>**ORDER GRANTING MOTION TO STAY ACTION PENDING APPEAL**<br><br>Re: Dkt. No. 87 |

On March 3, 2022, Discover Bank appealed this Court's February 4, 2022 decision on plaintiffs' Motion for Partial Reconsideration. Dkt. No. 83. Before the Court is Discover Bank's motion to stay this action pending resolution of the appeal. Dkt. No. 87. For the reasons set forth below, this court **GRANTS** the motion.

## BACKGROUND

### I. Underlying Loans[1]

Plaintiffs Iliana Perez, Flavio Guzman Magaña, and Josue Jimenez Magaña allege Discover Bank unlawfully discriminated by denying them loans based on their DACA status. Dkt. No. 43. Plaintiffs seek to represent a class. *Id.* ¶¶ 39-53.

In late 2009, Perez sought a student loan from The Student Loan Corporation, a subsidiary of Citibank and a nonparty to this action. *Id.* ¶ 13. Perez received the student loan in early 2010 (Citibank loan), after which Citibank sold The Student Loan Corporation to Discover Bank. *Id.* ¶ 14. Discover currently holds the Citibank loan.

In 2019 Perez applied for a Private Loan Consolidation through Discover (consolidation

---

[1] The following are allegations stated in plaintiffs' second amended complaint, Dkt. No. 43.

loan). *Id.* ¶ 18. The consolidation loan would have refinanced Perez's student loan at a lower interest rate. *Id.* Discover's website explains that to be eligible for a consolidation loan, an applicant must "[b]e a US citizen or permanent resident with a US-based address." *Id.* ¶ 19. Perez disclosed her DACA status in the application. *Id.* ¶ 20. Via phone, a Discover representative denied Perez the reconsolidation loan due and informed Perez that due to her immigration status, she should not have received the student loan in the first place. *Id.* ¶ 23.

Plaintiff Guzman Magaña applied for a Graduate Student Loan from Discover in August 2016. *Id.* ¶ 25. The online application required Guzman Magaña to submit immigration documents and apply with a co-signor who was either a U.S. citizen or a legal permanent resident. *Id.* ¶ 26. Guzman Magaña applied with a co-signor and was granted a loan.

Plaintiff Jimenez Magaña called Discover seeking a home equity line of credit (HELOC) from Discover in March 2021. *Id.* ¶ 31. Jimenez Magaña was told Discover does not issue loans to non-lawful permanent residents. *Id.* ¶ 36.

Discover alleges it has been provided a draft Third Amended Complaint that would add an additional plaintiff who sought a Discover personal loan; that complaint has not yet been filed. Dkt. No. 92.

## II. Procedural History

### a. Lawsuit and Motion to Compel Arbitration

Perez and Guzman Magaña sued Discover in state court in 2020, alleging that Discover's practice of denying loans and credit based on citizenship and immigration status discriminated against them in violation of California's Unruh Civil Rights Act. Dkt. No. 1, Ex. A. Upon Discover's removal to federal court in October 2020, plaintiffs amended the complaint to add a claim under 42 U.S.C § 1981. Dkt. No. 18. On July 23, 2021, plaintiffs filed a Second Amended Complaint, adding a Jimenez Magaña to the action. Dkt. No. 43.

In January 2021, Discover moved to compel Perez and Guzman Magaña to arbitration pursuant to arbitration agreements in Perez's and Guzman Magaña's respective loan applications. Dkt. No. 24 (motion to compel); Dkt. No. 24-2, Ex. C (consolidation loan application terms); Dkt.

1  No. 24-2, Ex. D (graduate student loan application terms). The arbitration agreements included
2  nearly identical provisions permitting applicants to opt out of the arbitration agreements "only if
3  we receive from you a written notice of rejection within 30 days after consummation of your
4  loan." *Id.* Discover also argued that Perez's claims were subject to an arbitration agreement in the
5  Citibank loan. Dkt. No. 24; Dkt. No. 24-2, Ex. B (Citibank loan application terms).

6        The Court held a hearing on the motion to compel on August 27, 2021. Dkt. No. 49. One
7  issue at the hearing was whether the consolidation loan's arbitration clause had a viable opt out
8  provision. Dkt. No. 53. Perez argued that the agreement lacked an opt out provision in her case
9  because she could never consummate the loan she was denied; thus, she could not opt out within
10 30 days after consummation. *Id.* at 16. Discover responded that the 30 day "deadline" had not
11 passed and Perez could opt out of the arbitration agreement at any time. *Id.*

12       On September 23, 2021, the Court granted the motion to compel arbitration and stayed the
13 action pending the outcome of arbitration. Dkt. No. 51. The Court found that the arbitration
14 provision was not unconscionable, noting "plaintiffs were free to walk away from the Discover
15 Consolidation Agreement and were able to reject the Discover Arbitration Agreement." *Id*. at 10.

16

17           **b. Perez Opts Out and Requests Leave to File Reconsideration Motion**

18       On September 16, after the hearing but before the Court's order, Perez sent Discover a
19 written request to opt out of arbitration. Dkt. No. 55-3, Ex. C. The opt-out letter cited Discover's
20 contention at the August 27 hearing that Perez was still able to opt out of arbitration. *Id.*
21 According to plaintiffs' counsel, Perez intended to inform the Court of the written opt-out upon
22 hearing back from Discover; however, by the time the Court issued its order compelling
23 arbitration, Perez had not heard back. Dkt. No. 55-4, Ex. D (Thrift-Viveros Decl.). The day after
24 the Court issued its order compelling arbitration, Perez's counsel followed up with Discover
25 concerning the opt-out request. *Id.* ¶ 9; Dkt. No. 55-5 Ex. E (Follow-up Letter). Discover
26 responded on October 13, 2021, stating:

27         Discover does not have a record of receiving the opt-out at the required address.
        Putting aside any delay there may be in delivery or processing, based on your
28         communication that Ms. Perez is contemplating a motion for reconsideration,

3

Discover does not agree that any such opt-out would permit Ms. Perez to litigate these already-pending claims against Discover in court as opposed to an individual arbitration as ordered by Judge Illston.

Dkt. No. 55-6, Ex. F (Response Letter).  The record indicates Perez sent her letter to the correct address.  *See* Dkt. No. 55-3, Ex. C (Letter) *and* Dkt. No. 24-2, Ex. C (arbitration opt-out instructions).

On October 14, Perez filed a Motion for Leave to File Motion for Partial Reconsideration of the Court's Order to Compel.  Dkt. No. 55.  The Court granted leave, and Perez filed a Motion for Partial Reconsideration on December 17, 2021.  Dkt. No. 72.  Discover opposed the motion, arguing that the motion was procedurally deficient, Perez's opt out was untimely as to pending claims, and the Citibank loan arbitration agreement controlled.  Dkt. No. 75.

The Court granted Perez's motion for partial reconsideration on February 2, 2022.  Dkt. No. 78.  Discover appealed the Court's decision to the Ninth Circuit.  Dkt. No. 83.  On appeal, Discover argues that (1) Perez's request to opt out does not apply to claims already asserted, and (2) arbitrability under the Citibank loan arbitration agreement should have been delegated to an arbitrator, or if not, the Citibank loan arbitration agreement applies to the claims in this case.  Dkt. No. 87 at 10.

Currently Guzman Magaña's claims are stayed pending arbitration.  Dkt. No. 51.  The parties agree that Jimenez Magaña's claims are not subject to arbitration.  Dkt. No. 87 at 7; Dkt. No. 92 at 6.  Perez is the only plaintiff whose claims are at issue in the appeal.  *See* Dkt. No. 83.

Discover seeks a stay of all claims pending its appeal of the Court's decision that Perez's claims are not subject to arbitration; alternatively, Discover seeks a stay as to all claims asserted by Perez and Felix, the potential fourth plaintiff.  Dkt. No. 87 at 8.

**LEGAL STANDARD**

A stay is an exercise of discretion rather than a matter of right.  *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 (9th Cir. 2020).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Id.*

In deciding whether to grant a stay, the Court considers: "(1) whether the stay applicant has

4

made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 1006–07 (quoting *Nken v. Holder*, 556 U.S. 418, 434–35 (2009)). "The first two factors . . . are the most critical." *Nken*, 556 U.S. at 434. However, the Court uses a "sliding scale" approach in which "a stronger showing of one element may offset a weaker showing of another." *Id.* (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)). Thus, a movant may obtain a stay if it shows "either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in [the movant's] favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998)).

Discover points out that courts within the Ninth Circuit have frequently granted stays pending appeal of orders denying motions to compel arbitration. Dkt. No. 87 at 5; *see Cherny v. AT&T, Inc.*, 2010 WL 2572929 at *1 (listing cases). However, "a court may not devise novel rules to favor arbitration over litigation." *Morgan v. Sundance, Inc.*, 142 S.Ct. 1708, 1709 (2022).

**DISCUSSION**

**I.      Likelihood of Success**

A strong showing that a movant is likely to succeed on the merits requires "more than a mere 'possibility' of relief." *Id.* at 435. However, a movant "need not demonstrate" that success is "more likely than not." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). A movant who raises "serious legal questions" can succeed if "the balance of hardships tips sharply in [its] favor." *Id.* at 964. A "reasonable probability" of success is sufficient. *Id.* at 968.

Discover makes three arguments: that Perez failed to opt out of the Discover arbitration agreement in time, that the threshold question of whether Discover could apply the Citibank arbitration agreement should be delegated to an arbitrator, and that the Citibank arbitration agreement applies to the consolidation loan because the consolidation loan relates to the Citibank loan. Dkt. No. 87 at 12–13. This Court has ruled against Discover on each argument. *See* Dkt.

5

No. 78. But Discover need show only a "fair prospect" of success on the merits. *Leiva-Perez v. Holder*, 640 F.3d at 968. There is a fair prospect that the Ninth Circuit will agree with Discover's contention that Perez could not opt out of claims that had already accrued before she opted out. Indeed, until the August 27 hearing, Perez believed that to be true. *See* Dkt. No. 49 at 16.

Discover also has a fair prospect of prevailing on its argument that the provision of the Citibank arbitration agreement delegating the arbitrability question to an arbitrator applies. Courts have been loath to override delegation provisions even when arbitrability claims appear "wholly groundless." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S.C.t 524, 526 (2019) ("[W]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract, even if the court thinks that the arbitrability claim is wholly groundless."). This Court maintains that the delegation provision cannot apply in this case because it concerns an entirely different product than the consolidation loan. *See* Dkt. No. 72. But Discover's arguments meet the "minimum quantum of likely success necessary to justify a stay," provided the other factors are met. *Leiva-Perez v. Holder*, 640 F.3d at 968.

## II.   Irreparable Injury

Discover argues that it will be irreparably harmed absent a stay because it will lose the advantages of arbitrating if forced to litigate in the meantime. Arbitration is intended to provide "an inexpensive and expeditious means of resolving" disputes. *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Aloha Airlines, Inc.*, 776 F.2d 812, 815 (9th Cir. 1985). The "speed and economy" of arbitration are lost if a litigant "must undergo the expense and delay of a trial before being able to appeal." *Id.* Numerous courts in the Ninth Circuit have granted stays in similar circumstances because "the advantages gained by agreeing to arbitration 'are lost forever' if the litigation proceeds pending appeal." *Karla Maree v. Deutsche Lufthansa AG Anthony Castanares et al.*, 2021 WL 4352912, at *3 (C.D. Cal. June 21, 2021); *see also Cherny v. AT&T, Inc.*, 2010 WL 2572929 at *1 (collecting cases). While expenses incurred by litigation are generally "not considered irreparable harm," "arbitration is unique in this aspect." *Zaborowski v. MHN Gov't Servs., Inc.*, 2013 WL 1832638, at *2 (N.D. Cal. May 1, 2013). "If a party must

undergo the expense of trial before being able to appeal denial of a motion to compel arbitration, the anticipated advantages of arbitration—speed and economy—are lost." *Id.* (citing *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir.1984)).

### III. Balance of Interests

Plaintiffs argue that they will be harmed by a stay because discovery will be delayed. Dkt. No. 92 at 17–18. But plaintiffs do not identify any loss other than the delay itself. *Id.* Although relief may be delayed, this case is still in early stages; in any event, the hardship of delaying this case is no greater than the hardship of any case. Plaintiffs have not identified any substantial harm to their interests if a stay is granted.

The public interest favors a stay. There is a strong public policy favoring arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Judicial resources will be wasted if this case proceeds to trial only to be sent to arbitration later. *See Zaborowski v. MHN Gov't Servs., Inc.*, 2013 WL 1832638, at *3 (N.D. Cal. May 1, 2013). Because plaintiffs have identified no harm beyond the delay itself and the defendants' interest and the public interest militate in favor of a stay, the balancing of factors tips sharply in defendants' favor.

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to stay the case pending appeal of the order granting plaintiffs' motion for partial reconsideration.

**IT IS SO ORDERED**.

Dated: February 7, 2023

SUSAN ILLSTON
United States District Judge

7