**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ILIANA PEREZ, an individual, on behalf of themselves and all others similarly situated,<br>　　*Plaintiff-Appellee,*<br><br>and<br><br>FLAVIO GUZMAN MAGANA, an individual, on behalf of themselves and all others similarly situated; JOSUE JIMENEZ MAGANA,<br>　　*Plaintiffs,*<br><br>　v.<br><br>DISCOVER BANK,<br>　　*Defendant-Appellant.* | No. 22-15322<br><br>D.C. No.<br>3:20-cv-06896-SI<br><br><br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted April 12, 2023
San Francisco, California

Filed July 24, 2023

Before:  Sidney R. Thomas and Holly A. Thomas, Circuit Judges, and Jed S. Rakoff,[*] District Judge.

Opinion by Judge S.R. Thomas

**SUMMARY**[**]

**Arbitration**

The panel affirmed the district court's order declining to compel plaintiff Iliana Perez to arbitrate her claims that Discover Bank unlawfully discriminated against her based on her citizenship and immigration status when it denied her application for a consolidation loan for her student loan.

Discover Bank asserted that two arbitration agreements—one Perez made in 2010 in connection with her student loan from Citibank and one she made in 2018 in connection with the application for the consolidation loan with Discover Bank—required arbitration.  Discover Bank acquired ownership of the Citibank loan around October 1, 2011, and currently holds the note.

Before the district court, Discover Bank initially argued that its agreement with Perez was not unconscionable because if Perez sent an opt out, she would not be bound by the agreement's arbitration provision.  Shortly thereafter

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

Perez notified Discover Bank that she wished to reject the arbitration agreement. The district court found that Perez's opt out of the Discover Bank agreement applied to her discrimination claims and that the discrimination claims were outside the scope of the Citibank agreement.

The panel held that Discover Bank was judicially estopped from arguing that Perez did not opt out of the Discover Bank agreement. The panel determined that Discover Bank's past position clearly contradicted its current position that the opt out would only apply to Perez's future discrimination claims, Discover Bank persuaded the court to accept its previous position, and Discover Bank would derive an unfair advantage absent estoppel.

Citing *Revitch v. DIRECTV, LLC*, 977 F.3d 713 (9th Cir. 2020), the panel further held that Perez and Discover Bank never formed an agreement to arbitrate her discrimination claims involving her application for a consolidation loan via the Citibank agreement.

## COUNSEL

Julia B. Strickland (argued), Arjun P. Rao, David W. Moon, and Ali Fesharaki, Stroock & Stroock & Lavan LLP, Los Angeles, California, for Defendant-Appellant.

Thomas A. Saenz (argued) and Deylin O. Thrift-Viveros, Mexican American Legal Defense and Educational Fund, Los Angeles, California; Jahan C. Sagafi and Moira Heiges-Goepfert, Outten & Golden LLP, San Francisco, California; Ossai Miazad, Outten & Golden LLP, Washington, D.C.; for Plaintiffs-Appellee.

# OPINION

S.R. THOMAS, Circuit Judge:

Discover Bank seeks to compel Iliana Perez to arbitrate her claims that Discover Bank unlawfully discriminated against her based on citizenship and immigration status when it denied her application for a consolidation loan for her student loan.  Discover Bank argues that two arbitration agreements—one Perez made in connection with the student loan and one she made in connection with the application for the consolidation loan—require arbitration here.  The district court declined to compel arbitration, finding that neither agreement required arbitration.  We affirm.

I

Plaintiff Iliana Perez is a noncitizen and recipient of the Deferred Action for Childhood Arrivals program.  In 2010, Perez applied for and received a student loan from Citibank, N.A. ("Citibank") to pay for graduate school.  Perez's loan agreement with Citibank (the "Citibank agreement") included an arbitration agreement which provided that either party, including Citibank's successors or assigns, could elect binding arbitration for any claims "arising out of or in connection with [the] loan."  The agreement also included a delegation clause delegating to arbitration questions of "the application, enforceability or interpretation" of the arbitration provision.  Defendant Discover Bank ("Discover") acquired ownership of the Citibank loan around October 1, 2011 and currently holds the note.

In the summer of 2018, Perez completed and electronically signed a loan application for a Discover consolidation loan (the "Discover agreement").  (A

consolidation loan "is a new, distinct loan, the proceeds of which are applied to extinguish the original student loan debt." *In re McBurney*, 357 B.R. 536, 538 (B.A.P. 9th Cir. 2006).)  The application included an arbitration provision, but it also included an opt-out provision that allowed the applicant or borrower to reject the arbitration provision "within 30 days after consummation of [the consolidation] loan."  At the time, Perez did not opt out because her consolidation loan application was rejected, so she thought the consolidation loan therefore never "consummated."

Perez alleges that, at the time she signed the consolidation loan application, she informed a Discover representative that she was undocumented.  However, "[w]hen the representative returned to the call with Plaintiff Perez, she told Plaintiff Perez that [Discover] would be unable to refinance the loan" and that Perez "should not have been granted the [original] loan in the first place because she was not a U.S. citizen or [lawful permanent resident]."  Based on the foregoing, Perez filed suit in the district court, arguing that Discover discriminated against her in violation of 42 U.S.C. § 1981 and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq.*, when Discover denied Perez's consolidation loan application based on her undocumented status.  Perez purports to assert her claims on her own behalf and on behalf of nationwide and California classes of other Discover borrowers.

Discover sought to compel arbitration in the district court based on the arbitration provisions in both the Citibank agreement and the Discover agreement.

Perez responded that arbitration was not mandatory for two reasons relevant here: First, Perez and Discover did not agree via the Citibank agreement to arbitrate questions

arising out of the consolidation loan application. And second, both the Citibank and Discover agreements were unconscionable as contracts of adhesion requiring a party to waive substantive rights, so the agreements could not require arbitration of Perez's claims.

At an August 27, 2021 hearing on these issues, Discover argued that the Discover agreement was not unconscionable because if Perez sent an opt-out that day, she would not be bound by the agreement's arbitration provision. With this information, the Court granted Discover's motion to compel arbitration via the Discover agreement on September 23, 2021.

However, shortly after the hearing, Perez notified Discover that she wished to reject the arbitration agreement in her consolidation application. Therefore, she filed a motion for leave to file a motion for partial reconsideration, asking the court to reverse its decision compelling arbitration. In opposition, Discover argued that Perez's opt-out could not apply to her discrimination claim because that claim accrued prior to her opt out, and, in the alternative, the Citibank agreement still required arbitration of Perez's claims. The court granted Perez's motion and rescinded the portion of its prior order compelling Perez to submit her discrimination claims to arbitration. The court found that Perez's opt-out of the Discover agreement applied to her discrimination claims and that the discrimination claims were outside of the scope of the Citibank agreement. Discover now appeals, arguing the district court erred because both agreements require arbitration of Perez's discrimination claims.

II

Under the Federal Arbitration Act ("FAA"), courts must enforce a commercial agreement to "arbitrat[e] [] controvers[ies] thereafter arising out of such contract." 9 U.S.C. § 2. Our role is to determine "whether a valid agreement to arbitrate exists." *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 (9th Cir. 2020) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). "[I]f the parties did form an agreement to arbitrate containing an enforceable delegation clause, all arguments going to the scope or enforceability of the arbitration provision are for the arbitrator to decide in the first instance." *See Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022). "We review *de novo* a district court's order denying a petition to compel arbitration, including its interpretation of the validity and scope of the arbitration clause." *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 936 (9th Cir. 2001).

Here, the parties do not dispute that if Perez did not opt out of the Discover agreement, Perez and Discover formed an agreement to arbitrate her discrimination claims via the Discover agreement. They dispute whether Perez did opt out of the Discover agreement to arbitrate her discrimination claims and whether Perez and Discover formed an agreement to arbitrate her discrimination claims via the Citibank agreement. We conclude that Discover is judicially estopped from arguing that Perez did not opt out of the Discover agreement for her discrimination claims and that Perez and Discover never formed an agreement to arbitrate her discrimination claims via the Citibank agreement.

A

Perez argues that Discover is estopped from arguing that her opt out of the Discover agreement does not apply to her discrimination claims. The district court did not decide this issue, but "[t]he matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Singleton v. Wulff*, 428 U.S. 106, 121 (1976). "In particular, we may address an issue even though the district court refused to resolve it so long as it was raised sufficiently for the trial court to rule on it." *Munden v. Stewart Title Guar. Co.*, 8 F.4th 1040, 1049 (9th Cir. 2021) (internal quotation marks omitted) (quoting *CFPB v. Gordon*, 819 F.3d 1179, 1191 n.5 (9th Cir. 2016)).

Judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment" and prevents "the perception that either the first or the second court was misled." *New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001) (internal quotation marks and citation omitted) (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598–99 (6th Cir. 1982) and *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993)). We find a party is estopped from making an argument when 1) its current position is "clearly inconsistent" with its previous position; 2) "the party has succeeded in persuading a court to accept that party's earlier position"; and 3) the party, if not estopped, "would derive an unfair advantage or impose an unfair detriment on the opposing party." *New Hampshire*, 532 U.S. at 750–51 (quoting *United States v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999)).

1

A party's current position is clearly inconsistent with its previous position if the current position "contradict[s]" the previous position. *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012).

Discover argued in its opposition to the reconsideration motion that Perez's opt out of the Discover agreement could not affect the current suit because her opt out only applied to "future claims." However, Discover made a contradictory statement in a prior hearing on Discover's motion to compel arbitration when the court considered whether the Discover agreement could be unconscionable. After Discover gave its position on whether Perez could opt out of the Discover arbitration provision, the following exchange occurred:

> [Perez's Counsel:] My understanding of what defendant's arguments is, is that [Perez] can write in written notice today, since 30 days after consummation of her loan hasn't happened yet, and *we* can opt out of the arbitration provision. And that is something I'll consider, if that's the argument that defendants want to go with; that way we would be able to opt out of the arbitration provision . . . .
>
> [The Court:] Let's say Ms. Perez wrote to you today, would that be effective opt out?
>
> [Discover's Counsel:] Under our position, yes, because the deadline hasn't passed yet. That wouldn't resolve the issue *because we*

>  *still have the Citibank loan*, which our position is is enforceable.

Here, Discover portrayed in the hearing that the Citibank agreement alone would determine the motion to compel arbitration if Perez opted out of the Discover arbitration clause on the day of the hearing.  In other words, Discover represented that if Perez opted out on the day of the hearing, the motion to compel arbitration could only succeed based on the Citibank agreement's arbitration clause.  This could only be so if her opt out applied to her discrimination claims; the Citibank agreement would be unnecessary if the opt out did not apply to the discrimination claims.  Therefore, Discover's statement at the hearing directly contradicts its later statement that the opt out on the day of the hearing would only apply to Perez's "future claims," so the two positions are clearly inconsistent.

2

A party successfully persuades a court to accept the party's earlier position when the court "accept[s] and relie[s] upon" the position "when making its ruling."  *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 779 (9th Cir. 2009).

Here, Discover made its statement that Perez could opt out of the Discover agreement for her discrimination claims, *see supra*, while the parties were arguing about whether the Discover agreement was unconscionable.  Discover ultimately won on unconscionability in part because the court found that Perez was "able to reject the Discover Arbitration Agreement" based on Discover's representation.  And the court's later order granting Perez's motion for reconsideration did not disturb this result; the court made no

new finding on unconscionability. Accordingly, Discover persuaded the court to accept its earlier position.

3

A party derives an unfair advantage from taking two contradictory positions if invoking the new position creates the "possibility of [the party] prevailing on the very position it successfully discredited." *Spectrum Worldwide*, 55 F.3d at 779–80.

Here, Discover maintained the validity of the Discover agreement and "successfully discredited" Perez's theory that the agreement was unconscionable by arguing that Perez could opt out as to her discrimination claims. If Discover could now argue that Perez could *not* opt out as to her discrimination claims, Discover would more likely force Perez to arbitrate her claims under the Discover agreement, "prevailing on the very position [Discover] successfully discredited." *See id.* at 779. Thus, absent estoppel, Discover would derive an unfair advantage.

Because Discover's past position clearly contradicts its current position on whether Perez could opt out of the Discover agreement for her discrimination claims; Discover persuaded the court to accept its previous position; and absent estoppel, Discover would derive an unfair advantage, Discover is estopped from arguing that Perez's opt out does not apply to her discrimination claims.

B

We now turn to whether Perez and Discover formed an agreement to arbitrate her discrimination claims via the Citibank agreement. "[A]rbitration is strictly 'a matter of consent.'" *Revitch*, 977 F.3d at 719 (quoting *Granite Rock Co v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010)). To

answer whether Perez and Discover formed a valid agreement to arbitrate her discrimination claims via the Citibank agreement, "we look to state contract law." *Revitch*, 977 F.3d at 716.

> In California, a contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting.[1]  We normally determine the mutual intention of the parties from the written terms of the contract alone, so long as the contract language is clear and explicit and does not lead to absurd results.

*Id*. at 717 (internal quotation marks omitted) (quoting Cal. Civ. Code § 1636 and *Kashmiri v. Regents of Univ. of Cal.*, 156 Cal. App. 4th 809, 831 (2007)).  "We look to the reasonable expectation[s] of the parties at the time of contract."  *Revitch*, 977 F.3d at 717 (quoting *Kashmiri*, 156 Cal. App. 4th. at 832).

In *Revitch*, AT&T argued that a plaintiff who agreed in a phone contract to arbitrate claims with AT&T and its "affiliates" therefore agreed to arbitrate claims which accrued seven years later against DIRECTV, a company which AT&T bought in the interim.  *Revitch*, 977 F.3d at 714–17.  We held that this interpretation was "absurd."  *Id.* at 717.  We reasoned that when the plaintiff "signed his wireless services agreement with AT&T . . . he could not reasonably have expected that he would be forced to arbitrate an unrelated dispute with DIRECTV, a satellite

---

[1] Discover concedes that "the Court may apply California law on issues not controlled by the FAA or other federal law" here.

television provider that would not become affiliated with AT&T until years later." *Id.* at 718. Therefore, to avoid this "absurd" result, we held that in agreeing to the contract with AT&T, the plaintiff did not agree to arbitrate claims which accrued years later against the later-acquired DIRECTV. *Id.*

As in *Revitch*, it would be absurd to find that Perez and Discover formed an agreement to arbitrate her discrimination claims via the Citibank agreement. In early 2010, Perez and Citibank agreed under the Citibank agreement that either party could submit to arbitration any case, controversy, etc. "arising out of or in connection with [Perez's *Citibank*] loan." More than eight years later, in July of 2018, Perez applied for the Discover consolidation loan— a "new, distinct loan, the proceeds of which [would be] applied to extinguish the original student loan"—and Discover allegedly denied that application because Perez was undocumented. *See In re McBurney*, 357 B.R. at 538. Accordingly, just as the *Revitch* plaintiff could not have anticipated that his cell phone agreement would bind him to arbitration for claims accruing seven years later in an unrelated dispute, Perez "could not reasonably have expected that [s]he would be forced to arbitrate [the] unrelated" claims that Discover discriminated against her eight years later when it denied her application for a "new, distinct loan." *Revitch*, 977 F.3d at 718; *In re McBurney*, 357 B.R. at 538. It would be absurd to find that Perez and Discover formed an agreement to arbitrate her discrimination claims via the Citibank agreement. *See Revitch*, 977 F.3d at 718.

C

Because Perez and Discover never formed an agreement to arbitrate her discrimination claims via the Citibank

agreement, *see id.*, that agreement does not require Perez to arbitrate her discrimination claims.**2**  *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019) is not to the contrary.  There, the Supreme Court held that Circuit Courts cannot decide arbitrability when a valid contract's arbitration clause delegates that decision to the arbitrator "[even] if, under the contract, the argument for arbitration is wholly groundless."  *Id.* at 529.  But here, Perez argues that Discover unlawfully discriminated against her in denying her consolidation loan application, and Perez and Discover did not form an agreement to arbitrate her discrimination claims via the Citibank agreement.  Put another way, this case lacks what "*Schein* presupposes"—"a controversy thereafter arising out of [a] contract [to arbitrate]."  *See Moritz v. Universal City Studios LLC*, 54 Cal. App. 5th 238, 245, 248 (2020) (quoting 9 U.S.C. § 2) (internal quotation marks omitted); *see also Smorowski v. Domino's Pizza LLC*, CV 20-10739-MWF, 2021 WL 4440167, at *4 (C.D. Cal. July 23, 2021) ("*Schein* did not address [whether . . .] the contract in which the arbitration provision appeared . . . was 'the relevant contract between the parties' and generally governed the subject matter of the parties' dispute.") (quoting *Schein*, 139 S. Ct. at 528).  *Schein* therefore has nothing to say about this case.

**AFFIRMED.**

---

[2] Because the parties here did not form an agreement to arbitrate, we resolve this appeal without determining whether the Citibank agreement's delegation clause would otherwise require an arbitrator to determine the scope or enforceability of the arbitration provision.  *See Caremark*, 43 F.4th at 1030 ("First, a court must resolve any challenge that an agreement to arbitrate was never formed, even in the presence of a delegation clause.").