Thomas A. Saenz (SBN 159430)
Ernest I. Herrera (SBN 335032)
**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone:  (213) 629-2512
Facsimile:   (213) 629-0266
Email:  tsaenz@maldef.org
Email:  eherrera@maldef.org

Chauniqua D. Young *(admitted pro hac vice)*
Rebecca L. Pattiz *(admitted pro hac vice)*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone:  (212) 245-1000
Facsimile:   (646) 509-2060
Email:  cyoung@outtengolden.com
Email:  rpattiz@outtengolden.com

Ossai Miazad *(admitted pro hac vice)*
**OUTTEN & GOLDEN LLP**
1225 New York Avenue NW, Suite 1200B
Washington, DC 20005
Telephone:  (202) 847-4400
Facsimile:   (202) 847-4410
Email:  om@outtengolden.com

*Attorneys for Plaintiffs Iliana Perez, Josue Jimenez Magaña,
and Emiliano Galicia Felix and The Proposed Class*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ILIANA PEREZ, JOSUE JIMENEZ MAGAÑA, and EMILIANO GALICIA FELIX, individuals, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DISCOVER BANK, a Delaware corporation, <br><br> Defendant. | Case No. 3:20-cv-06896-SI <br><br> **THIRD AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES** <br><br> **CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Iliana Perez, Flavio Guzman Magaña, Josue Jimenez Magaña, and Emiliano Galicia Félix (together with Flavio Guzman "Plaintiffs") bring this action against Defendant Discover Bank ("Defendant"), on behalf of themselves and all others similarly situated, and allege upon information and belief, as follows:

**INTRODUCTION**

1.      Defendant Discover Bank follows a policy of denying full access to student loans, loans consolidating and refinancing pre-existing student loans, and other loan and credit products, including mortgage refinancing and home equity credit lines, to applicants who are not United States citizens or Legal Permanent Residents ("LPRs").

2.      Plaintiffs and members of the Class they seek to represent were and are unable to access Defendant's financial services without unequal conditions imposed upon them due to their immigration status. Plaintiffs bring this case against Discover Bank for unlawful discrimination on the basis of alienage in violation of the Civil Rights Act of 1866, as codified by 42 U.S.C. § 1981 ("Section 1981") and the Unruh Civil Rights Act, as codified by California Civil Code §§ 51 *et seq.*

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over Plaintiffs' Section 1981 claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

6.      Intradistrict Assignment: Pursuant to N.D. Cal. Local Rules 3-2(c) and (d), intradistrict assignment to the San Francisco Division is proper because a substantial part of the events which give rise to the claims asserted herein occurred in San Mateo County.

//

**PARTIES**

**Plaintiffs**

7.  Plaintiff Iliana Perez ("Plaintiff Perez") is a resident of San Francisco County. Plaintiff Perez resided in San Mateo County on the date she applied for a loan from Defendant and was unlawfully denied.

8.  Plaintiff Flavio Guzman Magaña ("Plaintiff Guzman Magaña") is a resident of Los Angeles County and has resided in Los Angeles County continuously since he applied for and received loan funds with unequal and unlawful conditions imposed by Defendant.

9.  Plaintiff Josue Jimenez Magaña ("Plaintiff Jimenez") is a resident of Stanislaus County and has resided in Stanislaus County since he applied for a loan from Defendant and was unlawfully denied.

10.  Plaintiff Emiliano Galicia Félix ("Plaintiff Galicia") is a resident of Ventura, California and has resided in Ventura County since he applied for loans from Defendant and was unlawfully denied.

11.  Plaintiffs and the members of the Class they seek to represent were subjected to the violations described in this Complaint.

**Defendant**

12.  Defendant Discover Bank is a Delaware corporation registered with the California Secretary of State as a foreign corporation qualified to conduct business in the State of California.  Defendant maintains a business address at 12 Read's Way, New Castle, Delaware, 19720, and a mailing address at 2500 Lake Cook Road, Riverwoods, Illinois, 60015.

**FACTUAL BACKGROUND**

13.  This action is brought on behalf of Plaintiffs and members of the proposed Plaintiff Class.  This action seeks damages and injunctive relief.

**Plaintiff Iliana Perez**

14.  On or around December 2009, Plaintiff Perez applied for a $15,000 private student loan with Citibank through its subsidiary, The Student Loan Corporation, to pay for

graduate school at the New School in New York.  Citibank asked Plaintiff Perez to provide a co-signer for the loan.  Plaintiff Perez's uncle, a U.S. citizen, co-signed for her loan.  Plaintiff Perez received the funds in early 2010 and used the funds for education expenses.

15.    In or around December 2010, Citibank sold The Student Loan Corporation, the holder of Plaintiff Perez's student loan, to Defendant.

16.    In or around October 2012, Plaintiff Perez applied for Deferred Action for Childhood Arrivals (commonly known as "DACA").  As part of the DACA initiative, Plaintiff Perez requested and received authorization to work in the United States and a Social Security Number ("SSN").  When Plaintiff Perez received her work authorization documents and SSN, she informed Defendant of this information.

17.    Over the lifetime of Plaintiff Perez's loan, the interest rate has varied on a monthly basis, reaching over ten percent several times.

18.    Plaintiff Perez has been diligent in making loan payments on time and paying more than the minimum payment required by Defendant.

19.    On or around July 2018, Plaintiff Perez accessed a loan application through Defendant's website, www.discover.com, to apply for what Defendant calls a "Private Consolidation Loan."  Plaintiff Perez desired to refinance her loan to pay a lower interest rate. Plaintiff Perez applied for a $19,900 loan.

20.    On Defendant's website, there is a section specifically for "Student Loans."  This section includes webpages for each type of student loan serviced by Defendant, including Undergraduate, Law, Bar Exam, Residency, and Graduate.  Each webpage contains a "Common Questions" section.  On the "Student Loan Consolidation" webpage, one of the "Common Questions" is: "Am I eligible for a private consolidation loan?"  The answer: "To qualify, you must:  Be a US citizen or permanent resident with a US-based address."  Additionally, Question 10 of the on-line application requests the "Citizenship" of the Borrower.  The three options are "U.S. Citizen," "Permanent Resident," and "International Student."  Question 11 requests "Country of Citizenship."  Plaintiff Perez did not answer Question 11 on her application.

1    21.    Plaintiff Perez submitted a signed online application with Defendant and included

2    proof of income, a copy of her social security card, and a copy of her DACA card.

3    22.    On or around August 3, 2018, Plaintiff Perez received a letter from Defendant

4    confirming receipt of Plaintiff's online application.  The letter included a copy of Plaintiff

5    Perez's application and examples of the interest rates available for fixed and variable loans

6    offered by Defendant.  Defendant's loan criteria, included with this letter, required that the

7    borrower and any cosigner be either a U.S. citizen or LPR.

8    23.    Plaintiff Perez received another letter from Defendant, dated October 9, 2018.

9    The letter requested that Plaintiff call Defendant immediately at 1-800-STUDENT and provide

10    further information to continue processing the loan application.  Defendant specifically requested

11    income verification, proof of identity, and a "copy of your passport and valid US Citizenship and

12    Immigration Services (USCIS) documentation."

13    24.    After receipt of this letter, Plaintiff Perez called the number provided by

14    Defendant. Defendant's representative confirmed that Plaintiff Perez's uncle was a current

15    cosigner on her loan.  The representative also asked Plaintiff Perez for her citizenship status.

16    Plaintiff Perez replied that she was undocumented and had received a SSN through the DACA

17    program.  In response, the representative told Plaintiff Perez that the representative would need

18    to speak with her supervisor.  When the representative returned to the call with Plaintiff Perez,

19    she told Plaintiff Perez that Defendant would be unable to refinance the loan.  The representative

20    also told Plaintiff Perez that Plaintiff Perez should not have been granted the loan in the first

21    place because she was not a U.S. citizen or LPR.  The Defendant's representative did not ask

22    Plaintiff Perez about a co-signer for the Private Consolidation Loan or whether she would be

23    seeking to add a co-signer for the loan going forward in the refinancing process.

24    **Plaintiff Flavio Guzman Magaña**

25    25.    Plaintiff Guzman Magaña is a recipient of DACA and has been since 2013.  Since

26    that time, he has continuously possessed a work authorization card and SSN.

27

28

Case No. 3:20-cv-06896-SI                          *Third Amended Complaint*

26.    On or around August 18, 2016, Plaintiff Guzman Magaña submitted an online application with Defendant, accessed through Defendant's website, for a Graduate Student Loan to attend the University of Southern California Sol Price School of Public Policy.  He applied for a $35,500 loan.

27.    Defendant's online application required Plaintiff Guzman Magaña to identify as either a "U.S. citizen," a "Permanent Resident," or as an "International Student."  Since he is not a U.S. citizen or permanent resident, Plaintiff Guzman Magaña marked the box for International Student.  Since he applied as an International Student, the application informed Plaintiff Guzman Magaña that he would need to apply with a co-signer who was either a U.S. citizen or LPR.  Additionally, the application indicated that Plaintiff Guzman Magaña may need to submit his own passport, an I-797 form from USCIS, his Employment Authorization card, and his DACA card.

28.    Plaintiff Guzman Magaña listed his wife, a U.S. citizen, as co-signer to the loan. He uploaded the requested documents on August 18 and August 22, 2016.  His loan application was approved, and Defendant disbursed Plaintiff Guzman Magaña's funds shortly thereafter.

29.    Defendant's website indicates that only student loan applicants classified as "international students" are required to apply with a U.S. citizen or permanent-resident co-signer.

30.    To this date, Plaintiff Guzman Magaña has been making timely payments on his graduate student loan and continues to be required by Defendant to have a U.S. citizen or permanent-resident co-signer for his loan.

**Plaintiff Josue Jimenez-Magaña**

31.    Plaintiff Jimenez was brought to the United States as an infant in or around 1994, and has lived in the Modesto, California area ever since.  In the roughly 27 years since being brought to California, Plaintiff Jimenez has never left the United States.  He obtained DACA in or around 2013, at which time he also obtained an EAD and an SSN.

32.    Plaintiff Jimenez studied nursing at Modesto Junior College and currently works as a cardiac nurse.  He is also contemporaneously studying for his master's degree in nursing

online from Regis College.  As a cardiac nurse, Plaintiff Jimenez is responsible for sensitive patient care responsibilities for vulnerable patients, including those who have suffered heart attacks and strokes.

33.    Earlier during the pandemic, Plaintiff Jimenez dramatically shifted roles to care for patients who were very ill from COVID-19, and was one of the estimated hundreds of thousands of DACA recipients fighting the disease on the front lines.

34.    Plaintiff Jimenez has an excellent credit score, maintains a sizable annual income from his work as a nurse, and he owns his own home.  In 2021, Plaintiff Jimenez sought to further his financial goals by investing in his own small business franchise providing home healthcare services to needy individuals in the Central Valley and potentially elsewhere.

35.    Accordingly, in March 2021 Plaintiff Jimenez called Defendant's customer service line with the intention to secure one or more financial products, including a home equity line of credit ("HELOC") to help fund his small business venture.  According to Defendant,[1] a HELOC "lets you borrow a fixed amount, secured by the equity in your home, and receive your money in one lump sum.  Typically, home equity loans have a fixed interest rate, fixed term and fixed monthly payment.  Interest on a home equity loan may be tax deductible under certain circumstances."[2]

36.    During his phone call with Defendant, Plaintiff Jimenez shared details about his finances and the loan officer told Plaintiff Jimenez that he would be approved for a HELOC in an amount over $70,000.  The loan officer proceeded to ask Plaintiff Jimenez about his citizenship status and upon learning of Plaintiff Jimenez's status as a DACA recipient told him that Defendant does not loan or extend credit to non-LPRs.

37.    Defendant's online application platform confirms that Discover only offers HELOCs to citizens and LPRs.  The section of Defendant's online application requesting immigration status lists three options: US Citizen, Permanent Resident, or "Neither."  Upon

1    selecting "Neither," Defendant's website automatically generates a message stating,

2    "Unfortunately we only offer loans to U.S. Citizens and Permanent Residents at this time."

3        38.    Plaintiff Jimenez was therefore denied the opportunity to secure a HELOC or

4    other loan product from Defendant on the basis of his status as a DACA recipient.

5    **Plaintiff Emiliano Galicia Félix**

6        39.    Plaintiff Galicia has lived in the United States since he was an 11-year-old child,

7    having been brought to the United States in 1994.  Mr. Galicia grew up in Southern California,

8    and he currently resides in Moorpark, California.

9        40.    Plaintiff Galicia graduated from California State University, Northridge with a

10    Bachelor's Degree in Computer Engineering in 2005.  Plaintiff Galicia earned a Master's of

11    Science in Engineering Management in 2006.

12        41.    From approximately 2007 to 2013, Plaintiff Galicia built a successful consulting

13    company and also acquired his own real estate properties.

14        42.    Plaintiff Galicia has had DACA, federal work authorization, and a valid SSN

15    since approximately 2012.  After he received DACA, Plaintiff Galicia secured full-time

16    employment as a computer engineer, and he has also continued his real estate business.

17        43.    In or around November 2021, Plaintiff Galicia applied for a personal loan from

18    Defendant.  On November 17, 2021, Defendant sent Plaintiff Galicia a denial notice "because"

19    he was a "Temporary Resident."

20        44.    Plaintiff Galicia does not recall encountering an arbitration provision within his

21    application for a personal loan.  However, on December 10, 2021, Plaintiff Galicia mailed a

22    letter to Discover Bank opting out of any arbitration provision imposed by Defendant in its

23    application processes.

24        45.    Defendant denied Plaintiff Galicia the opportunity to secure a personal loan and

25    other loan products from Defendant on the basis of his status as a DACA recipient.

26    **CLASS ACTION ALLEGATIONS**

27        46.    Plaintiffs incorporate all preceding paragraphs as though fully set forth here.

28

47.    Plaintiffs bring this action on behalf of themselves and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure on behalf of a nationwide class.

48.    Plaintiffs seek to represent the following nationwide Class ("National Class"), composed of and defined as follows:

> All individuals who: (1) according to Discover's records, applied for credit from Discover's student, personal or home loan lines of business between July 22, 2018, and the date of preliminary approval and were either declined credit or received credit after meeting Discover's requirement to have a United States citizen or lawful permanent United States resident co-signer; and (2) were recipients of valid and unexpired DACA, resided in the United States and were not citizens of the United States or lawful permanent United States residents at the time of the Discover loan application.

49.    Plaintiffs additionally bring class allegations on behalf of a California Subclass defined as follows:

> All persons who resided in California and (1) applied for credit from Discover's student, personal or home loan lines of business between July 22, 2018, and the date of preliminary approval and were either declined credit or received credit after meeting Discover's requirement to have a United States citizen or lawful permanent United States resident co-signer; and (2) were recipients of valid and unexpired DACA, resided in the United States and were not citizens of the United States or lawful permanent United States residents at the time of the Discover loan application. applied for or attempted to apply for a financial product from Discover Bank

50.    Plaintiffs may amend the above class definition as permitted or required by this Court.  This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all the prerequisites for class treatment are met.

**Rule 23(a)(1) - Numerosity**

51.    The potential members of the above class and subclass as defined are so numerous that joinder is impracticable.

52.    On information and belief, Defendant's records will provide information as to the number and location of Class and Subclass members that will allow the class to be ascertained.

**Rule 23(a)(2) – Common Questions of Law and Fact**

53.    There are questions of law and fact common to the Class predominating over any questions affecting only Plaintiffs or any other individual Class Members.  These common questions of law and fact include, without limitation:

a.    For Plaintiffs and members of the National Class, whether Defendant violated 24 U.S.C. § 1981 by denying full and equal access to its services on the basis of alienage;

b.    For Plaintiffs and members of the California subclass, whether Defendant violated the California Unruh Civil Rights Act by denying full and equal access to its services on the basis of an applicant's immigration status;

c.    Whether Plaintiffs and the Class Members are entitled to declaratory, injunctive and other equitable relief; and

d.    Whether Plaintiffs and the Class Members are entitled to damages and any other relief.

**Rule 23(a)(3) - Typicality**

54.    The claims of the named Plaintiffs are typical of the claims of the Class. Plaintiffs and all Class members sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of Federal and California laws, regulations, and statutes as alleged here.

**Rule 23(a)(4) - Adequacy of Representation**

55.    Plaintiffs will fairly and adequately represent and protect the interests of the Class members.

56.    Plaintiffs' counsel is competent and experienced in litigating class actions.

**Superiority of Class Action**

57.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class members.  Each member of the proposed Class has been damaged and is entitled

1   to recovery by reason of Defendant's unlawful policies and practices of discriminating on the

2   basis of immigration status and denying full and equal access to Defendant's services.

3       58.    No other litigation concerning this controversy has been commenced by or against

4   Class members.

5       59.    Class action treatment will allow those similarly situated persons to litigate their

6   claims in the manner that is most efficient and economical for the parties and the judicial system.

7   It is unlikely that individual Class members have any interest in individually controlling separate

8   actions in this case.

9       60.    Plaintiffs are unaware of any difficulties that are likely to be encountered in the

10  management of this action that would preclude its maintenance as a class action.  The benefits of

11  maintaining this action on a class basis far outweigh any administrative burden in managing the

12  class action.  Conducting the case as a class action would be far less burdensome than

13  prosecuting numerous individual actions.

14

15  **FIRST CLAIM FOR RELIEF**
    **Alienage Discrimination**

16  **(42 U.S.C. § 1981)**

17      61.    Plaintiffs incorporate all preceding paragraphs as though fully set forth here.

18      62.    Plaintiffs bring this claim on their own behalf and on behalf of the National Class.

19      63.    Plaintiffs are persons within the jurisdiction of the United States.

20      64.    Plaintiffs are aliens.

21      65.    Plaintiffs have the right to make and enforce contracts in the United States and are

22  entitled to the full and equal benefits of the law.

23      66.    Defendant conducts business in the United States and, as such, is obligated to

24  comply with the provisions of 42 U.S.C. § 1981.

25      67.    Defendant intentionally discriminated against Plaintiffs and members of the Class

26  on the basis of alienage by denying them the opportunity to contract for a loan free of additional

27  conditions.

28

-11-

Case No. 3:20-cv-06896-SI                                    Third Amended Complaint

68.     Defendant intentionally discriminated against Plaintiffs and members of the Class by interfering with their right to make and enforce contracts for financial products on the basis of alienage.

69.     Plaintiffs request that the Court issue a permanent injunction ordering Defendant to alter its lending policies and practices to prevent further violations on the basis of alienage. Plaintiffs and the Class they seek to represent are now suffering, and will continue to suffer, irreparable injury from Discover Bank's discriminatory acts and omissions.

**SECOND CLAIM FOR RELIEF**
**Violation of Unruh Civil Rights Act**
**(California Civil Code §§ 51, *et seq.*)**

70.     Plaintiffs incorporate all preceding paragraphs as though fully set forth here.

71.     Plaintiffs bring this claim on their own behalf and on behalf of the California Subclass.

72.     Plaintiffs are persons within the jurisdiction of the State of California and resided in California at the time of Defendant's discriminatory acts.

73.     Defendant conducts business within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, California Civil Code section 51, *et seq.*

74.     Plaintiffs are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever no matter their immigration status and no business establishment of any kind whatsoever may refuse to contract with Plaintiffs because of or due in part their immigration status.

75.     Defendant violated the Unruh Act by denying Plaintiffs and members of the California Subclass the opportunity to contract for a loan free of discriminatory conditions on the basis of their immigration status.

76.     Pursuant to Section 52(a) of the Unruh Civil Rights Act, Plaintiffs and members of the California Subclass are entitled to actual damages suffered, statutory damages of up to

1  three times the amount of actual damages suffered per violation, but no less than $4,000, and

2  attorneys' fees.

3      77.    Pursuant to Section 52(c), Plaintiffs request that this Court issue a permanent

4  injunction ordering Defendant to alter its lending policies and practices to prevent future

5  discrimination on the basis of an applicant's immigration status to prevent further violations of

6  the Unruh Act.

7                                  **RELIEF**

8      WHEREFORE, PLAINTIFFS request the following relief:

9          i.   That this Court certify the proposed class;

10         ii.   That this Court certify Plaintiffs as class representatives on behalf of their

11               respective class and subclass;

12        iii.   That this Court issue a declaratory judgment that Defendant's policies have been

13               discriminatory and violate 42 U.S.C. § 1981 and the California Unruh Civil

14               Rights Act;

15        iv.   A preliminary and permanent injunction against Defendants and its officers,

16               agents, successors, employees, representatives, and any and all persons acting in

17               concert with them, from engaging in each of the unlawful policies and practices

18               set forth herein;

19         v.   That this court award statutory and compensatory damages to Plaintiffs and the

20               Class members in an amount to be determined at trial;

21        vi.   That this court award to Plaintiffs and Class members reasonable attorneys' fees

22               and costs to the extent allowable by law;

23       vii.   For such other and further relief as the Court deems just and proper.

24                          **DEMAND FOR JURY TRIAL**

25     Plaintiffs hereby demand trial of these claims by jury to the extent authorized by law.

26

27

28

Case No. 3:20-cv-06896-SI                                    *Third Amended Complaint*

Dated:  January 17, 2024

Respectfully submitted,

*/s Ossai Miazad*

Ossai Miazad
**OUTTEN & GOLDEN LLP**

Thomas A. Saenz
Ernest Herrera
**MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND**

*Attorneys for Plaintiffs Attorneys for Plaintiffs
Iliana Perez, Josue Jimenez Magaña, and
Emiliano Galicia Felix and The Proposed Class*