**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ILIANA PEREZ, JOSUE JIMENEZ MAGAÑA, and EMILIANO GALICIA FELIX, individuals, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>DISCOVER BANK, a Delaware corporation,<br><br>          Defendant. | Case No.  3:20-cv-06896-SI<br><br>[Assigned to Hon. Susan Illston]<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

# [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This matter came before the Court for hearing on the motion of plaintiffs Iliana Perez, Josue Jimenez Magaña and Emiliano Galicia Felix (together, "Plaintiffs" or the "Class Representatives") for final approval of the Settlement set forth in the Settlement Agreement and Release dated January 12, 2024 (the "Settlement Agreement"), between Plaintiffs and defendant Discover Bank ("Discover").

Upon review and consideration of the Settlement Agreement, the papers filed with the Court and the presentations made to the Court at the Final Approval Hearing,

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. **Definitions.** This Order and Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used but not defined herein shall have the same meaning as in the Settlement Agreement.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members, and venue in this Court is proper.

3. **No Merits Determination.** The purpose of this settlement is to achieve an enforceable judgment on claims asserted by plaintiffs. By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, for settlement purposes only, the following Settlement Class:

All individuals who: (1) according to Discover's records, applied for credit from Discover's student, personal or home loan lines of business between July 22, 2018, and the date of preliminary approval and were either declined credit or received credit after meeting Discover's requirement to have a United States citizen or lawful permanent United States resident co-signer; and (2) were recipients of valid and unexpired DACA, resided in the United States and were not citizens of the United States or lawful permanent United States residents at the time of the Discover loan application.

Excluded from the Settlement Class are Discover, all officers, directors and employees of Discover, and their legal representatives, heirs or assigns, and any Judges to whom the Action is assigned, their staffs and their immediate families.

The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate in that, in the settlement context: (1) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (2) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class; (4) the Class Representatives will fairly and adequately represent and protect the interests of the Settlement Class Members because their interests are co-extensive with those of the Settlement Class Members, and they have retained experienced counsel to represent them and the Settlement Class Members; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **Designation of Class Representatives and Class Counsel.** The Court confirms the prior appointments of the Class Representatives as representatives for the Settlement Class and Class Counsel as counsel for the Settlement Class in this Action.

6. **Settlement Approval.** Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable and adequate. The Court further finds that the Settlement is the result of good-faith, arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are directed to perform its terms.

7. **Dismissal with Prejudice.** The Court hereby dismisses this Action with prejudice as to Plaintiffs and all Settlement Class Members except those who have timely and properly excluded themselves from the Settlement Class. Exhibit A, attached hereto, sets forth the names of those individuals who have timely and properly excluded themselves from the Settlement Class.

8. **Releases.** The Releases set forth in Section 10 of the Settlement Agreement, together with the definitions in Sections 1.1-1.40 relating thereto, are expressly incorporated herein

in all respects and made effective as of the date of this Order and Judgment. Without limiting the foregoing, on the Effective Date, the Releasors, including but not limited to the Class Representatives, on their own behalf and on behalf of each Settlement Class Member, shall be deemed to have fully, finally, conclusively, irrevocably and forever released, settled, compromised, relinquished and discharged any and all of the Releasees of and from any and all Released Claims (including both known and unknown claims).

9. **Permanent Injunction.** The Releasors, including the Class Representatives and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in or participating in (as class members or otherwise) any action in any jurisdiction with respect to the Released Claims. The Class Representatives and all Settlement Class Members are further barred and enjoined from organizing or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Members but who have requested to be excluded from the Settlement Class, in pursuing any of the Released Claims (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims).

10. **Approval of Class Notice.** The Court finds that the form and means of disseminating notice to the Settlement Class as provided for in the Order Preliminarily Approving Settlement constituted the best notice practicable under the circumstances and was directed to Settlement Class Members in accordance with the Court's Order Preliminarily Approving Settlement. The notice provided due and adequate notice of these proceedings to all Settlement Class Members entitled to such notice and satisfied the requirements of Federal Rule of Civil Procedure 23 and of constitutional due process.

11. **Attorneys' Fees and Expenses.** Plaintiffs and Class Counsel have moved for an award of attorneys' fees, costs and expenses under Cal. Civ. Code § 52(a) and 42 U.S.C. § 1988(b) in the amount of $1,942,599.53. Discover does not challenge Plaintiffs' and Class Counsel's entitlement to fees, costs and expenses as a result of the Settlement. Discover has challenged this

application with respect to the amount of attorneys' fees, costs and expenses sought. The Court has considered this application separately from the Motion for Final Approval of the Settlement. The Court finds that an award of $1,556,019.48 in attorneys' fees, costs and expenses is fair and reasonable, and the Court approves of Class Counsel's attorneys' fees, costs and expenses in this amount. The Court's reasoning for this amount is detailed in a separate order.

12. **Class Representative Service Awards.** The Court further finds that service awards for Plaintiffs Iliana Perez, Josue Jimenez Magaña and Emiliano Galicia Felix in the amount of $8,000 each is fair and reasonable, and the Court approves of the service awards in this amount. The Court directs the Settlement Administrator to disburse the service awards to Plaintiffs Iliana Perez, Josue Jimenez Magaña and Emiliano Galicia Felix as provided in the Settlement Agreement.

13. **Use of Order.** This Order, the fact that a settlement was reached and the Settlement Agreement and any of its provisions, related negotiations, statements or proceedings shall not be construed as, offered as, admitted as, received as, used as or deemed to be an admission or concession of any liability or wrongdoing whatsoever or a breach of any duty on the part of Discover. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached or the Settlement Agreement or any of its provisions, related negotiations, statements or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action or in any judicial, administrative, regulatory, arbitration or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

14. **Continuing Jurisdiction.** Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing jurisdiction over: (1) the implementation, administration, enforcement and interpretation of the Settlement Agreement and this Order and Judgment; and (2) all parties to this Action and the Settlement Class Members for the purpose of enforcing and administering the Settlement and this Order and Judgment.

15. **Termination of Settlement.** If the Settlement Agreement fails to become effective or is terminated or deemed null and void as provided in Section 13 of the Settlement Agreement,

then certification of the Settlement Class shall be automatically vacated, each party shall be restored to his, her or its respective position in this Action as of the date of execution of the Settlement Agreement and this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated *nunc pro tunc* (except Paragraph 13 shall remain in effect).

16. **Claim Review and Deficiency Process.** The Settlement Administrator shall validate each Claim Form as directed in Section 5 of the Settlement Agreement. Full compliance with the requirements of the terms of the Settlement Agreement and the Claim Form shall be necessary for the submission of a Verified Claim. The Settlement Administrator shall have the authority to determine whether the submission of a Claim Form and Official Documentation, if requested, is complete and timely. The Settlement Administrator's determinations in this regard shall be final and nonappealable. Any Settlement Class Member whose claim is rejected shall be barred from receiving payment under the Settlement for that Claim but shall in all other respects be bound by the terms of the Agreement and by this Order and Judgment.

17. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

18. **Class Action Fairness Act Notice.** Discover has provided notification through the Settlement Administrator to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

19. **Class Notice List.** No later than thirty (30) days after the Effective Date, the Settlement Administrator shall file with this Court, under seal pursuant to the Protective Order entered in this litigation, a list of the names and addresses of all Members of the Class to whom the Class Notice was sent.

20. **Implementation of the Settlement Agreement.** The Parties are hereby authorized and directed to implement the terms of the Settlement Agreement.

21. **Entry of Final Judgment.** The Court finds that there is no just reason for delay and directs immediate entry of this Order and Judgment by the Clerk of the Court.

**IT IS SO ORDERED.**

Dated: September 23, 2024

_____
Hon. Susan Illston
United States District Judge